## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| LISA BENSON COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 17-0041-CV-W-BP |
| ) | |
| KSHB-TV 41, *et al.*, ) | |
| ) | |
| Defendants ) | |

### ORDER GRANTING PARTIES' JOINT MOTION FOR PROTECTIVE ORDER

Upon the agreement of the parties and for good cause shown, the parties' Joint Motion for Protective Order, (Doc. 39), is **GRANTED**, and the Court **ORDERS** the following:

**1. Purpose Of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case will likely seek private information from both parties and nonparties, including, but not limited to, Defendants' proprietary information, including, but not limited to, internal policies and procedures, training methods and processes, financial data, and marketing data; Plaintiff's personnel and financial information; Defendants' employees' and former employees' employment information and personnel information; and Plaintiff's private documents regarding income and employment. Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), as the privacy interests in such information substantially outweigh the public's right of access to judicial records.

2. **Confidential Information.** Plaintiff and Defendants have agreed that certain documents and information, if produced or disclosed during this litigation, should be used only for purposes of this lawsuit and should be treated as confidential. As used in this Order, the term "Confidential Information" shall be applicable to Plaintiff's, Defendants', and non-parties' financial, educational, employment, and/or tax records, documents concerning income, net worth, income tax returns, compensation data, and employee personnel information, including personnel records of persons other than Plaintiff. Additionally, Confidential information shall include, but is not limited to, Defendants' proprietary information including, but not limited to, internal policies and procedures, training methods and processes, and financial data. All of the foregoing information, as well as any documents, designated portions of deposition testimony, and responses to interrogatories, requests for admissions, or requests for production of documents concerning the above-described Confidential Information may be designated as "Confidential."

3. **Designating Documents And Information As Confidential.** Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order by stamping or labeling the documents or responses with the words "Confidential—Subject to Protective Order." Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential" or "Subject to Protective Order." The inadvertent failure to designate material as "Confidential" or "Subject to Protective Order" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.

**4. Designating Deposition Testimony As Confidential.** Any party to and deponent in this action may designate deposition testimony relating to the subjects enumerated in Paragraph 2 above as "Confidential Information" by advising counsel of record by letter within 14 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. All deposition testimony shall be deemed confidential for a period of 14 days after counsel's receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present at the deposition that the information is confidential and subject to this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be no need to re-designate documents or exhibits which have been previously designated as confidential.

**5. Limited Disclosure Of Confidential Information.** Any documents, designated portions of deposition testimony, or responses to interrogatories, requests for admissions, or requests for production of documents that are marked as "Confidential—Subject to Protective Order" are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

    a. Parties and counsel for the parties in this action who are actively engaged in the conduct of this litigation; and the partners, associates, secretaries,

3

    legal assistants, and employees or agents of such counsel, to the extent reasonably necessary to render professional services to the litigation;

  b. Persons who are expressly retained by counsel to assist in the preparation of this litigation for trial, such as independent accountants, statisticians, economists, or other experts, and the staff working under the direct supervision of such person retained to assist in the preparation of this litigation for trial;

  c. Persons with prior knowledge of the documents or the Confidential Information contained therein;

  d. Witnesses deponents, and hearing witnesses, where counsel for a party to this action in good faith determines the individual must have access to such information in order for counsel to effectively prosecute or defend this action;

  e. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court.

  f. Any independent document reproduction services or document recording and retrieval services; and

  g. Such other persons who may be specifically designated and qualified to receive Confidential Information by agreement of the parties.

**6.**  **Certification To Abide By Protective Order.** Prior to any disclosure of Confidential Information to any individual as identified in Paragraph 5(b) above, counsel shall inform the individual that the Confidential Information is being disclosed pursuant to this

4

Protective Order and the individual must agree that the Confidential Information is subject to a Protective Order and is not to be used or shared outside of this litigation.

7. **Disputes Concerning Designation(s) Of Confidential Information.** If any party to this Action disputes the designation of any information, document or testimony as "Confidential," that party shall attempt to resolve by agreement the question of whether or on what terms the document is entitled to confidential treatment. If counsel are unable to agree as to whether the information is properly designated, counsel for either party may seek a ruling from the court in the manner specified in Local Rule 37.1. The burden rests upon the person asserting protected status to demonstrate that the designation is proper. Until a resolution of the dispute is achieved either through consent or order of the court, all persons shall treat the designated information as confidential.

8. **Use Of Confidential Information.** Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No Confidential Information produced in discovery in this case shall be used for any purpose other than in connection with this case and any appeals arising therefrom. Other than as provided for herein, no Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose. The parties and their counsel shall exercise reasonable care not to disclose information contained in these Confidential documents by placing them in the public records in this case. If a party wishes to use any Confidential Information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal consistent with the rules of this Court. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case.

The parties do not waive any right to object at trial to the admissibility of any document or during discovery to the discoverability of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

9. **Maintaining Confidentiality.** The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The recipient shall take care than any such information or the substance of content of such information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

10. **Subject To Court's Jurisdiction.** Each person to whom disclosures of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11. **Confidential Information At Trial.** Subject to the Federal Rules of Evidence and Rules or Orders of this Court, Confidential Information may be offered in evidence at trial or any court hearing, provided that the party offering the Confidential Information has properly listed it on that party's Exhibit List. Any party may move the Court for an order that the Confidential Information be received *in camera* or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection may be afforded such information at the trial.

**12.     Return Of Confidential Information.**  Upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise, and upon written request issued within 60 days of such final determination:

- a.    Counsel of record for each party receiving Confidential Information shall return to the designating party all documents containing Confidential Information, except that all materials constituting work product of such counsel need not be destroyed, but it is still to be subject to the terms of the protective order of this case;

- b.    All persons who received any Confidential Information, shall return to the producing party all copies of Confidential Information in their possession, and counsel for the producing party shall dispose of the documents and things in accordance with paragraph 12(a);

- c.    Counsel of record for each party shall confirm in writing that their best efforts have been made to ensure all Confidential Information has been returned to the producing party or destroyed in accordance with the terms of paragraphs 12(a) and 12(b) above.

**13.     No Admission.**  Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, admissibility, or discoverability of any document, material, transcript, or other information.

**14.     Privileged Materials.**

- a.    **Inadvertent Disclosure.** The parties agree that they will cooperate with each other regarding materials that may be attorney-client privileged or work product. To the extent any protected materials inadvertently are

7

produced by one party to another, the inadvertent disclosure alone will not be deemed a waiver of otherwise applicable privilege(s). Upon receipt of written request for return of inadvertently produced privileged materials, the receiving party or parties shall within five business days either (1) return all copies of the materials or, if the claimed privilege is contested, (2) so advise the producing party and segregate the materials pending resolution of the dispute. If a dispute arises regarding the privileged nature of any materials, the matter shall be presented promptly and cooperatively to the Court for consideration. Once inadvertent disclosure of materials is asserted, no further use of the materials shall be made unless and until the Court issues an Order that the materials are not protected by privilege or may otherwise be used in the case. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

b. **Logging.** If any document called for production in discovery or otherwise in this case is withheld by a party pursuant to a claim of any privilege, the withholding party shall furnish a log that contains sufficient information to support the assertion of privilege as provided for by the Court and/or case law.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: October 30, 2017   UNITED STATES DISTRICT COURT