IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LISA BENSON COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 17-00041-CV-W-BP |
| ) | |
| KSHB-TV 41, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff, Lisa Benson, by and through counsel, respectfully moves the Court for an Order *In Limine,* prohibiting the defendant, any of the defendant's employees, agents, attorneys and witnesses from introducing ─directly or indirectly─ through voir dire, opening statement, evidence, testimony, documents, mention or argument at trial, the following:

**1.    No Evidence Concerning The Filing or Non-Filing of Tax Returns**

The Court may recall discussing during discovery that plaintiff's husband Carl Cooper had not filed the couple's tax returns for a number of years. Whether Ms. Benson Cooper and her husband did or did not file tax returns is wholly irrelevant and immaterial, and should not be touched upon at any point in this case.

Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence;" and "the fact is of consequence in determining the action." Other than a hope that evidence of non-filing of tax returns could taint plaintiff Lisa Benson, that fact is of no consequence in determining whether race discrimination was a contributing factor in Lisa Benson's employment situation. On the chance that someone might argue that it has some far-fetched relevance, it is excludable under Rule 403, because any probative value is "substantially outweighed"

1

by danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

### 2. No Evidence Regarding Carl Cooper's Real Estate Business

Much of Carl Cooper's deposition consisted of defense counsel spending inordinate time inquiring about Carl Cooper's real estate business ventures. Plaintiff has no idea how that subject has any relevance under Rule 401. Nor can it have sufficient probative value to overcome the rigors of Rule 403. Plaintiff Lisa Benson Cooper is the plaintiff. Her treatment at KSHB is the main focus of the trial. Whether or not her husband is a good business man does not prove <u>any</u> fact of consequence to the jury's determination of whether race discrimination contributed to Lisa Benson's employment situation. It is excludable under Rules 401 and 403.

### 3. No Evidence Regarding Irrelevant Medical Records and Medical Conditions

The Court may recall a discovery issue regarding plaintiff Lisa Benson Cooper's OB-GYN (and maybe some other) medical records. The Court ultimately determined that the plaintiff had no obligation to tender any further medical records beyond those that had already been produced, and had been offered to be supplemented in the course of the discovery dispute. Plaintiff wants to make sure that no stray and irrelevant records and medical conditions make their way into this case. They would be irrelevant and inadmissible under Rule 401 and 403.

### 4. No Evidence Regarding the Partial Motion for Summary Judgment Ruling

The Court dismissed the hostile environment claim. The defendant should not attempt to inject into this case this ruling of law by the Court. It does not make a fact of consequence more or less probable than it would be without this evidence. Moreover, any attempt to touch on a legal ruling could lead to unfair prejudice and misleading the jury.

### 5. No Evidence That Plaintiff Lisa Benson Has Pursued Part-Time Employment

During plaintiff's deposition, defense counsel seemed to be digging for a negative inference, because Lisa Benson had sought part-time employment. Whether Ms. Benson pursues part-time employment is irrelevant under Rules 401 and 403. It is not a violation of any KSHB policy, nor has Lisa Benson ever been questioned about, written up or disciplined for any modest part-time employment she may have pursued. Anything she has tried to do to supplement her family's income is totally separate and apart from showing up for her full-time job at KSHB. It is a non-issue distraction. Because of the danger of confusion of issues and lack of relevance to any fact of consequence in this case, defendant should be precluded from commenting, questioning or arguing on this subject matter.

### 6. No Evidence About Separation; Divorce Filings

For some reason, defense counsel spent inordinate time during Carl Cooper's deposition, grilling him about whether plaintiff filed for divorce...whether they were separated, etc. Plaintiff's domestic bliss or typical ups-and-downs is not a "fact of consequence" under Rule 401. Under Rule 403, cross-examining on this irrelevant subject crosses Rule 403's prohibitions by risking unfair prejudice and confusing and misleading the jury away from the true issues it must decide.

### **CONCLUSION**

Counsel requests that the Court enter an Order *In Limine* preventing defendant from addressing the foregoing topics at any point during trial. Additional areas might have been anticipated as of this filing. Plaintiff respectfully requests the right to discuss during the upcoming Pretrial Conference any other areas that should be ruled *In Limine* before trial.

Respectfully submitted,

THE POPHAM LAW FIRM

By: /s/ Dennis E. Egan
DENNIS E. EGAN - MO #27449
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone:  (816) 221-2288
Telecopier:  (816) 221-3999
degan@pophamlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing was served this 10th day of April, 2018 by sending via email to the following counsel:

DENTONS US LLP
Mark P. Johnson, MBN 30740
Kate E. Hart, MBN 61601
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Ph. :  (816) 460-2400
Fax :  (816) 531-7545
Email: mark.johnson@dentons.com
         kate.hart@dentons.com

BAKER & HOSTETLER LLP
M. Scott McIntyre (*pro hac vice*)
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Ph.:  (513) 929-3400
Fax:  (513) 929-0303
Email : smcintyre@bakerlaw.com

Rachel M. Smith (*pro hac vice*)
811 Main Street, Suite 1100
Houston, TX 77002
Ph.:  (713) 646-1386
Fax:  (713) 751-1717
Email: rsmith@bakerlaw.com

**ATTORNEYS FOR DEFENDANTS
KSHB-TV AND SCRIPPS MEDIA, INC.**

/s/ Dennis E. Egan
Attorney for Plaintiff