IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LISA BENSON COOPER, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 17-00041-CV-W-BP |
| KSHB-TV 41, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S TRIAL BRIEF ON NON-RETROACTIVITY OF SB43 AMENDMENTS**

## 1.  New MHRA Amendments Embodied In SB43 Do Not Apply Here

The MHRA was amended effective 8/28/17. The modification of the causation standard, and new limits on damages cannot be retroactively applied.

Overwhelming Missouri Constitutional, statutory and case law authority establish that Ms. Benson's case must be tried entirely under the pre-SB43 version of the MHRA. Although no Missouri appellate courts have ruled yet, as of now most all Missouri state and federal judges who have confronted this issue agree with Benson. (Other Orders Attached).

**The Missouri Constitution, Article I § 13, and Sections 1.170 And 1.180 RSMo., Prohibit The Retroactive Application of the Amendments to the MHRA Enacted in SB 43**

Lisa Benson's lawsuit **commenced December 14, 2016**. Every discriminatory and retaliatory MHRA violation at issue herein ─ as well as the filing of Plaintiff's lawsuit ─ **all occurred long before the effective date of SB 43: August 28, 2017**.[1] Plaintiff's substantive rights "accrued" long <u>before</u> 8/28/17, and <u>cannot</u> be retroactively altered or changed without violating the Missouri Constitution, Article I § 13; and Mo. Rev. Stat. §§ 1.170 and 1.180.

---

[1] Because the General Assembly was silent on SB43's intended effective date, by default, the **effective date of SB 43 was August 28, 2017,** based upon the operation of Mo. Rev. Stat. § 1.130: "A law passed by the general assembly takes effect ninety days after the adjournment of the session at which it is enacted…"

1

Article I §13 of the Missouri Constitution is entitled "**Ex post facto laws ─ impairment of contracts ─ irrevocable privileges,**" and provides: "That no ex post facto law nor law impairing the obligation of contracts, or retrospective in operation,…can be enacted." A law is "retrospective in operation" if it takes away or impairs vested or substantial rights acquired under existing laws, or imposes new obligations, duties, or disabilities with respect to past transactions. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W. 3d 758, 769 (Mo. banc 2007).

2. **Statutory Changes In Actual and Punitive Damages Under the MHRA Cannot Apply Here**

*Klotz v. St. Anthony's Med. Ctr*., 311 S.W.3d 752 (Mo. 2010) holds: A statutory change to the damage cap could not be applied to a cause of action that "accrued" before the law's effective date. A cause of action "accrues" when wrongful conduct occurs and damages are sustained and ascertainable. *Powel v. Chaminade Colleges Preparatory, Inc*., 197 S.W. 3d 576 (Mo. banc 2006); *Elmore v. Owens-Illinois, Inc*., 673 S.W.2d 434 (Mo. 1984). Here, then, SB 43 cannot impair Lisa Benson's cause of action for wrongful conduct that occurred ─ and "accrued" ─ long before 8/28/17. *Klotz*, supra; *Gervich v. Condaire*, 370 S.W. 3d 617622-23 (Mo. 2012).

Missouri statutes also prohibit the retroactive application of statutory changes to civil cases that have already accrued. Mo. Rev. Stat. § 1.170 provides:

> Repeal of law not to affect rights acquired thereunder**. — The repeal of any statutory provision does not affect any act done or right accrued or established in any proceeding, suit or prosecution had or commenced in any civil case previous to the time when the repeal takes effect**; but every such act, right and proceeding remains as valid and effectual as if the provisions so repealed had remained in force. (Bold added)

Mo. Rev. Stat. § 1.180 similarly addresses the effect of the statutory repeals on pending actions:

2

> **Actions pending, how affected by repeal of law**. — No action or plea pending at the time any statutory provisions are repealed shall be affected by the repeal; **but the same shall proceed, in all respects, as if the statutory provisions had not been repealed, except that all proceedings had after the repeal becomes effective are governed by procedural rules and laws then in effect, insofar as they are applicable.** (Bold added)

The general rule of statutory construction is to apply statutes prospectively **unless there is clear legislative intent to do otherwise**. _Department of Social Services v. Villa Capri Homes, Inc_., 684 S.W.2d 327, 332 (Mo. 1985). The legislature did <u>not</u> clearly express any intent to apply SB43 amendments retroactively. Not only is SB 43 silent on retroactivity, the law's sponsor (Senator Gary Romine) publically testified that SB 43 had <u>no</u> retroactivity clause, and thus would <u>not</u> affect several MHRA lawsuits pending against <u>his</u> <u>own</u> <u>business</u>. Senator Romine stated on his official Missouri Senate web page:

> **"SB 43 isn't a means to get around any ongoing litigation involving my business. It is in no way retroactive and therefore doesn't apply to any case opened before the law takes effect**."[2] (Bold added)

We rarely have seen direct evidence of legislative intent so plainly and publically stated. But here we have it. Lisa Benson's lawsuit "opened" long before SB43

### 3. Changed MHRA Substantive Elements On Causation/Motive Cannot Be Retroactive

_Daugherty v. City of Maryland Heights_, 231 S.W. 3d 814 (Mo. banc 2007), held that proving discrimination is a "contributing factor" is the proper causation element, for MHRA cases, as reflected in the M.A.I. instructions. See M.A.I. 38.01(A) See also, _Hill v. Ford Motor Co_., 277 S.W. 3d 659 (Mo. 2009) (Same).

No doubt, **for future cases that accrue after 8/28/17**, SB43 will **change** a substantive

---

[2] http://www.senate.mo.gov/sen-gary-romines-capitol-update-legislation-to-restore-fairness-balance-to-missourisemployment-discrimination-laws-nearing-finish-line, Last visited September 12, 2017.

element of those claims: Causation.  But not here.  *Lawson v. Ford Motor Co*., 217 S.W. 3d 345, 345-50 (Mo. App. E.D. 2007) is on point.  There, the plaintiff sustained a work injury in 2002. In 2005, "the definition of a compensable injury...was changed to use the language '**prevailing factor' in relation to causation**." *Lawson*, 217 S.W. 3d at 349. (Bold added)  Lawson's claim was not adjudicated until after the new law took effect.  Id. at 348-349.  Exactly our situation here. Prior causation language had been "substantial factor in the cause of the disability." Id.

*Ford* argued (like KSHB has here), that the law changed a mere procedural "burden of proof" standard. Id. at 350.  The Eastern District disagreed: "Substantive law relates to the rights and duties giving rise to the cause of action." The amendment was held to be a substantive "**change in the standard of causation**."  (Bold added) Id. at 350. Same here.  The court held (at 350):

> "**Ford's argument is without merit. The change in the standard of causation to qualify as a compensable injury pursuant to the statute did not merely affect the procedure or mechanism through which a suit is pursued. The definition of compensable injury is the very core of a claimant's right to compensation....the amended language...resulted in a substantive change in the law which affected claimant's right to compensation. Therefore, the law could not be applied retroactively....**"(Bold added)

Ms. Benson's case could not be more on point.  The Legislature has changed the **causation element** of what constitutes illegal discriminatory motive from "contributing factor" to "motivating factor."  This is perfectly analogous to the change in *Lawson*, from "substantial factor" to "prevailing factor."  Thus, the pre-amendment "contributing factor" element of proof as contained in M.A.I. 38.01(A) must be given here.

## **CONCLUSION**

Bottom Line: This Court should not retrospectively apply during this trial any MHRA amendments embodied in SB43.

4

Respectfully submitted,

THE POPHAM LAW FIRM

By: /s/ Dennis E. Egan
DENNIS E. EGAN - MO #27449
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone:  (816) 221-2288
Telecopier:  (816) 221-3999
degan@pophamlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing was served this 12th day of April, 2018 by sending via email to the following counsel:

DENTONS US LLP
Mark P. Johnson, MBN 30740
Kate E. Hart, MBN 61601
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Ph. :  (816) 460-2400
Fax :  (816) 531-7545
Email: mark.johnson@dentons.com
kate.hart@dentons.com

BAKER & HOSTETLER LLP
M. Scott McIntyre (*pro hac vice*)
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Ph.:  (513) 929-3400
Fax:  (513) 929-0303
Email : smcintyre@bakerlaw.com

Rachel M. Smith (*pro hac vice*)
811 Main Street, Suite 1100
Houston, TX 77002
Ph.:  (713) 646-1386
Fax:  (713) 751-1717
Email: rsmith@bakerlaw.com

**ATTORNEYS FOR DEFENDANTS
KSHB-TV AND SCRIPPS MEDIA, INC.**

/s/ Dennis E. Egan
Attorney for Plaintiff