## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

LISA BENSON COOPER,        )
                                 )
       Plaintiff,          )
v.                             )     No. 17-00041-CV-W-BP
                                 )
KSHB-TV 41, *et al.*,        )
                                 )
       Defendants.      )

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff respectfully submits the following "proposed" jury instructions, and will confer with Defendant to determine whether any instructions can be "jointly" submitted.

Plaintiff has State and Federal claims. Recognizing that this Court can submit boilerplate Preliminary Instructions from the Eighth Circuit Manual of Model Instructions (1.00 through 1.09), Plaintiff submits herein the MAI counterparts. Plaintiff does so on the assumption these MAI versions might not be as readily accessible.

Plaintiff submits preliminary proposed verdict directors for discrimination and retaliation plus damages, burden of proof, etc., all in the MAI format; plus preliminary verdict directors for discrimination and retaliation in the Eighth Circuit format. Plaintiff has not yet submitted Verdict Forms because of possible permutations and combinations that could complicate and confuse at this time. Plaintiff will promptly add proposed Verdict Forms if the Court so directs.

Respectfully submitted,

THE POPHAM LAW FIRM

By:/s/ Dennis E. Egan
DENNIS E. EGAN - MO #27449
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone:   (816) 221-2288
Telecopier:   (816) 221-3999
degan@pophamlaw.com
**ATTORNEYS FOR PLAINTIFF**

## INSTRUCTION NO. _____

The trial of a lawsuit involves a considerable amount of time, effort and expense, and the parties are entitled to have their rights finally determined. The failure on your part to follow the rules and instructions I give to you may result in a miscarriage of justice, and a new trial may be required.

You have been summoned today as prospective jurors for the trial of a civil case. Civil cases begin with the selection of a qualified and impartial jury. You will be asked a series of questions to determine if you have any personal interest in or knowledge of the case that would make it difficult for you to be fair and impartial. The questions asked are not meant to pry into your personal life; they are simply a necessary part of the process of selecting a jury.

Your answers must be truthful and complete. Therefore, please listen to the questions carefully and take your time in answering. If you do not understand a question, raise your hand and it will be clarified. If later in the questioning process you remember something that you failed to mention earlier, raise your hand and let us know.

Following the questioning process, some of you will be chosen as jurors and some will not. Please understand that not being chosen does not reflect on your ability or integrity. You will now take an oath to honestly answer those questions. [The panel will be sworn].

The parties have a right to have this case decided only on the evidence presented in this court. You must not conduct your own research or investigation into any issues in this case. You must not attempt to obtain any outside information whatsoever about the case.

You must not comment, discuss, or communicate with anyone, by any means, not even among yourselves, what you hear or learn in trial until the case is concluded and, then, only

when all of you are present in the jury room for deliberation of the case under the final instructions I give to you.

During the jury selection process, I want to emphasize that you are not allowed to use any electronic communication devices or the Internet to search for, receive, send, or post any information about the parties, the lawyers, the judge, the witnesses, or any evidence or locations mentioned. Do not discuss or attempt to research what the law may be in this case. This ban applies to all electronic devices, such as smartphones, lap-tops, or iPads; all forms of electronic communication, such as email, text messages, or blogging; and Internet research tools and social media like Google, Facebook, or Twitter.

2.00(A) [2013 New] Recommended Explanatory Instruction Before Jury Selection
Submitted by Plaintiff

**INSTRUCTION NO. _____**

I will now remind you that you must not talk about any aspect of the trial among yourselves or with anyone else, including the parties, the lawyers, or court personnel. You must keep an open mind and refrain from forming or expressing any opinions on the case. Do not read, view, or listen to any newspaper, radio, or television reports about the trial. Do not do any research or investigation on your own regarding the case, the parties, the witnesses, or the lawyers. Until you are discharged as jurors, the prohibition on electronic communications and Internet use related to the case is in effect.

This ban applies to all electronic devices, such as smart-phones, lap-tops, or iPads; all forms of electronic communication, such as email, text messages, or blogging; and Internet research tools and social media like Google, Facebook, or Twitter. You are still free to use electronic communications and the Internet outside of the courtroom, but only for purposes wholly unrelated to this case.

I again remind you if any of you break these rules, it may result in a miscarriage of justice, and a new trial may be required.

(General Recess)

Justice requires that you not make up your mind about the case until all of the evidence has been seen and heard. You must not discuss this case among yourselves or with anyone else or comment on anything you hear or learn in this trial until the case is concluded and you retire to the jury room for your deliberations. Also, you must not remain in the presence of anyone who is discussing the case when the court is not in session.

I again remind you if any of you break these rules, it may result in a miscarriage of justice, and a new trial may be required.

(General Reminder – No Investigation)

You must not conduct your own research or investigation into any issues in this case.

You must not visit the scene of any of the incidence described in this case. You must not conduct

any independent research or obtain any information of any type by reference to any person,

textbooks, dictionaries, magazines, the use of the Internet, or any other means about any issues in

this case or any witnesses, parties, lawyers, medical or scientific terminology, or evidence that is

in any way involved in this trial. You are not permitted to communicate, use a cell phone, record,

photograph, video, e-mail, text message, instant message, blog, tweet, or post anything about this

trial or your thoughts or opinions about any issue in this case to any other person or to the

Internet, "facebook," "myspace," "twitter," or any other personal or public web site during the

course of this trial or at any time before the formal acceptance of your verdict by me at the end of

the case.

I again remind you if any of you break these rules, it may result in a miscarriage of

justice, and a new trial may be required.

2.00(B) [2013 New] Recommended Admonitions at Recess or Adjournment – General Comment
2.01 [2010 Revision] Explanatory Instruction for All Cases
Submitted by Plaintiff

**INSTRUCTION NO. _____**

(1)  GENERAL – JURY INSTRUCTIONS

This instruction and other instructions that I will read to you near the end of the trial are in writing. All of the written instructions will be handed to you for guidance in your deliberation when you retire to the jury room. They will direct you concerning the legal rights and duties of the parties and how the law applies to the facts that you will be called upon to decide.

(2)  OPENING STATEMENTS

The trial may begin with opening statements by the lawyers as to what they expect the evidence to be. What is said in opening statements is not to be considered as proof of a fact. However, if a lawyer admits some fact on behalf of a client, the other party is relieved of the responsibility of providing that fact.

(3)  EVIDENCE

After the opening statements, the Plaintiff will introduce evidence. The Defendants may then introduce evidence. There may be rebuttal evidence after that. The evidence may include the testimony of witnesses who may appear personally in court, the testimony of witnesses who may not appear personally but whose testimony may be read or shown to you and exhibits, such as pictures, documents and other objects.

(4)  OBJECTIONS

There may be some questions asked or evidence offered by the parties to which objections may be made. If I overrule an objection, you may consider that evidence when you deliberate on the case. If I sustain an objection, then that matter and any matter I order to be stricken is excluded as evidence and must not be considered by you in your deliberations.

(5)  RULINGS OF LAW AND BENCH CONFERENCES

While the trial is in progress, I may be called upon to determine questions of law and to decide whether certain matters may be considered by you under the law. No ruling or remark that I make at any time during the trial will be intended or should be considered by you to indicate my opinion as to the facts. There may be times when the lawyers come up to talk to me out of your hearing. This will be done in order to permit me to decide questions of law. These conversations will be out of your hearing to prevent issues of law, which I must decide, from becoming mixed with issues of fact, which you must decide. We will not be trying to keep secrets from you.

(6)  OPEN MINDS AND NO PRELIMINARY DISCUSSIONS

Justice requires that you keep an open mind about the case until the parties have had the opportunity to present their cases to you. You must not make up your mind about the case until all evidence, and the closing arguments of the parties, have been presented to you. You must not comment on or discuss with anyone, not even among yourselves, what you hear or learn in trial until the case is concluded and then only when all of you are present in the jury room for deliberation of the case under the final instructions I give to you.

(7)  OUTSIDE INFLUENCES

During the trial, you should not remain in the presence of anyone who is discussing the case when the court is not in session. Otherwise, some outside influence or comment might influence a juror to make up his or her mind prematurely and be the cause of a possible injustice. For this reason, the lawyers and their clients are not permitted to talk to you until the trial is completed.

(8)  PROHIBITION OF JUROR RESEARCH OR COMMUNICATION ABOUT THIS CASE

Your deliberations and verdict must be based only on the evidence and information presented to you in the proceedings in this courtroom. Rules of evidence and procedure have developed over many years to make sure that all parties in all cases are treated fairly and in the same way and to make sure that all jurors make a decision in this case based only on evidence allowed under those rules and which you hear or see in this courtroom. It would be unfair to the parties to have any juror influenced by information that has not been allowed into evidence in accordance with those rules of evidence and procedure, or to have a juror influenced through the opinion of someone who has not been sworn as a juror in this case and heard evidence properly presented here.

Therefore, you must not conduct your own research or investigation into any issues in this case. You must not visit the scene of any of the incidents described in this case. You must not conduct any independent research or obtain any information of any type by reference to any person, textbooks, dictionaries, magazines, the use of the Internet, or any other means about any issues in this case, or any witnesses, parties, lawyers, medical or scientific terminology, or evidence that is in any way involved in this trial. You are not permitted to communicate, use a cell phone, record, photograph, video, e-mail, blog, tweet, text, or post anything about this trial or your thoughts or opinions about any issue in this case to any other person or to the Internet, "Facebook," "Myspace," "Twitter," or any other personal or public web site during the course of this trial or at any time before the formal acceptance of your verdict by me at the end of the case.

If any of you break these rules, it may result in a miscarriage of justice and a new trial may be required.

(9) FINAL INSTRUCTIONS

After all of the evidence has been presented, you will receive my final instructions. They will guide your deliberations on the issues of fact you are to decide in arriving at your verdict.

(10) CLOSING ARGUMENTS

After you have received my final instructions, the lawyers may make closing arguments. In closing arguments, the lawyers have the opportunity to direct your attention to the significance of evidence and to suggest the conclusions that may be drawn from the evidence.

(11) DELIBERATIONS

You will then retire to the jury room for your deliberations. It will be your duty to select a foreperson, to decide the facts and to arrive at a verdict. When you enter into your deliberations, you will be considering the testimony of witnesses as well as other evidence. In considering the weight and value of the testimony of any witness, you may take into consideration the appearance, attitude and behavior of the witness, the interest of the witness in the outcome of the case, the relation of the witness to any of the parties, the inclination of the witness to speak truthfully or untruthfully and the probability or improbability of the witness' statements. You may give any evidence or the testimony of any witness such weight and value as you believe that evidence or testimony is entitled to receive.

(12) NOTETAKING

Each of you may take notes in this case, but you are not required to do so. I will give you notebooks. Any notes you take must be in those notebooks only. You may not take any notes out of the courtroom before the case is submitted to you for your deliberations. No one will read your notes while you are out of the courtroom. If you choose to take notes, do not allow your

notetaking to interfere with your ability to observe the evidence and witnesses as they are presented.

Do not discuss or share your notes with anyone until you begin your deliberations. During the deliberations, if you choose to do so, you may use your notes and discuss them with other jurors. Notes taken during trial are not evidence. You should not assume that your notes, or those of other jurors, are more accurate than your own recollection or the recollection of other jurors.

After you reach your verdict your notes will be collected and destroyed. No one will be allowed to read them.

M.A.I. 2.01 [2010 Revision]
Submitted by Plaintiff

**INSTRUCTION NO. _____**

    As you remember, the court read to you a general instruction before the presentation of any evidence in this case. The court will not repeat that instruction at this time. However, that instruction and the additional instructions, to be given to you now, constitute the law of this case and each such instruction is equally binding upon you. You should consider each instruction in light of and in harmony with the other instructions, and you should apply the instructions as a whole to the evidence. Words or phrases which are not otherwise defined for you as part of these instructions should be given their ordinary meaning. The order in which the instructions are given is no indication of their relative importance. All of the instructions are in writing and will be available to you in the jury room.

M.A.I. 2.03 [2005 Revision]
Submitted by Plaintiff

**INSTRUCTION NO. _____**

      In returning your verdicts you will form beliefs as to the facts. The court does not mean

to assume as true any fact referred to in these instructions but leaves it to you to determine what

the facts are.

M.A.I. 2.02 [1980 Revision]
Submitted by Plaintiff

**INSTRUCTION NO. _____**

      Your verdict will depend on the facts you believe after considering all the evidence. The party who relies upon any disputed fact has the burden to cause you to believe that such fact is more likely true than not true. In determining whether or not you believe any fact, you must consider only the evidence and the reasonable conclusions you draw from the evidence.

      There is a different burden of proof that applies only to punitive damages. A party seeking to recover punitive damages has the burden to cause you to believe that the evidence has clearly and convincingly established the facts necessary to recover punitive damages.

M.A.I. 3.01 (Approved Jan. 1, 2016)
Submitted by Plaintiff

**INSTRUCTION NO. _____**

     If you find in favor of Plaintiff, then you must award Plaintiff such sum as you believe

will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained and is

reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the

evidence.

M.A.I. 4.01
Submitted by Plaintiff

**INSTRUCTION NO. _____**

If you find the issues in favor of Plaintiff, and if you believe the conduct of Defendant as submitted in Instruction Numbers ___ and ___ was outrageous because of Defendant's evil motive or reckless indifference to the rights of others, then in addition to any damages to which you find Plaintiff entitled under Instruction Number ___, you may award Plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish defendant and to deter defendant and others from like conduct.

You may consider harm to others in determining whether defendant's conduct was outrageous. However, in determining the amount of any punitive damage award, you must not include damages for harm to others who are not parties to this case.

M.A.I. 10.01
Submitted by Plaintiff

**INSTRUCTION NO. _____**


There are \_\_ claims submitted to you and each of them contains a separate verdict form.

The verdict forms included in these instructions contain directions for completion and will allow

you to return the permissible verdicts in this case.

M.A.I. 2.04 [1981 Revision] (Modified)
Submitted by Plaintiff

**INSTRUCTION NO. _____**

Instructions ___ through ___ and general instructions 1 through ___ apply to the claim of Plaintiff for race discrimination and retaliation under the Missouri Human Rights Act. Use Verdict A to return your verdict on these claims.

M.A.I. 2.05 Multi-Claim Submissions – Designation of Applicable Instructions
Submitted by Plaintiff

**INSTRUCTION NO. _____**

Your verdict must be for Plaintiff on her race discrimination claim if you believe:

First, defendant either failed to promote or suspended Plaintiff, and

Second, Lisa Benson Cooper's race was a contributing factor in any one or more of the actions in the preceding paragraph.

Third, as a direct result of such conduct, Plaintiff sustained damage.

M.A.I. 38.01(A)
Submitted by Plaintiff

**INSTRUCTION NO. _____**

Your verdict must be for Plaintiff on her retaliation claim if you believe:

First, Plaintiff complained in good faith about what she believed to be differing treatment based on her race, and

Second, defendant thereafter subjected Plaintiff to differing terms and conditions of employment, and

Third, Plaintiff's complaints of discrimination were a contributing factor in Defendant's actions, and

Fourth, as a direct result of such conduct, Plaintiff sustained damage.

M.A.I. 38.01(A) Modified for Retaliation Claim
Submitted by Plaintiff

**INSTRUCTION NO. _____**

Your verdict must be for the Plaintiff on the Plaintiff's race discrimination claim if all the following elements have been proved.

First, the Defendant failed to promote or suspended the Plaintiff; and

Second, the Plaintiff's race was a determining factor in one or more of Defendant's decisions.

Your verdict must be for the defendant if any of the above elements has not been proved.

"Race was a determining factor" only if the Defendant would not have failed to promote or suspended the Plaintiff but for the Plaintiff's race; it does not require that race was the only reason for the decisions made by the Defendant. You may find race was a determining factor if it has been proved that the Defendant's stated reasons for its decisions are not the real reasons, but are a pretext to hide race discrimination.

Eighth Circuit Model Instructions 11.41 (Modified)
Submitted by Plaintiff

**INSTRUCTION NO. _____**

Your verdict must be for the Plaintiff on the Plaintiff's retaliation claim if all the following elements have been proved:

First, Plaintiff complained of what she believed in good faith to be race discrimination; and,

Second, Defendant subjected Plaintiff to differing terms and conditions of employment; and,

Third, the Plaintiff's discrimination complaint was a determining factor in the defendant's actions.

Your verdict must be for the defendant if any of the above elements has not been proved.

Plaintiff's "discrimination complaint was a determining factor" only if the defendant would not have subjected the Plaintiff to differing terms and conditions, but for the Plaintiff's complaint; it does not require that Plaintiff's complaint was the only reason for the decisions made by the Defendant. You may find Plaintiff's complaint was a determining factor if it has been proved that the Defendant's stated reasons for its decisions are not the real reasons, but are a pretext to hide retaliation.

Eighth Circuit Model Instructions 11.41 Modified for Retaliation
Submitted by Plaintiff

**INSTRUCTION NO. _____**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the Plaintiff under Instructions ____ and if it has been proved that the conduct of that Defendant as submitted in Instruction ___ was malicious or recklessly indifferent to the Plaintiff's rights, then you may, but are not required to, award the Plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and discouraging the defendant and others from engaging in similar misconduct in the future. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction ___.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.      How reprehensible the defendant's conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2.      How much harm the defendant's wrongful conduct caused the plaintiff and could cause the plaintiff in the future. You may not consider harm to others in deciding the amount of punitive damages to award.

3.      What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the defendant for

its wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

Eighth Circuit Model Instructions 11.72 (Punitive Damages)
Submitted by Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was served this 17th day of April, 2018 by sending via email to the following counsel:

DENTONS US LLP
Mark P. Johnson, MBN 30740
Kate E. Hart, MBN 61601
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Ph. :   (816) 460-2400
Fax :   (816) 531-7545
Email: mark.johnson@dentons.com
        kate.hart@dentons.com

BAKER & HOSTETLER LLP
M. Scott McIntyre (*pro hac vice*)
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Ph.:   (513) 929-3400
Fax:   (513) 929-0303
Email : smcintyre@bakerlaw.com

Rachel M. Smith (*pro hac vice*)
811 Main Street, Suite 1100
Houston, TX 77002
Ph.:   (713) 646-1386
Fax:   (713) 751-1717
Email: rsmith@bakerlaw.com

**ATTORNEYS FOR DEFENDANTS
KSHB-TV AND SCRIPPS MEDIA, INC.**

/s/ Dennis E. Egan
Attorney for Plaintiff