IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LISA BENSON COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 17-0041-CV-W-BP |
| | ) | |
| KSHB-TV 41, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## ORDER GRANTING MOTION FOR HEARING

Pending is a motion, (Doc. 163), filed by Plaintiff requesting a hearing to make an offer of proof with respect to the testimony of certain witnesses. Defendant informally indicated that it also wanted to present evidentiary matters, and the Court issued an Order directing the parties to specify the matters they wish to address. Having considered the parties' response, the Court now grants Plaintiff's motion.

A hearing will be held at 1:00 p.m. on August 8, 2018. During the hearing, Plaintiff may present the testimony of (1) Demetrice Jackson and Al'Lavee Miller, as discussed in the Court's April 23, 2018, Order, (Doc. 147, pp. 3, 5), and (2) Kelly Hicks and Courtney Phillips, whose testimony has been excluded. (Doc. 147, pp. 3-4.) Defendant may also elicit testimony from Dr. Monica Biernat to support its argument that her testimony should be excluded.

With respect to the remaining issues identified in the parties' response:

1. On or before July 6, 2018, the parties shall file briefs regarding the applicability of the 2017 amendments to the Missouri Human Rights Act. The parties may respond to the opposing side's brief on or before July 20, 2018. The briefs and responses shall be no longer than ten pages.

After reviewing the briefs, the Court will advise the parties whether the issue needs to be addressed at the hearing.

2. Defendant asks that the hearing address "what plaintiff will cover as background evidence, as opposed to specific acts of discrimination and retaliation for which plaintiff seeks recovery," and "what type of evidence Plaintiff intends to submit that she believes falls within the concept of 'garden variety emotional distress.'" (Doc. 167, pp. 2-3.) The Court believes it is more productive for these general topics to be first discussed between the parties; discrete arguments about specific items of evidence can then be presented to the Court.

3. The Court is confident that it can rule on Defendant's Motion for Reconsideration before the hearing, so there is no need to address the admissibility of Plaintiff's tax returns at the hearing.

4. On or before July 6, 2018, the parties shall file briefs regarding the admissibility of evidence about Plaintiff's suspension in May 2018 and the nonrenewal of her contract in June 2018. The parties may respond to the opposing side's brief on or before July 20, 2018. The briefs and responses shall be no longer than ten pages.

After reviewing the briefs, the Court will advise the parties whether the issue needs to be addressed at the hearing.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: June 27, 2018
UNITED STATES DISTRICT COURT