# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LISA BENSON COOPER, | ) |
|                 Plaintiff, | ) |
| v. | ) No. 17-0041-CV-W-BP |
| KSHB-TV 41, *et al.*, | ) |
|                 Defendants | ) |

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION

The Court issued rulings on the parties' motions in limine during the course of a pretrial conference held on April 20, 2018 and in a separate Order issued on April 23, 2018. Defendant Scripps Media, Inc. has filed a Motion for Reconsideration on some of the issues. The Motion for Reconsideration is, (Doc. 157), is **GRANTED**. On reconsideration, the Court rules as follows:

### I. PLAINTIFF'S FAILURE TO FILE TAX RETURNS

The first issue Defendant raises relates to Plaintiff's failure to file income tax returns. The Court previously held that this evidence could not be admitted. However, in light of the Second Amended Complaint (which was filed after the Court issued its rulings), Plaintiff's claim will require that the jury learn Plaintiff did not file income tax returns. (*E.g.,* Doc. 180, ¶¶ 39-42.) Therefore, the Court's prior decision must be modified to permit this evidence to be presented.

However, this does not mean that the permissible uses for this evidence are unlimited. During the pretrial conference, Defendant explained that it wished to use this evidence as part of a general attack on Plaintiff's credibility. (Doc. 148, pp. 4-6.) After confirming that Plaintiff had not been convicted of a crime in connection with the failure to file tax returns, the Court concluded that the evidence was of minimal relevance and likely to unfairly prejudice Plaintiff. (Doc. 148, p. 7.) In asking the Court to reconsider this ruling, Defendant first contends that evidence of failure

to file tax returns "***must*** be admitted for impeachment purposes and any decision to exclude such evidence would be reversible error." (Doc. 157, p. 2 (emphasis in original).) However, none of the authorities cited stand for such an absolute or mandatory proposition of law, and few of the cases are binding on this Court. Moreover, nearly all of them involved specific instances in which the failure to file tax returns bore on a party's credibility with respect to a claim of lost income or something else related to the information that would be in the return. For instance, in *Gaillard v. Jim's Water Service, Inc.,* 535 F.3d 771 (8th Cir. 2008) (the only Eighth Circuit opinion cited), the plaintiff was involved in a motor vehicle accident. After the accident, the plaintiff filed supplemental tax returns to report higher income figures, then claimed lost income based on those inflated figures. 535 F.3d at 778. The district court exercised its discretion to allow cross-examination on the issue, and the Court of Appeals affirmed because the varying amounts of income the plaintiff reported bore in his credibility with respect to the amount of wages he lost as a result of the accident. *Id.* at 778. However, the Court of Appeals did not hold that the evidence is always relevant, or that district courts do not retain their customary discretion to conduct the balancing required by Rules 403 and 404.

Here, Defendant wishes to attack the credibility of all of Plaintiff's testimony, but there is no issue in the case that is specifically related to the failure to file, or the contents of, Plaintiff's tax returns. The amount Defendant paid Plaintiff is well-established by Defendant's own records, so the fact that Plaintiff did not file tax returns would not impeach her testimony on this point. And, of course, the fact that Plaintiff did not file tax returns has no bearing on the amount that Defendant would have paid Plaintiff if it had promoted her. The Court thus concludes that

2

Plaintiff's failure to file tax returns does not impeach Plaintiff's testimony on any specific issue in this case.[1]

Defendant emphasizes the Second Circuit's decision in *Chnapkova v. Koh,* 985 F.2d 79 (2d Cir. 1993), a case in which the plaintiff's failure to file tax returns for eight years was offered to impeach her testimony even though there was no claim for lost earnings or other issue that related to her finances. The district court excluded the evidence and the Second Circuit reversed, explaining that "the total failure to file tax returns for a period of eight years should be . . . admissible on the issue of . . . truthfulness, *subject to the discretionary considerations in Rules 403 and 608(b).*" *Chnapkova,* 985 F.2d at 82 (emphasis supplied). Thus, even under the holding of this case the trial court has the discretion to conclude that evidence of a party's failure to file tax returns should not be admitted. Given the facts of that particular case, the Second Circuit – whose decision is not binding on this Court – held that the district court abused its discretion in precluding the evidence, but this does not mean that district courts must admit such evidence in *all* cases. Such a conclusion – that admission is mandated in all cases – is contrary to the accepted principle (recognized in *Chnapkova*) that the balancing decision under Rules 403 and 404 is discretionary.[2]

The failure to file tax returns can be relevant to a witness's credibility. Plaintiff's failure to file tax returns does not appear relevant to Plaintiff's credibility on any issue in *this* case, and the Court concludes that the risk of undue prejudice outweighs the probative impeaching value of

---

[1] Defendant also suggests that Plaintiff's failure to file tax returns relevant to its defense on Plaintiff's claim that Defendant denied her opportunities to travel. As Defendant explains it, Plaintiff could have travelled and claimed the expense on her tax returns. (Doc. 172, pp. 8-9.) Accepting that this argument is viable, Defendant can make it without referring to Plaintiff's failure to file tax returns.

[2] The Northern District of Illinois' unpublished opinion in *First American Bank v. Western Dupage Landscaping Inc.*, 2005 WL 2284265 (N.D. Ill. 2005), is similar to *Chnapkova,* but that case (like *Chnapkova*) is not binding, and the undersigned respectfully disagrees that the failure to file a tax return is an act of such dishonesty that the use of evidence of such failures to generally attack a witness's credibility must automatically be allowed.

3

the evidence. The Court adheres to its interlocutory decision precluding the use of this evidence to attack Plaintiff's credibility.

## II. DR. MONICA BIERNAT'S TESTIMONY

Plaintiff designated Dr. Monica Biernat as an expert to testify about the effect of implicit bias and how it affects decisionmaking. Her report also seemed to express opinions about the events in this case. Defendant filed a Motion in Limine, and during the pretrial conference Plaintiff indicated that she would limit the scope of Dr. Biernat's testimony. As the Court explained in its written order, "generally speaking, Plaintiff does not intend to elicit testimony from Dr. Biernat that relates to the specific facts of this case. Instead, Plaintiff intends to elicit testimony of a more general nature, relating to how race and implicit bias can affect decisionmaking in the workplace." (Doc. 147, p. 1.) The Court then announced that it rejected Defendant's arguments to this aspect of Dr. Biernat's opinion and concluded that her "testimony on these general subjects may help the jury understand other evidence that is presented during the trial." (Doc. 147, p. 2.) In asking the Court to reconsider its ruling, Defendant contends that evidence regarding implicit bias is inadmissible.

A hearing to consider evidentiary matters is set for October 24, 2018. (Doc. 182.) The Court notes that during that hearing Defendant intends to elicit testimony from Dr. Biernat, (*e.g.,* Doc. 167, p. 2; Doc. 168, p. 1.) The Court believes that it will be better able to evaluate Defendant's argument after hearing Dr. Biernat's testimony. At that time, the Court will entertain brief argument as to whether her testimony is helpful to the jury given (1) the content of her testimony and (2) the fact that Plaintiff must demonstrate intentional discrimination in order to prevail. *See White v. BNSF Ry. Co.,* 726 Fed. App'x 603, 604 (9th Cir. 2018) (The plaintiff "never explained how testimony regarding implicit bias would be helpful to the jury in a disparate

treatment case requiring evidence of intentional discrimination."); *EEOC v. Wal-Mart Stores, Inc.,* 2010 WL 583681, *3 (E.D. Ky. 2010) ("Dr. Bielby's testimony makes clear that gender stereotyping does not even necessarily include intentional discrimination. . . . Thus, Dr. Bielby provides no evidence of intentional discrimination at the distribution center.").

**IT IS SO ORDERED.**

DATE:  August 3, 2018

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT