# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

LISA BENSON COOPER,           )
                              )
                Plaintiff,    )
        v.                    )          No. 17-0041-CV-W-BP
                              )
SCRIPPS MEDIA, INC., d/b/a    )
KSHB-TV41,                    )
                              )
                Defendant.    )

## ORDER (1) GRANTING IN PART DEFENDANT'S MOTION TO DISMISS, (2) DENYING DEFENDANT'S MOTION TO STRIKE, AND (3) DENYING AS MOOT DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff filed her Second Amended Complaint on July 20, 2018. Now pending are three motions filed by Defendant: (1) a Motion to Dismiss, (2) a Motion to Strike, and (3) a Motion for Reconsideration. For the reasons set forth below, (1) the Motion to Dismiss, (Doc. 190), is **GRANTED IN PART**, (2) the Motion to Strike, (Doc. 183), is **DENIED**, and (3) the Motion for Reconsideration, (Doc. 200), is **DENIED AS MOOT**.

## I. BACKGROUND

Defendant removed the case to federal court in January 2017. On March 14, 2017, the Court set a deadline of April 21, 2017, for amending the pleadings. (Doc. 14, ¶ 4.) Plaintiff filed an Amended Complaint on the deadline. (Doc. 21.) The deadline for amending the pleadings was never extended.

The Amended Complaint asserted claims under state and federal law for (1) discrimination based on race, (2) hostile working environment, and (3) retaliation. It specified the factual basis for those claims, which involved certain events that occurred between 2010 and 2015. (Doc. 21, ¶¶ 14-24.) On April 2, 2018, the Court granted in part Defendant's Motion for Summary

Judgment. (Doc. 115.) The Court granted Defendant summary judgment on Plaintiff's claims for hostile working environment. The Court also granted summary judgment on Plaintiff's discrimination and retaliation claims that were based on events that occurred prior to the applicable limitation period. This left the following claims:

1. Discrimination claims, alleging that Plaintiff was denied opportunities to be a Leadership Champion, Consumer Reporter, and Investigative Reporter based on her race,[1] and

2. Retaliation claims, based on events in April and May 2015 that culminated in her suspension.

A Pretrial Conference was held on April 20, 2018, and shortly thereafter the trial was continued to August 13.

In May and June 2018, Defendant suspended Plaintiff and then decided not to renew her contract. The decision was allegedly based, in part, on information discovered during the course of this lawsuit. Defendant's decision resulted in a request to amend the pleadings to include a retaliation claim based on these events. The Court granted this request but limited the amendment to the retaliation claim based on the events of May and June 2018 and stated that "Plaintiff cannot add other claims of retaliation." (Doc. 178, p. 2.)[2] The Court also specified some of the allegations that should be deleted from the Proposed Second Amended Complaint before it was filed. (*Id.*)

The Second Amended Complaint was filed on July 20. In addition to allegations about the events in May and June 2018, it alleges that Plaintiff was subject to incidents of discrimination or retaliation in September 2016, August 2017, and February 2018. (Doc. 180, ¶¶ 28-30.)

---

[1] The Amended Complaint also alleged that, within the relevant time frame, Plaintiff was denied a position as a Weekend or Morning Anchor. (Doc. 21, ¶ 18.) Discovery revealed that the Anchor position was offered to an African-American woman, which removes this claim of discrimination. (*See* Doc. 115, p. 4 n.5.)

[2] All page numbers are those generated by the Court's CM/ECF system.

## II.  DISCUSSION

### A.  Defendant's Motion to Dismiss

Defendant's Motion to Dismiss contains five separate arguments.  First, it contends that the only claims that were allowed to be added by the Second Amended Complaint involved the events in May and June 2018, and no other claims may be added.  The second and fifth arguments, combined, assert that the new allegations do not state a claim for which relief can be granted.  The motion's third and fourth points do not seek to dismiss claims, but instead seek to strike specific paragraphs or revisit prior evidentiary rulings.  The Court addresses these issues below.

### *1.  The Inclusion of Allegations Unrelated to the Events in May and June 2018*

Defendant argues that the only claim that was allowed to be added in the Second Amended Complaint was a retaliation claim based on Plaintiff's suspension and the nonrenewal of her contract.  Plaintiff argues that the Court's rulings did not preclude her from asserting additional theories of retaliation.  The Court agrees with Defendant.

Discrimination and retaliation are discrete acts, *e.g., Jones v. City of St. Louis, MO,* 825 F.3d 476, 482 (8th Cir. 2016); *Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 851 (8th Cir. 2012), and the First Amended Complaint specified the discrete acts that constituted discrimination or retaliation.  However, alleging that discrimination occurred, for example, in 2014 (when Plaintiff was denied the opportunity to serve as a Leadership Champion) does not allege that discrimination occurred in September 2016, August 2017, or February 2018.  If Plaintiff wanted to assert a claim based on the discrete events that occurred in September 2016, August 2017, or February 2018, she needed to seek leave to amend her Complaint (as she opted to do with the events in 2018) or file another claim.  She did not do so.

The Court made this point when it granted Plaintiff leave to file a Second Amended Complaint and specified that the only retaliation claim to be added was the claim based on the events of May and June 2018. Plaintiff's insinuation that the First Amended Complaint already encompassed these claims, (Doc. 202, pp. 11-14), is simply incorrect; the First Amended Complaint specified the allegedly discriminatory/retaliatory events (as it was required to do), and the First Amended Complaint does not include any allegations about events in September 2016, August 2017, or February 2018.

Claims based on the events in September 2016, August 2017, or February 2018 are not included in the First Amended Complaint, and were not allowed to be added in the Second Amended Complaint. Any claims based on these events are dismissed.[3]

### *2. Failure to State a Claim*

Defendant argues that Plaintiff has failed to state a claim for retaliation based on Defendant's decision to suspend her and not renew her contract in 2018.[4] Specifically, Defendant contends that (1) the Second Amended Complaint does not adequately allege that Plaintiff's protected conduct was the "but for" cause of those decisions and that (2) the Court must take into account other plausible allegations for Defendant's decisions. (Doc. 191, pp. 18-19.) The Court disagrees.

---

[3] Defendant also suggests that the Second Amended Complaint includes allegations about events that occurred before the First Amended Complaint was filed that are not included in the First Amended Complaint, but does not specify those allegations. (Doc. 191, p. 9.) To the extent that any such allegations exist, they also cannot form the basis for a claim for the reasons stated herein: the only claim that could be added in the Second Amended Complaint was a retaliation claim based on the events in May and June 2018; that claim, plus any claims asserted in the First Amended Complaint that survived summary judgment, are the only claims that will be tried.

[4] Defendant also alleges that the other claims added by the Second Amended Complaint fail to state a claim, but the Court need not consider these arguments in light of the decision in Part II(A)(1).

4

When considering a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *E.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013).

Reading the Second Amended Complaint in its entirety, and construing it in Plaintiff's favor, the Court concludes that it adequately alleges facts plausibly establishing that Defendant relied on specious reasons to discipline her and that there is a causal relationship between her protected activity and Defendant's adverse employment decisions. This is all that Plaintiff must do to survive a motion to dismiss; she need not prove her claim, and the Court cannot, under Rule 12(b)(6), engage in factfinding to determine if Plaintiff's protected activity was the "but for" cause for those decisions or weigh Defendant's justifications for its actions. The Court concludes that the Second Amended Complaint states a claim for retaliation based on the events in 2018.

### 3. Tax Returns

Defendant requests that the Court strike certain allegations about Plaintiff's failure to file tax returns from the Second Amended Complaint, based on prior evidentiary rulings made by the

5

Court. It is not clear, but it also appears that Defendant asks the Court to reconsider those evidentiary rulings. The request is denied for two reasons. First, Plaintiff's allegations are appropriate, given that Plaintiff's failure to file tax reasons was one of the reasons Defendant gave for its decisions in 2018. Second, the Court has already modified its ruling with respect to Plaintiff's tax returns; the fact that Plaintiff failed to file tax returns may be introduced into evidence, but Defendant remains barred from arguing to the jury that it should consider Plaintiff's failure to file tax returns when evaluating her credibility when she testifies. (Doc. 185, pp. 1-4.) As a result, the Court concludes that dismissing or striking claims or allegations from the Second Amended Complaint is not justified, and that further consideration of the evidentiary ruling is unnecessary.

### *4. Paragraph 43*

Defendant contends that Paragraph 43 of the Second Amended Complaint should be dismissed or struck. Paragraph 43 states as follows:

> Plaintiff states on information and belief that Scripps recently has admitted, at the highest level, to doing a "poor job" reflecting its audience's make-up, when looking at its on-air employees and staff. Scripps admits it must create an action plan to improve its hiring and retention of diverse employees, including explicitly women of color.

(Doc. 180, ¶ 43.) Defendant contends that this paragraph should be dismissed or struck because it is vague, "runs counter to the intentional discrimination standards at issue in this case . . . and once again conflates and confuses the legal standards at issue." (Doc. 191, p. 17.) However, paragraph 43 is not a claim that can be evaluated under Rule 12(b)(6), and there is no basis for striking the paragraph under Rule 12(f). Defendant's objection seems to be evidentiary in nature, and the Rules of Evidence do not apply to allegations in a complaint.

6

## B.  Defendant's Motion to Strike

Defendant asks the Court to strike the Second Amendment's allegations about events that occurred in September 2016, August 2017, and February 2018.  Its argument is similar to that advanced with respect to its Motion to Dismiss.  The Court agrees that these paragraphs should have been removed from the Proposed Second Amended Complaint before Plaintiff actually filed it.  Nonetheless, the Court deems it sufficient to have dismissed the claims based on these allegations; there is no need to formally strike the allegations from the Second Amended Complaint or to force Plaintiff to refile it.

## C.  Defendant's Motion for Reconsideration

Defendant asks the Court to reconsider its Orders addressing Defendant's ability to amend its Answer to the First Amended Counterclaim.  (Doc. 201, p. 2 ("Defendant respectfully requests that the Court clarify its August 13 Order to reflect that Defendant's Answer to the claims in the First Amended Complaint may be amended to add the after-acquired evidence defense.").)  The motion is moot because there is no need to amend the Answer to the First Amended Complaint because the First Amended Complaint is a nullity, having been replaced by the Second Amended Complaint.  Plaintiff may file an Answer to the Second Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(3).

## III.  CONCLUSION

For these reasons,

1.     The Motion to Dismiss is **GRANTED IN PART**,

2.     The Motion to Strike is **DENIED**, and

3.     The Motion for Reconsideration is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE:  September 26, 2018                UNITED STATES DISTRICT COURT