IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LISA BENSON COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 17-0041-CV-W-BP |
| ) | |
| SCRIPPS MEDIA, INC., d/b/a KSHB-TV 41, ) | |
| ) | |
| Defendant. ) | |

### ORDER ADDRESSING ADMISSIBILITY OF TESTIMONY FROM DEMETRICE "DEE" JACKSON AND NICOLE PHILLIPS

Plaintiff has asserted claims of discriminatory treatment based on race and retaliation for engaging in protected conduct. During a pretrial conference held on July 20, 2018, one of the topics discussed was the admissibility of testimony from other employees about other incidents of purported discrimination. During the hearing, the Court indicated, *inter alia,* that (1) it lacked sufficient information to make an assessment about the testimony from Demetrice "Dee" Jackson and (2) it was not inclined to permit the testimony from Nicole Phillips. The Court issued a written order after the pretrial conference confirming these rulings and further declaring that "Plaintiff may not introduce Jackson's testimony until an offer of proof is made outside of the jury's hearing." (Doc. 147, p. 3.)

On November 26, 2018, the Court conducted a hearing during which Plaintiff presented testimony from Jackson and Phillips. Having considered their testimony, the briefing and arguments on the issue, and the relevant case law, the Court (1) concludes that portions of Jackson's testimony are admissible and (2) adheres to its decision that Phillips' testimony is not admissible.

Evidence involving other employees or other decisionmakers is not *per se* irrelevant; it also not *per se* relevant. *E.g., Sprint/United Mgt. Co. v. Mendelsohn,* 552 U.S. 379, 387-88 (2008). The evidence need not correspond to Plaintiff's situation in every conceivable way; instead, the question is whether this evidence is "relevant in the context of the facts and arguments in the case." *Dindinger v. Allsteel, Inc.,* 853 F.3d 414, 425 (8th Cir. 2017). Factors to be considered include the nature of the other employees' experience, any connection or similarity between those experiences and the plaintiff's grievances, the timing of those experiences, the connection to the decisionmakers at issue in the case at bar, the evidence's probative value, and the extent to which the evidence requires extensive evidence on collateral issues. *E.g, Sprint/United,* 552 U.S. at 388; *Dindinger,* 843 F.3d at 425; *EEOC v. UMB Bank Fin. Corp.,* 558 F.3d 784, 794 (8th Cir. 2009).

In applying these factors, the Court concludes that Jackson should be permitted to testify that Carrie Hoffman told him that he was not offered the Sports Director position in 2015 because she could not pass over "the old white guy." He can also testify about the selection process that was established when the position opened again in 2017. The Court concludes this testimony is admissible because Hoffman was a decisionmaker with respect to the promotions at issue in Plaintiff's case, and it is relevant to Plaintiff's claim that Hoffman considers race when making promotion decisions. The Court also believes that the testimony is narrow and therefore does not require extensive evidence on collateral issues. The relevant testimony relates to what Hoffman said or did; the relevant testimony does not extend to Jackson's qualifications for the Sports Director position, whether Jackson was promised the Sports Director position, the terms of Jackson's contract, or any other matters that bear more directly on his pending lawsuit. While the fact that Jackson wanted to be promoted to the Sports Director position provides necessary context for his testimony, his qualifications for the position are not relevant to his testimony about what

2

Hoffman allegedly said about what she considered when making the promotion decision. And, limiting Jackson's testimony to what Hoffman said and did will necessarily limit the scope of cross-examination. For instance, Defendant will not be permitted to impeach Jackson on collateral issues, nor will it be permitted to raise wholly collateral issues solely to provide grounds for introduction of other evidence for the purpose of impeaching Jackson. As the Eighth Circuit has explained, "[e]xtrinsic evidence of a collateral matter is not admissible," and "[e]vidence that does not pertain to the substantive issues of the trial and that could not be shown in evidence for any purpose independent of the contradiction is collateral." *United States v. Carter,* 410 F.3d 1017, 1022-23 (8th Cir. 2005) (quotations omitted).

The Court reaches a different conclusion with respect to Jackson's testimony about Hoffman's statements concerning coverage of the high school football game between Lincoln Prep and Hogan Prep. According to Jackson, Hoffman questioned coverage of the game because the station's target audience is in Johnson County, Kansas. The Court previously held that this matter is "too far afield" from the issues relevant in this case and ruled the evidence to be inadmissible. (Doc. 148, p. 42.) After hearing Jackson's testimony, the Court adheres to its prior determination on this issue. Hoffman's statements are not necessarily based on race, and providing sufficient context for the statement will require a mini-trial as to why Hoffman thought the game should not be covered, the station's marketing strategy, and a host of other matters that will unduly divert the jury from the matter at hand and risk confusing the jury.

With respect to Phillips' testimony, the Court previously ruled that there was not "sufficient similarity between Plaintiff's and Phillips' situations to make Phillips testimony relevant." (Doc. 147, p. 4.) After hearing Phillips' testimony, the Court adheres to this decision. Most of the comments Phillips testified about were not made by Hoffman or by any other decisionmaker. For

3

instance, Synkese Fields expressed her belief that Phillips was "a minority hire," but Fields was not a decisionmaker, had no role in hiring Phillips, and there is no indication that Hoffman or any other decisionmaker held this view. The only statement attributed to a decisionmaker was Hoffman's statement that Phillips was not the "main meteorologist" and never would be. This statement was made in the context of an incident in January 2017; during a snowstorm, Phillips was "pulled" from her regular newscast and sent to cover the storm outside, while a Caucasian weatherperson worked on Phillips' regular newscast – ostensibly, because the other weatherperson was the "main meteorologist." Phillips' concerns about the incident seemed to be focused on (1) the decision that she should be removed from the broadcast during the snowstorm in favor of the main meteorologist and (2) the statement that she would never be the main meteorologist. However, nothing in Phillips' testimony suggests that either of these decisions was motivated by Phillips' race. A news station's decision to utilize the main meteorologist to report on a snowstorm is not necessarily based on race, and there is no indication as to why Hoffman thought Phillips would never be the main meteorologist. For these reasons, the Court concludes that Phillips' testimony is not probative on any relevant issues in this case.

**IT IS SO ORDERED.**

DATE: December 11, 2018

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT