IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LISA BENSON COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 17-00041-CV-W-BP |
| ) | |
| KSHB-TV 41, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S ADDITIONAL MOTIONS IN LIMINE FOR 1/28/19 TRIAL**

Plaintiff, Lisa Benson Cooper, files these additional Motions in Limine for our 1/28/19 Trial. They are numbered sequentially following the first six (6) that Plaintiff recently filed on 12/18/18.

**7.  Ann Molloy's Notes and Investigative Reports Are Inadmissible Hearsay, and in General, Should Be Excluded**

Hearsay is a statement (an oral, written, or non-verbal assertion) made by someone other than the declarant (the person who made the statement), offered to prove the truth of the matter being asserted. Fed.R.Evid. 801. Unless otherwise provided, hearsay is inadmissible. Fed.R.Evid. 802.

Fed.R.Evid . 803(6), provides an exception for true business records, but Ann Molloy's notes and investigative report were not "kept in the course of a regularly conducted activity of a business;" nor were such documents made as "a regular practice" of KSHB's business. Rule 803(6). Ann Molloy's documents indisputably were prepared during the course of ongoing (not just "anticipated") litigation.  See ***Palmer v. Hoffman***, 318 U.S. 109, 114 (1943).  They were not part of the "systemic conduct of the business being conducted." Instead, they are "calculated for use essentially in the court." ***Id***.

Here, documents generated by outside investigator Molloy are not part of the business of operating a news station, and are thus hearsay. That said, various forms of foundation can be laid, such that certain portions, once they are verified by witness testimony, can eventually be shown to this jury. Plaintiff has not yet produced the lengthy report (and notes), but will do so if the Court desires.

8. **Defendant is Prohibited From Tendering Any Evidence Not Specifically Disclosed and Produced During Discovery**

Rule 26, Fed. R.Civ.P. requires a party to "supplement or correct" responses to interrogatories and requests for production "in a timely manner." One of the "primary objectives of the Federal Rules of Civil Procedure is to eliminate the element of surprise from the trial of civil cases." **_Gillman v. Simmons Indus_**., 91 F. 3d 1168, 1173 (8th Cir. 1996). Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless."

Plaintiff has done her best to disclose and turn over (in a rolling fashion) new information, during this phase of discovery. By contrast, Plaintiff suspects that Defendant has been accumulating documents that it hopes to use during trial – but which Defendant has <u>not</u> specifically turned over to Plaintiff during discovery. One illustration makes this point: Plaintiff requested that Defendant produce "copies of all documents in Defendant's possession, custody, or control, touching on any aspect of Carl Cooper's businesses, gathered by you or your agents from May 1, 2018 to the date of your response." Rather than immediately produce all responsive documents that Defendant possesses, Defendant filed an objection (on 12/14/18) that states in part that such request "lacks relevance and proportionality to the claims and defenses at issue in this case." Plaintiff also requested

copies of "all documents in Defendant's possession, custody or control touching on any aspect of Plaintiff's suspected business associations with, and/or income related to, her husband Carl Cooper's business ventures, from May 1, 2018 to the date of your response." Again, nothing is produced, and defendant likewise objects in part that the request "lacks relevance and proportionality to the claims and defenses at issue in this case."

Fine. Plaintiff seeks before trial a binding assurance that Defendant will <u>not</u> be allowed to introduce into evidence anything that has not been produced or disclosed by defense counsel during discovery – particularly if it was requested by Plaintiff, and Defendant objects (as here) that the request "lacks relevance." Plaintiff worries that there may be other categories of documents that Defendant has not specifically disclosed and produced. Defendant should not be allowed to use them. The rules are plain.

This should be obvious. But unfortunately, in employment cases – where Defendant has sole possession and control of all records concerning its employees – it is not uncommon for defense counsel to spring on an employee called to the stand in Plaintiff's case some disciplinary record, or other document, that has not previously been disclosed during discovery. That is improper. Through Rule 26 disclosures, through interrogatories, depositions and defendant's own investigation, defendant knows or should know who Plaintiff might call as trial witnesses. Defendant has **exclusive** access to employee records. Defense counsel should <u>not</u> be allowed to ambush any current or former employee witness, (and Plaintiff's counsel), with unproduced documents – even under the guise of "impeachment."

In short, if any documents have not been produced by Defendant, Defendant is not allowed to reverse field and use that which it contends is "irrelevant" and non-

3

discoverable – particularly when it has not been exchanged with Plaintiff's counsel. And it is not necessary for Plaintiff to have filed a Motion to Compel before being able to hold Defendant to the positions it has maintained throughout discovery. Discovery is not a game of "hide-and-seek."

9. **Evidence, Mention Or Arguments Regarding So-Called After-Acquired Evidence Should Be Prohibited**

As the Court is well-aware, Plaintiff was informed via a June 7, 2018 letter (attached hereto as Exhibit A) that her contract would not be renewed and that employment was therefore terminated. The letter gave three very specific reasons for Defendant's action:

- Plaintiff's "recent social media postings;"
- The investigator's having "determined" that Plaintiff was "disingenuous" during her investigation;
- Plaintiff "failed to file tax returns for multiple years."

Notwithstanding these very specific reasons, Defendant has expended a great deal of effort during discovery to try to come up with further reasons for which Defendant could have or would have terminated Plaintiff. Plaintiff expects that Defendant will argue that evidence of other reasons that may have justified Plaintiff's termination is admissible pursuant to the "after-acquired evidence" doctrine.

However, before any evidence can be admitted on the basis of the after acquired evidence doctrine, Defendant must clear two threshold hurdles: (1) the reason must not have been known to Defendant before Defendant fired Plaintiff (or it is not, by definition, "after-acquired" evidence); **_Ingwersen v. Planet Grp., Inc_**., No. 8:09-CV-249, 2011 WL 2623501, at *5 (D. Neb. Apr. 22, 2011)("if Planet knew of Ingwersen's misconduct

4

before termination and chose to ignore it, the defense arising from after-acquired evidence does not apply"); (2) Defendant must show that it has fired others who committed such infractions "for that reason alone." **_McKennon v. Nashville Banner Pub. Co_**., 513 U.S. 352, 362–63, 115 S. Ct. 879, 886–87, 130 L. Ed. 2d 852 (1995)("Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge.").

On this issue, "the employer bears a 'substantial burden' and must show that such a firing would have taken place as a matter of 'settled' company policy." **_Smith v. As America., Inc_**., No. 3:12-CV-05048-NKL, 2014 WL 12597429, at *9 (W.D. Mo. Feb. 5, 2014) citing **_Waag v. Thomas Pontiac, Buick, GMC, Inc_**., 930 F. Supp. 393, 408 (D. Minn. 1996) (quoting **_Welch v. Liberty Mach. Works, Inc_**., 23 F.3d 1403, 1406 (8th Cir. 1994), abrogated on other grounds by **_McKennon_**, 513 U.S. at 362-63).

Any alleged misconduct known to Defendant before Plaintiff's termination, that is not expressly articulated among the bases for the termination, amount to evidence of "prior bad acts." Any such act is <u>not</u> relevant, and therefore not admissible under FED.R.EVID. 401. In addition, the evidence is precluded by Fed.R.Evid. 403, as unfairly prejudicial and misleading, considering the negligible probative value. Finally, such evidence is precluded by FED.R.EVID. 404(b).

Among the topics Plaintiff expects Defendant to try to raise at trial – given the amount of time devoted to the topic in discovery – is Plaintiff's name appearing in various places in connection with her husband's business ventures. Defendant knew of

5

this evidence at the time of Plaintiff's December 2017 deposition, yet the evidence did not even merit mention in the June 7, 2018 termination letter as one of the multiple grounds given for the termination – much less can it suffice as a reason for termination "on those grounds alone," and "as a matter of settled company policy."

Other areas that Defendant should be prohibited from raising in opening statement, evidence or argument include the largely irrelevant topics on which Plaintiff was recently questioned in her deposition, including Plaintiff's use of FMLA and whether Plaintiff returned all property of Defendant after termination. [See Order of 12/19/18 Doc. 293, pp.3-4]

**10.     The Court Should Prohibit Evidence, Mention Or Arguments Suggesting that Plaintiff's Contracts with Defendant are Defenses to Plaintiff's Discrimination and Retaliation Claims**

Considering defense counsel's cross-examination of Dee Jackson at the November 26 hearing, and the amount of time spent discussing contractual provisions with Plaintiff in her most recent deposition, Plaintiff anticipates Defendant will attempt to justify its treatment of Plaintiff by pointing to various terms of the contract which undeniably give Defendant discretion in terms of Plaintiff's assignments. However, no contract can create a right to discriminate. See e.g. **_Cole v. Burns Int'l Sec. Servs_**., 105 F.3d 1465, 1482 (D.C. Cir. 1997)("in a subsequent suit by the employee raising a viable claim of racial discrimination or sexual harassment, it would be no defense that the employee had signed a contract giving up her right to be free from discrimination."). See also, **_O'Shea v. Detroit News_**, 887 F.2d 683, 686 (6th Cir. 1989)( "defendant can argue in defense that he had good cause under the contract, but this defense does not affect the fact that the plaintiff's claim is not based on the contract.") and **_Wilmington v. J.I. Case_**

6

*Co.*, 793 F.2d 909, 918 (8th Cir. 1986) ("Rights under a collective bargaining agreement and rights under section 1981 are independent and procedurally distinct. We conclude that Wilmington did not have to elect between filing a grievance to vindicate his contractual rights, or filing a lawsuit to vindicate his section 1981 rights.").

Plaintiff does not seek to exclude entirely the employment contracts of Plaintiff or of other on-air employees of Defendant, the provisions of which may be relevant for a variety of reasons. Plaintiff does seek to prevent misleading and confusing misuse of Plaintiff's contract to argue – that Defendant's discretion under the contract supercedes Plaintiff's right to be free of discrimination and retaliation.

**11. Some of Dr. Beth Knobel's "Opinions" Are Far Outside Her Area of Expertise, and Should Be Excluded**

Plaintiff has requested to take the deposition of Beth Knobel and the deposition is tentatively scheduled for January 8, 2019. Thus, at this time, Plaintiff can only set forth this subject as an area for discussion, with the understanding that Plaintiff will provide specifics after the deposition is completed.

This Court already has eliminated specific portions of Dr. Knobel's opinions from this trial. Plaintiff can preview nowhere strong doubt as to Dr. Knobel's purported "expertise" to provide proper and helpful "expert" opinions under Rule 702 concerning the tax return issue. As this Court's Order of 12/11/18 [Doc. 280] cautions: "Plaintiff is not foreclosed from making additional arguments about the admissibility of specific aspects of Dr. Knobel's testimony." Plaintiff is currently seeking an expert of her own to counter all or part of Dr. Knobel's testimony, while she is seeking to nail down dates for the deposition. Unfortunately, that is all that can be said for now and this particular subject is a place-holder that requires further development.

7

## CONCLUSION

Plaintiff respectfully requests the right to further discuss all Motions during the Pretrial Conference.

Respectfully submitted,

**THE POPHAM LAW FIRM**

By: /s/ Dennis E. Egan
DENNIS E. EGAN - MO #27449
BERT S. BRAUD – MO # 34325
 712 Broadway, Suite 100
Kansas City, MO 64105
Telephone:   (816) 221-2288
degan@pophamlaw.com
bbraud@pophamlaw.com

**THE MEYERS LAW FIRM, LC**
MARTIN M. MEYERS – MO #29524
503 One Main Plaza
4435 Main St.
Kansas City, MO 64111
Telephone:     (816) 444-8500
Telecopier:     (816) 444-8508
mmeyers@meyerslaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was served this 21st day of December, 2018 by sending via email to the following counsel:

DENTONS US LLP
Mark P. Johnson, MBN 30740
Kate E. Hart, MBN 61601
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Ph. :  (816) 460-2400
Fax :  (816) 531-7545
Email: mark.johnson@dentons.com
          kate.hart@dentons.com


**KSHB-TV AND SCRIPPS MEDIA, INC. ATTORNEYS FOR DEFENDANTS**

BAKER & HOSTETLER LLP
M. Scott McIntyre (*pro hac vice*)
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Ph.:  (513) 929-3400
Fax:  (513) 929-0303
Email : smcintyre@bakerlaw.com

Rachel M. Smith (*pro hac vice*)
811 Main Street, Suite 1100
Houston, TX 77002
Ph.:  (713) 646-1386
Fax:  (713) 751-1717
Email: rsmith@bakerlaw.com


/s/ Dennis E. Egan
Attorney for Plaintiff