# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LISA BENSON COOPER,<br><br>       Plaintiff,<br>vs.<br>SCRIPPS MEDIA, INC.,<br><br>       Defendant. | Case No. 17-cv-00041-BP |

## DEFENDANT'S OBJECTIONS AND COUNTER-DESIGNATIONS TO PLAINTIFF'S DESIGNATIONS OF DEPOSITION TESTIMONY FOR TRIAL

Defendant Scripps Media, Inc. ("Defendant"), by and through undersigned counsel, hereby provides its objections and counter-designations[1] to Plaintiff's deposition designations as follows:

| Deposition Testimony of Samuel Eaton, December 12, 2017 | | |
|---|---|---|
| **Plaintiff's Deposition Designations** | **Defendant's Counter Designations** | **Defendant's Objections** |
| 5:8-13 | | |
| 6:10-12; 15 | | |
| 7:5-18 | | |
| 8:2-13 | | |
| 9:3-13:13 | | 9:3-21 - Irrelevant; personal opinion; FRE 403 (Eaton is not a decisionmaker);<br>12:18-23 - leading; compound question; hearsay as to Dia Wall's reaction |
| 13:23-14:8 | | Speculation as to Hofmann's and Greenstein's presence; lack of personal knowledge |
| 14:14-16:2 | | 15:18-23 - leading and suggestive; counsel testifying |
| 22:20-24:4 | | Irrelevant; FRE 403 (use of inflammatory and profane words); personal opinion; vague and hearsay |
| 24:12-26:6 | | 24:21-25:5 - Irrelevant; FRE 403 (implies Marusarz was management) personal opinion; speculative |
| 27:5-28:6 | | Irrelevant; FRE 403 (Eaton is not a decisionmaker and did not supervise Plaintiff); personal opinion; speculative; |

---

[1] Defendant intends to call at trial the witnesses designated herein, and does not waive its right to call any witness on any and all relevant topics, including those not counter-designated.

1

| | | 27:5-10 – hearsay and/or speculation |
|---|---|---|
| 29:2-7 | | Irrelevant |
| 29:19-32:17 | | |
| 33:8-34:1 | | Speculative; irrelevant; FRE 403 (implies anchors and reporters/MMJs have same duties and are similarly-situated) |
| 39:13-19 | | Irrelevant; FRE 403 (Eaton is not a decisionmaker and did not supervise Greenstein); personal opinion; speculative; hearsay<br>39:17-25 - hearsay |
| 39:21-40:4 | 40:7-9 | 39:21-25 - hearsay |
| 40:11-41:20 | | Personal opinion; speculative; hearsay |
| 41:25-42:19 | | |
| 42:23-43:25 | | Irrelevant; FRE 403 (Eaton and Boal are not decisionmakers, are not similarly situated to Plaintiff, and did not hold her same job); personal opinion; vague and hearsay |
| 44:2 | | Irrelevant; speculative; hearsay |
| 45:14-46:7 | | |
| 46:25-47:10 | | |
| 47:20-48:12 | | |
| 48:16-49:12 | | |
| 51:1-52:21 | | Irrelevant; hearsay; personal opinion concerning the nature of the words used; speculation; vague and hearsay FRE 403 (use of inflammatory words and profanity) |

**Deposition Testimony of Kent Chapline [30(b)(6)], September 27, 2018**

| Plaintiff's Deposition Designations | Defendant's Counter Designations | Defendant's Objections |
|---|---|---|
| 7:24-8:2 | | |
| 8:11-21 | | |
| 9:20-10:07 | 10:8-11 | |
| 10:12-16:1 | | Irrelevant; lacks foundation; vague and FRE 403 in that lawsuit involves Plaintiff's alleged retaliatory non-renewal based on her Facebook post concerning "White Women's tears" for which the company received complaints and her post concerning "Burning Down a Village;" beyond the scope of the corporate deposition and misleading in that Chapline is not a decisionmaker |
| 19:23-24:13 | | Irrelevant; lacks foundation; vague and FRE 403 in that lawsuit involves Plaintiff's alleged retaliatory non-renewal based on her Facebook post concerning "White Women's tears" for which the company received complaints and her post concerning "Burning Down a Village;" beyond the scope of the corporate |

2

| | | |
|---|---|---|
| | | deposition and misleading in that Chapline is not a decisionmaker |
| 25:1-21 | | Irrelevant; lacks foundation; vague and FRE 403 in that lawsuit involves Plaintiff's alleged retaliatory non-renewal based on her Facebook post concerning "White Women's tears" for which the company received complaints and her post concerning "Burning Down a Village;" beyond the scope of the corporate deposition and misleading in that Chapline is not a decisionmaker |
| 26:6-23 | | Irrelevant; lacks foundation; vague and FRE 403 in that lawsuit involves Plaintiff's alleged retaliatory non-renewal based on her Facebook post concerning "White Women's tears" for which the company received complaints and her post concerning "Burning Down a Village;" beyond the scope of the corporate deposition; misleading in that Chapline is not a decisionmaker |
| 27:11-29:18 | | Irrelevant; lacks foundation; vague and FRE 403 in that lawsuit involves Plaintiff's alleged retaliatory non-renewal based on her Facebook post concerning "White Women's tears" for which the company received complaints and her post concerning "Burning Down a Village;" beyond the scope of the corporate deposition and misleading in that Chapline is not a decisionmaker |
| 35:3-7 | | |
| 45:8-46:1 | 43:25-44:17 | Irrelevant as to timeframe; not similarly-situated since Plaintiff was not disciplined for any issue involving administrative rights; beyond the scope of the corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference |
| 46:18-49:8 | | Irrelevant as to timeframe; not similarly-situated since Plaintiff was not disciplined for any issue involving administrative rights; beyond the scope of the corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; document speaks for itself and is the best evidence |
| 50:5-8 | | Irrelevant as to timeframe; not similarly-situated since Plaintiff was not disciplined for any issue involving administrative rights; beyond the scope of the corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; vague; personal opinion |
| 52:20-53:14 | | Irrelevant as to timeframe; not similarly-situated since Plaintiff was not disciplined for any issue involving |

| | | |
|---|---|---|
| | | administrative rights; beyond the scope of the corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; vague; personal opinion |
| 66:9-17 | | |
| 67:17-68:18 | | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference |
| 70:8-16 | | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; document speaks for itself and is the best evidence |
| 71:14-23 | | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; document speaks for itself and is the best evidence; personal opinion |
| 71:25-72:13 | | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; document speaks for itself and is the best evidence; personal opinion |
| 74:9-75:24 | | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; document speaks for itself and is the best evidence; personal opinion |
| 76:2-77:15 | 77:17-78:2 | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; document speaks for itself and is the best evidence; personal opinion |
| 78:17-22 | | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading |

| | | |
|---|---|---|
| | | in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference |
| 78:24-79:6 | 79:7-80:6 | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; document speaks for itself and is the best evidence |
| 80:7-15 | 80:17-24 | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; document speaks for itself and is the best evidence; personal opinion |
| 81:16-83:23 | 80:25-81:14 | Objection as not similarly-situated in does not involve complaints concerning race/sex; FRE 403; misleading in that Chapline is not a decisionmaker; beyond the scope of corporate deposition; objections from Defendant's motion in limine on this point are incorporated herein by reference; document speaks for itself and is the best evidence; personal opinion |
| 93:6-9 | | Document speaks for itself and is the best evidence; beyond the scope of the corporate deposition |
| 95:3-13 | | Document speaks for itself and is the best evidence |
| 98:19-100:15 | 104:9-106:23, 108:5-22 | |
| 115:11-22 | | Irrelevant; beyond the scope of the corporate deposition; personal opinion; misleading in that Chapline is not a decisionmaker |
| 131:25-132:19 | | Irrelevant; beyond the scope of the corporate deposition; personal opinion; misleading in that Chapline is not a decisionmaker |
| 133:8-135:4 | | Irrelevant; document speaks for itself and is the best evidence; beyond the scope of the corporate deposition; personal opinion; misleading in that Chapline is not a decisionmaker |
| 135:6-136:24 | | Irrelevant; document speaks for itself and is the best evidence; beyond the scope of the corporate deposition; personal opinion; misleading in that Chapline is not a decisionmaker |
| 138:11-139:15 | | Irrelevant; document speaks for itself and is the best evidence; beyond the scope of the corporate deposition; personal opinion |

| Plaintiff's Deposition Designations | Defendant's Counter Designations | Defendant's Objections |
|---|---|---|
| 142:9-11 | | Irrelevant; beyond the scope of the corporate deposition; FRE 403; objection as not similarly-situated |
| 143:21-25 | | Irrelevant; document speaks for itself and is the best evidence; beyond the scope of the corporate deposition; FRE 403; objection as not similarly-situated |
| 144:16-145:10 | | Irrelevant; document speaks for itself and is the best evidence; beyond the scope of the corporate deposition; FRE 403; objection as not similarly-situated; personal opinion |
| 165:15-167:13 | | Irrelevant; beyond the scope of the corporate deposition; FRE 403; objection as not similarly-situated |

### Deposition Testimony of Erica Storrs [30(b)(6)], September 27, 2018

| Plaintiff's Deposition Designations | Defendant's Counter Designations | Defendant's Objections |
|---|---|---|
| 6:22-23 | | |
| 7:1-2 | | Irrelevant |
| 7:7-8:11 | | |
| 11:1-4 | | |
| 11:14-12:24 | | 12:22-24 - attorney/client privilege |
| 13:3-4 | | Irrelevant |
| 21:24-23:1 | | 22:12-16 - irrelevant |
| 23:15-24:11 | | Speculative |
| 25:25-26:20 | 27:9-10 | Irrelevant; attorney/client privilege |
| 28:3-9 | | Irrelevant; attorney/client privilege |
| 45:8-24 | 36:14-23, 37:11-38:7 | Not similarly-situated |
| 46:7-9 | | Irrelevant |
| 46:18-47:16 | | Irrelevant; no personal knowledge |
| 48:11-49:6 | | Irrelevant; vague; not similarly-situated; FRE 403 |
| 50:2-51:18 | | Irrelevant; attorney/client privilege; personal opinion |
| 52:9-14 | | Irrelevant; attorney/client privilege |
| 53:14-16 | | Misstatement |
| 54:13-56:5 | | 55:1-56:5 - Irrelevant; misleading; vague |
| 56:20-58:4 | | 55:1-56:5 - Irrelevant; misleading; misstatement of testimony |

### Deposition Testimony of Brian Bracco, December 4, 2017

| Plaintiff's Deposition Designations | Defendant's Counter Designations | Defendant's Objections |
|---|---|---|
| 6:25-7:19 | | 7:2-6 - Irrelevant |

6

| | | |
|---|---|---|
| 16:12-17:1 | | 16:12-18 - Irrelevant |
| 17:8-10 | 17:11-24, 19:6-23 | |
| 26:20-22 | 26:15-19, 26:23-27:1 | |
| 27:2-20 | 37:17-39:9 | Speculative; personal opinion; vague |
| 30:19-31:10 | 31:11-13, 31:17-32:9 | Irrelevant; hearsay |
| 63:14-64:8 | | 63:14-19 - Irrelevant |
| 76:14-79:13 | | Irrelevant; document speaks for itself and is the best evidence; FRE 403 (inflammatory); the legal arguments from Defendant's motion in limine on this point are incorporated herein by reference |
| 88:2-23 | | Vague |
| 89:2-93:2 | | Document speaks for itself and is the best evidence; vague; speculative |
| 110:25-113:19 | | Irrelevant; Miller testimony excluded by the Court; vague |
| 116:3-16 | | Irrelevant; vague |
| 120:19-122:11 | | Irrelevant; hearsay; vague |
| 139:13-140:24 | | |
| 145:6-12 | | Personal opinion |

Dated:  January 7, 2019

Respectfully submitted,
DENTONS US LLP

By:   /s/ Mark P. Johnson

M. Scott McIntyre (*pro hac vice*)
Email:  smcintyre@bakerlaw.com
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074
Telephone:  513-929-3400
Facsimile:  513-929-0303

Rachel M. Smith (*pro hac vice*)
811 Main Street, Suite 1100
Houston, TX 77002
Ph.: (713) 646-1386
Fax: (713) 751-1717
Email: rsmith@bakerlaw.com

Mark P. Johnson		MBN 30740
Kate E. Hart		MBN 61601
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
816-460-2400 - Telephone
816-531-7545 - Facsimile
mark.johnson@dentons.com
kate.hart@dentons.com

*Attorneys for Defendant*

SCRIPPS MEDIA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify on this 7th day of January, 2019, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify the following counsel of record:

Dennis E. Egan
Bert S. Braud
The Popham Law Firm
712 Broadway, Suite 100
Kansas City, MO 64105
degan@pophamlaw.com

Martin M. Meyers
The Meyers Law Firm, LC
503 One Main Plaza
4435 Main St.
Kansas City, MO 64111
Telephone: (816) 444-8500
Telecopier: (816) 444-8508
mmeyers@meyerslaw.com

*Attorney for Plaintiff*

      /s/ Mark P. Johnson
      *Attorney for Defendant*