IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LISA BENSON COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 17-0041-CV-W-BP |
| ) | |
| SCRIPPS MEDIA, INC., d/b/a KSHB-TV 41, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADDRESSING DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DISCOVERY REQUESTS

The Court conducted a telephone conference with the parties on January 14, 2019, to discuss Defendant's objections to Plaintiff's Fifth Request for Production of Documents and Plaintiff's First Request for Admissions. During that conference, the Court determined that Plaintiff's request that the Court rule on the objections is timely. Now, having considered Defendant's objections, Plaintiff's response to those objections, and the Record as whole, the Court issues the following rulings. Defendant shall produce the responses required by this Order by the close of business on January 21, 2019.

The parties are advised that these rulings should not be construed as holding that any document or response is admissible at trial.

First, with respect to the Request for Production ("RFP"):

RFP 1 – Defendant objected for a variety of reasons, including because the request does not relate to matters for which discovery was reopened in July 2018. This objection is sustained.

The Court reopened discovery for the limited purpose of conducting discovery with respect to retaliation claims added in the Second Amended Complaint, which involved events that occurred in May and June of 2018. (Doc. 178.) And, of course, relevant evidence about those

events need not be dated in May or June; for instance, statements about Plaintiff's 2018 suspension are discoverable, even if the statements were made in July and August. The scope of discovery has since been expanded to include matters related to Defendant's "after-acquired evidence" defense, but the scope of discovery did not extend to matters asserted in the First Amended Complaint. However, Plaintiff justifies RFP 1 as relating to the promotion claims asserted in the First Amended Complaint, thus making the request beyond the scope for which discovery was reopened.

RFP 3 – Defendant contends that this request seeks privileged information. Plaintiff did not address this issue, and the Court has no basis for overruling the objection. Therefore, the objection is sustained.

RFP 4 – Defendant contends that this request seeks privileged information. Plaintiff did not address this issue, and the Court has no basis for overruling the objection. Therefore, the objection is sustained.

RFP 8 – Defendant's objections are overruled.

RFP 9 – Defendant's objection that this seeks information beyond the scope for which discovery was reopened is sustained.

RFP 10 – Defendant's objections are overruled.

RFP 13 – Defendant's objections are overruled.

RFP 14 – Defendant's objections are overruled.

RFP 39 – Defendant's objection that this seeks information beyond the scope for which discovery was reopened is sustained.

RFP 40 – Defendant's objection that this seeks information beyond the scope for which discovery was reopened is sustained.

RFP 41 – Defendant's objection is overruled. The request is not vague, and while it relates to a document already in Plaintiff's possession, it seeks something that Plaintiff does not have because it asks for the document in native format.

RFP 42 -- Defendant contends that this request seeks privileged information. Plaintiff did not address this issue, and the Court has no basis for overruling the objection. Therefore, the objection is sustained.

With respect to the Requests for Admissions, ("Adm."), the Court rules as follows:

Adm. 2 – Defendant's objection that this request is vague and imprecise (particularly with respect to its use of the phrase "public figure employees") is sustained.

Adm. 3 – Defendant's objection that this request is vague and imprecise (particularly with respect to its use of the phrase "public figure employees") is sustained.

Adm. 7 – Defendant's objections are overruled. In addition, Defendant's contingent admission that it is not aware of other employees failing to file income tax returns is not responsive; the question asks whether Defendant has investigated employees.

Adm. 8 – Defendant's objection that this request is vague and imprecise (particularly with respect to its use of the phrase "public figure employees") is sustained.

Adm. 10-19 – Defendant's objections are overruled.

Adm. 20 – Defendant's objections are overruled.

Adm. 21 – Defendant's objections are overruled.

Adm. 30 – Defendant's objection that this request is vague (particularly with respect to its use of the phrase "opinion article") is sustained.

Adm. 31 – Defendant's objection that this request is vague (particularly with respect to its use of the phrase "opinion article") is sustained.

Adm. 32 – Defendant's objection that this request is vague (particularly with respect to its use of the phrase "opinion article") is sustained.

Adm. 33 – Defendant's objection that this request is vague (particularly with respect to its use of the phrase "opinion article") is sustained.

Adm. 36 – Defendant's objections are overruled.

Adm. 37 – Defendant's objections are overruled.

Adm. 49 – Defendant's objections are overruled.

Adm. 55 – Defendant's objections are overruled.

Adm. 56 – Defendant's objections are overruled.

Adm. 57 – Defendant contends that this request contains "an incomplete and biased summary" of the document at issue. Plaintiff did not address this issue, and the Court has no basis for overruling the objection, so the objection is sustained.

Adm. 58 – The Court regards this issue as moot because of Defendant's admission that "Scott Winkler did not respond in writing . . . ."

Adm. 62 – Defendant's objections are overruled.

**IT IS SO ORDERED.**

DATE: January 14, 2019

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT