**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LISA BENSON COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 17-00041-CV-W-BP |
| | ) | |
| SCRIPPS MEDIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND QUESTIONS</u>**

## GENERAL INSTRUCTIONS FOR CHARGE TO THE JURY

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off. (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror, you may not bring cellphones, cameras, or any recording device into the courtroom.

I understand you may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on social media or a social network, or communicate with anyone, about the parties, witnesses, participants, claims, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research–on the Internet, through social media, in libraries, on the television, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use television, Internet

programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we do not know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried. Failure to follow these instructions could also result in you being held in contempt of the court and punished accordingly.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.01 (as modified)

## CONDUCT DURING RECESS

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

Do not read any newspaper, online publication, or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet, social media, or television research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged from jury service.

Defendant's Instruction No. ___
8th Cir. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.02 (as modified); Model
Instruction No. 2.01

4

## DUTIES AS A JUROR

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions—those I give you now and those I give you later—whether they are in writing or given to you orally—are equally important and you must follow them all.

This is a civil case brought by the plaintiff against the defendant. The Plaintiff Lisa Benson Cooper alleges the Defendant Scripps Media Inc. or KSHB-TV 41 intentionally discriminated against her based on her race and intentionally retaliated against her when she complained about that discrimination. It will be your duty to decide from the evidence whether Plaintiff is entitled to a verdict against Defendant.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something

different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think your verdict should be at the close of trial.

Defendant's Instruction No. ____
8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.03 (as modified); O'Malley et al., <u>Federal Jury Practice and Instructions</u>, § 101.10 (5th ed.)

## **CONSIDER ALL EVIDENCE**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Defendant's Instruction No. ____
Fed. Civ. Jury Instr. of the 7th Cir, Instr. 1.08 Consideration of All Evidence Regardless of Who Produced. *See Bevan v. Honeywell, Inc.*, 118 F.3d 603, 610 (8th Cir. 1997) (indicating that the jury was to consider all of the evidence admitted at trial before rendering its verdict in a discrimination case); *Chicago & N.W.R. Co. v. Grauel*, 160 F.2d 820, 824 (8th Cir. 1947) (indicating that the jury should consider "all" of the evidence "in arriving at its verdict").

# <u>BIAS—CORPORATE PARTY INVOLVED</u>

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

Defendant's Instruction No. ___

3 Fed. Jury Prac. & Instr., O'Malley Grenig & Lee § 103.12 (6th Ed. 2011); 8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.01 ("Each of the parties is entitled to a fair trial, rendered by an impartial jury . . . ."); 8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.08 ("All of the parties are entitled to a fair trial and an impartial jury . . . ."); *Brun-Jacobo v. Pan American World Airways, Inc.*, 847 F.2d 242, 245 (5th Cir. 1988) (finding instruction to jury that corporations as well as individuals "are entitled to the same fair trial" and "are to be dealt with equally in a court of justice" was proper).

## **EVIDENCE DEFINED**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.

Defendant's Instruction No. ____
8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.04 (as modified)

## **BENCH CONFERENCES**

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.05

## <u>NOTE TAKING</u>

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them on your seat.

When you leave at night, your notes will be locked up and will not be read by anyone.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.06 (as modified)

## NO OUTSIDE COMMUNICATION OR RESEARCH

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it. If someone tries to talk to you about the case, please report it to the courtroom deputy.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone, publish or post online any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device.

Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on an Internet chat room, blog, or other websites, or social media platforms such as Facebook, Instagram, YouTube, or Twitter. In other words, do not communicate with anyone about this case—except for the other jurors during deliberations—until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, on television, in newspapers, or otherwise—and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read any news stories or Internet articles, social media posts, or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid

listening to any television or radio newscasts, whether broadcast or digital, at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone clip out any stories and set them aside to give to you after the trial is over.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.08 (as modified)

## <u>ORDER OF TRIAL</u>

The trial will proceed in the following manner:

First, Plaintiff's lawyer may make an opening statement.  Next, Defendant's lawyer may make an opening statement. An opening statement is not  evidence, but it is a summary of the evidence the  lawyers expect you will see and hear during the trial.

After opening statements, Plaintiff will then present evidence.  Defendant's lawyer will have a chance to cross-examine Plaintiff's  witnesses.  After Plaintiff has finished presenting her case, Defendant may present evidence, and Plaintiff's lawyer will have a chance to  cross-examine its witnesses.

After you have seen and heard all of the evidence from both sides, the  lawyers will make closing arguments that summarize and interpret the evidence.  Just as  with opening statements, closing arguments are not evidence.  After the closing  arguments, I will instruct you further on the law, and you will go to the jury room to  deliberate and decide on your verdict.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.09 (as modified)

## <u>CONDUCT DURING RECESS</u>

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, post to social media, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 2 (2018), Model Instruction No. 2.01

## **CHARTS AND SUMMARIES [ALTERNATIVE A]**

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

Defendant's Instruction No. 12
8th CIR. CIVIL JURY INSTR. § 2 (2018), Model Instruction No. 2.11

## **CHARTS AND SUMMARIES [ALTERNATIVE B]**

You will remember that certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence, even though the underlying documents and records are not here.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 2 (2018), Model Instruction No. 2.12 (as modified)

## **DEPOSITION TESTIMONY**

Certain testimony will be presented to you in the form of a deposition. A deposition transcript consists of the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was recorded in writing and now will be read or shown to you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. You should not place any significance on the manner or tone of voice used to read the witness's answers to you.

Defendant's Instruction No. ____
8th CIRCUIT CIVIL JURY INSTR. § 2 (2018), Model Instruction No. 2.14 (as modified)

**<u>DUTY TO FOLLOW COURT'S INSTRUCTIONS</u>**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You must follow all of my instructions – the ones I gave you earlier, as well as those I will give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of all of the instructions in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Defendant's Instruction No. ____
8th CIR. CIVIL JURY INSTR. § 3 (2018), Model Instruction No. 3.01 (as modified)

## **JUDGE'S OPINION**

I have not intended to suggest what I think your verdict[s] should be by any of my rulings or comments during the trial or prior to trial.

During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 3 (2018), Model Instruction No. 3.02 (as modified)

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You must decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Defendant's Instruction No. ____
8th CIR. CIVIL JURY INSTR. § 3 (2018), Model Instruction No. 3.03 (as modified)

# PLAINTIFF'S BURDEN OF PROOF

The burden is on Plaintiff in a civil action, such as this, to prove every essential element of her claims by a preponderance of the evidence. A preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. In other words, to "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.

In determining whether any fact has been proven by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for Defendant on that claim.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 3 (2018), Model Instruction No. 3.04 (as modified); 3C Fed. Jury Prac. & Instr., O'Malley, Grenig & Lee, §§ 171.01, 171.20 (6th Ed. 2011); *Hrzenak v. White-Westinghouse Appliance Co.*, 682 F.2d 714, 719 (8th Cir. 1982) (upholding jury instruction stating that plaintiff was required "to prove every essential element of his claim by a preponderance of the evidence"); *Sherman v. Lawless*, 298 F.2d 899, 901 (8th Cir. 1962) (recognizing that in civil cases "[t]he burden is upon the plaintiff to prove the essential elements of her cause of action by a preponderance of the evidence."); *U.S. v. U.S. Currency in Amount of $15,426.00*, 2008 WL 4816984 at *5 (W.D. Mo. Oct. 31, 2008) ("The preponderance of the evidence standard provides that the plaintiff must produce evidence which, considered in the light of all the facts, proves that something is more likely so than not so.").

# DUTY TO DELIBERATE

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the courtroom deputy and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. The form reads: (read form). You will take this form to the jury room, and when you have all agreed on the verdict, your

foreperson will fill in the form, sign and date it, and tell the courtroom deputy that you are ready to return to the courtroom.

Defendant's Instruction No. ____
8th CIR. CIVIL JURY INSTR. § 4 (2018), Model Instruction No. 3.06 (as modified)

# INTENTIONAL RACE DISCRIMINATION

Plaintiff has asserted two claims of intentional race discrimination against Defendant:

*First*, Plaintiff claims that Defendant intentionally discriminated against her because of her race by denying her the Leadership Champion "opportunity" in 2014, and not promoting her to Consumer/Investigative Reporter in April 2015. Defendant denies Plaintiff's claims and contends that the Leadership Champion opportunity was not a job for which Plaintiff would have received compensation and that, in any event, she was denied the Leadership Champion title for legitimate, non-discriminatory reasons. Defendant also denies Plaintiff's claim concerning the Consumer/Investigative Reporter position and contends Plaintiff was denied that position for legitimate nondiscriminatory reasons. To prove unlawful discrimination, Plaintiff must prove by a preponderance of the evidence that Defendant did not select Plaintiff for these positions because of her race.

Plaintiff has brought the Leadership Champion claim under Federal law only, and the Consumer/Investigative Reporter position under Federal law and Missouri law. Federal law and Missouri laws require you to apply different standards to determine whether the laws have been violated. My instructions, and the forms of verdict you will use, will facilitate your reaching your verdicts.

Under Missouri law, Plaintiff must prove by a preponderance of the evidence that her race was a motivating factor in Defendant's decision not to select her for the Consumer/Investigative Reporter position. Plaintiff's race was a "motivating factor," if Plaintiff proves that her race played a role in Defendant not selecting her for the Consumer/Investigative Reporter position in April 2015. You may find that Plaintiff's race was a motivating factor in Defendant's decision if Plaintiff has proved by a preponderance of the evidence that each of the stated reasons for Defendant's decisions is not the real reason, but is a pretext to hide intentional race discrimination against

Plaintiff. If you do not find that Plaintiff has met her burden to prove that her race was a motivating factor in Defendant's decision to not select her for the Consumer/Investigative Reporter position, then you must find for Defendant on this claim.

Under Federal Law, Plaintiff must prove by a preponderance of the evidence that her race was the but-for cause of Defendant not selecting her for the Consumer/Investigative Reporter position in April 2015. You may find that Plaintiff's race was the but-for cause of Defendant's decision if Plaintiff has proved by a preponderance of the evidence that each of the stated reasons for Defendant's decisions is not the real reason, but is a pretext to hide intentional race discrimination against Plaintiff. If you do not find that Plaintiff has met her burden to prove that her race was the but-for cause in Defendant's decision to not select her for the Consumer/Investigative Reporter position, then you must find for Defendant on this claim.

Under Federal law, Plaintiff must prove that she applied for a Leadership Champion job that was open in February, 2014 that paid compensation to the holder of the job. Plaintiff must also prove that but-for her race she would have received such a job and that each of the stated reasons for Defendant's decision is not the real reason, but is a pretext to hide intentional race discrimination against Plaintiff. You may find that Plaintiff's race was the but-for cause of Defendant's decision if Plaintiff has proved by a preponderance of the evidence that each of the stated reasons for Defendant's decisions is not the real reason, but is a pretext to hide intentional race discrimination against Plaintiff. If you do not find that Plaintiff has met her burden to prove that her race was the but-for cause then you must find for Defendant on this claim.

I will instruct you as to your obligations in determining the facts relevant to each claim.

Defendant's Instruction No. ___

8th CIR. CIVIL JURY INSTR. § 5 (2018), Model Instruction No. 5.20 (as modified); 8th CIR. CIVIL JURY INSTR. § 4 (2018), Model Instruction No. 5.40 (as modified); 8th CIR. CIVIL JURY INSTR. § 11 (2018), Model Instruction No. 11.41 (as modified); Mo. Rev. Stat. §213.055.1(1)(a) (prohibiting discrimination in employment "because of" an individual's race); Missouri Senate Bill 43 (amending the Missouri Human Rights Act to require a plaintiff to show in employment discrimination cases that the plaintiff's protected class was the "motivating factor" in the adverse job action meaning that it "actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action.").

## INFERENCES DEFINED

You are to consider the evidence in this case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may conclude that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

Defendant's Instruction No. __
3 EDWARD J. DEVITT ET AL., FEDERAL JURY PRACTICE AND INSTRUCTIONS pp. 116-117. *See Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 361 (8th Cir. 2009) ("Within limits the jury may weigh the evidence and draw from the facts reasonable inferences and conclusions, using in this connection the jurors' own reason, common sense and experience in life.") *quoting United States v. 158.24 Acres*, 696 F.2d 559, 565 (8th Cir. 1982); *Johnson v. Dierks Lumber & Coal Co.*, 130 F.2d 115, 119 (8th Cir. 1942) ("[W]here reasonable men may draw different inferences from the evidence, it is the province of the jury to determine which is proper.").

## SAME ACTOR INFERENCE

If you find that the same supervisor or manager responsible for denying Plaintiff the Consumer/Investigative Reporter position or the Leadership Champion opportunity also hired or promoted employees of Plaintiff's same race around the same time of the challenged actions, there is a strong inference that intentional race discrimination was ***not*** the reason for the supervisor's adverse employment action against Plaintiff. You may, but are not required to, infer from this evidence that Defendant's decision not to select Plaintiff for the Consumer/Investigative Reporter position or the Leadership Champion opportunity was not because of her race.

Defendant's Instruction No. ___

The Eighth Circuit applies the same-actor presumption in favor of employers with such **strength that it GRANTED a directed verdict for the employer** and indicated that but-for the inference, the Court would have denied the employer's motion for a directed verdict. *See Lowe v. J.B. Hunt Transport, Inc.*, 963 F.2d 173, 174–75 (8th Cir.1992). "[A]s the person who hired and promoted Neitzke as a welder in the first place, Schwisow is entitled to the "same actor" inference of non-discrimination." *Neitzke v. Husqvarna Professional Outdoor Products, Inc*., 529 F.Supp.2d 1022, 1030 (D. Neb. 2008) (emphasis added); see also *Fields v. Shelter Mut. Ins. Co*., 2007 WL 1174381 at *6-8 (E.D. Ark. 2007) (applying the same actor-inference to the Plaintiff's failure to promote claim), aff'd, 520 F.3d 859 (8th Cir. 2008). As the Eighth Circuit states, "[w]e have noted it is unlikely a supervisor would hire an older employee and then discriminate on the basis of age, and such evidence creates a presumption against discrimination." Fitzgerald v. Action, Inc., 521 F.3d 867, 877 (8th Cir. 2008) (emphasis added). *See Arraleh v. County of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006) (Recognizing the applicability of strong same-actor inference in the failure to promote context). "The same actor inference creates the presumption that animus was not present where the same actor responsible for the adverse employment action either hired or promoted the employee at issue." *Spears v. Patterson UTI Drilling Co.*, 337 F. App'x 416, 421–22 (5th Cir.2009); *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 959 (4th Cir.1996) (recognizing a powerful inference that the failure to promote the plaintiff was not motivated by discriminatory animus where the actor who failed to promote the plaintiff was the same actor that hired the plaintiff). The same-actor inference applies where the same individual both hires and fails to promote an employee. *See Hartsel v. Keys*, 87 F.3d 795, 804 n. 9 (6th Cir.1996); *LeBlanc v. Great American Ins.* Co. 6 F.3d 836 (1st Cir. 1993) (applying same-actor inference to scenario where manager accused of discrimination had previously granted a pay raise to the Plaintiff); *Takele v. Mayo Clinic,* 576 F.3d 834, 839 (8th Cir. 2009); *Calvin v Yellow Freight Sys., Inc.*, 218 F.3d 904, 906-07 (8th Cir. 2000) ("The courts have held that it is unlikely that a person would hire a minority and then . . . decide to fire that same person base [] on the minority status."); *Lowe v. J.B. Hunt*, 963 F.2d 173, 174 (8th Cir.. 1992) (finding district court's directed verdict proper in

light of same-actor inference). *See also Buhrmaster v. Overnight Transp.*, 61 F.3d 461 (6th Cir. 1995) (affirming same-actor inference jury instruction and recognizing that "[a]n individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class. This general principle applies regardless of whether the class is age, race, sex, or some other protected classification.").

The rationale supporting the same-actor inference has been explained by the Fourth Circuit as follows: "From the standpoint of the putative discriminator, it hardly makes sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job." *Proud v. Stone*, 945 F.2d 796, 797 (4th Cir. 1991) *quoting* Donohue & Siegelman, *The Changing Nature of Employment Discrimination Litigation* 43 Stan.L.Rev. 983, 1017 (1991) (internal quotations omitted). The Eighth Circuit has adopted and directly relied on *Proud*'s rationale for the same-actor inference. *Herr v. Airborne Freight Corp.*, 130 F.3d 359, 363 (8th Cir. 1997) ("This inference arises because it is unlikely that the same supervisor would hire a woman, only to turn around and discharge her for that reason."). The Eighth Circuit has stated that the same-actor inference is a "strong" inference, *see, e.g., Herr*, 130 F.3d at 362-63; *Arraleh v. County of Ramsey*, 461 F.3d 967, 976 (8th Cir. 2006), and has found that it is unlikely that a decisionmaker who hired or promoted an employee in a protected class would develop a discriminatory aversion to employees in that same class within a period of two years. *Lowe v. J.B. Hunt Transp., Inc.*, 963 F.2d 173, 175 (8th Cir. 1992); *See also Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 513 (4th Cir. 1994). In the context of an ADEA case, the Fourth Circuit, citing *Proud*, stated: "In fact, [the employer's] hiring practices make a finding of pretext even less plausible. Fennessey hired a 54-year old worker at approximately the same time he made his allegedly discriminatory statement, and had hired a 60-year old worker several years before that. *Such hiring practice is significant.* As we have stated, 'employers who knowingly hire workers within a protected class seldom will be credible targets for charges of pretextual firing.'" *Birkbeck*, 30 F.3d at 513 (emphasis added). Thus, the same logic and rationale relied upon by the Eighth Circuit when applying the same-actor inference where an individual both hired and fired the plaintiff apply where the decisionmaker who fired the plaintiff hired and/or promoted other members of plaintiff's protected class. *See also Collins v. Sailormen Inc.*, 512 F.Supp.2d 502, 507 (W.D. La. 2007) (holding that the same actor inference applied where five of the six general managers under the decisionmaker who terminated plaintiffs employment were, like plaintiff, black).

# **RETALIATON**

Plaintiff has asserted two claims of retaliation against Defendant:

Plaintiff claims Defendant retaliated against her by suspending her for 2 days in May 2015 for complaining that she had been discriminated against. Plaintiff also claims Defendant retaliated against her because she filed this lawsuit in December 2016 by suspending her for two days in May 2018 **with pay** pending investigation into her coworkers' complaints concerning her social media posts, and by not renewing her contract in June 2018 because she filed this lawsuit.

Defendant denies Plaintiff's claims and contends that Plaintiff was suspended for two days in May 2015 for legitimate, non-retaliatory reasons following what Defendant determined was inappropriate conduct towards her manager, Melissa Greenstein. Defendant further contends that Plaintiff was suspended with pay in 2018 for legitimate non-retaliatory reasons pending investigation of complaints from her coworkers and that her contract was not renewed in June 2018 for legitimate nonretaliatory reasons.

It is unlawful for an employer to retaliate against an employee for engaging in protected activity. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant suspended her for two days in May 2015 intentionally because of her protected activity and that Defendant suspended her with pay in May 2018 and decided not to renew her contract in June 2018 intentionally because she filed this lawsuit in December, 2016.

Protected activity includes opposing an employment practice that is unlawful under the MHRA or 42 USC Section 1981, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under MHRA or 42 USC Section 1981. If the claim is for opposing an employment practice, Plaintiff must prove, by a preponderance of the evidence that she at least had a reasonable belief that the practice was unlawful under MHRA or 42 USC Section 1981 and that the individuals responsible for the alleged retaliation

knew about her protected activity before making the decision to suspend her for two days in May, 2015.

Plaintiff must prove that she would not have been suspended for two days in May 2015, that she would not have been suspended with pay in 2018, and that her contract would not have been renewed in June 2018 if she had not engaged in protected activity or filed this lawsuit in December 2016. Plaintiff has the burden to prove that each of the reasons Defendant has given for its decisions is false and that retaliation is the real reason.

Defendant's Instruction No. ___
*See* 8th CIR. CIVIL JURY INSTR. § 10.00, Model Instruction 10.41 (2018) (as modified).
*Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534 (2013) (holding that "a plaintiff making a retaliation claim under [Title VII] § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." ); *Wright v. St. Vincent Health System*, 730 F.3d 732, 738 n.5 (8th Cir. 2013) (applying "but-for" standard to retaliation cases arising under 42 U.S.C. § 1981). *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68, 126 S. Ct. 2405, 2414-15 (2006); *see, e.g., Higgins v. Gonzales*, 481 F.3d 578, 589 (8th Cir. 2007) (holding that retaliation claim requires that plaintiff show

(1) he or she engaged in a "protected activity," (2) the employer took or engaged in a materially adverse action, and (3) a causal connection existed between the protected activity and the materially adverse action), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011); *Sutherland v. Missouri Dep't of Corr.*, 580 F.3d 748, 752 (8th Cir. 2009).

## PROTECTED ACTIVTIY CANNOT BE USED TO AVOID DISCIPLINE

If you find that Plaintiff engaged in protected activity in an effort to avoid discipline for her May 19, 2015 conduct involving her manager, Melissa Greenstein then Plaintiff cannot establish retaliation. If you find that Plaintiff engaged in protected activity in an effort to avoid discipline by Defendant, then Plaintiff cannot establish retaliation and you should answer no to Question No. ____.  Insubordinate employees may not insulate themselves from discipline just because they have engaged in protected activity before the employer takes action.  Plaintiff has the burden to prove intentional retaliation and she cannot meet that burden solely by showing that she contested what she believed to be an unlawful employment practice. Defendant does not have the burden to convince you of Plaintiff's motive and even if you do not believe Plaintiff engaged in protected activity to avoid discipline you may not find retaliation on this basis alone and must consider the remainder of these instructions concerning retaliation.

Defendant's Instruction No. ___
*Univ. of Tex. S.W.Med. Ctr v. Nassar*, 570 U.S. 338, 133 S.Ct. 2517*, 2532 (2013)*; *Hervey v. Cty. of Koochiching*, 527 F.3d 711, 723 (8th Cir. 2008) ("Insubordinate employees may not insulate themselves from discipline by announcing an intention to claim discrimination just before the employer takes action."); *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) (*en banc*) ("Although contesting an unlawful employment practice is protected conduct, the anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the workplace."). "Filing a harassment complaint . . . does not insulate an employee from the consequences of violating company policy." *Alvarez v. Des Moines Bolt Supply, Inc.*, 626 F.3d 410, 417 (8th Cir. 2010).

# DECISION MAKER'S KNOWLEDGE

If you find that the person(s) who decided to suspend Plaintiff for 2 days in May 2015 did not have knowledge of any protected activity by Plaintiff before making the decision to suspend Plaintiff, then Plaintiff cannot establish retaliation and you should answer no to Question No. _____.

If you find that the person(s) who decided to suspend Plaintiff for 2 days in May 2015 did have knowledge of any protected activity by Plaintiff before making the decision to suspend Plaintiff, you cannot find retaliation in favor of Plaintiff on this basis alone and must consider the remainder of these instructions concerning retaliation.

Defendant's Instruction No. _____.

*Lyons v. Vaught*, 781 F.3d 958, 962-63 (8th Cir. 2015) ("It is only intuitive that for protected conduct to be a substantial or motivating factor in a decision, the decisionmakers must be aware of the protected conduct.") *quoting Ambrose v. Twp. of Robinson*, 303 F.3d 488, 493 (3d Cir. 2002).

*Jackson v. United Parcel Svc., Inc.*, 548 F.3d 1137, 1143 (8th Cir. 2008) (affirming district court's grant of summary judgement on plaintiff's retaliation case under Title VII and Section 1981 where there was no causal connection between plaintiff's protected activity and adverse job action because the supervisors who decided to take adverse action against the plaintiff were unaware of plaintiff's prior protected activity).

*Mitchell v. Iowa Protection and Advocacy Servs., Inc.*, 325 F.3d 1011, 1014 (8th Cir. 2003) (no causal connection between protected activity and adverse job action where decisionmakers were not aware of plaintiff's protected activity).

*Wolff v. Berkley Inc.*, 938 F.2d 100, 103 (8th Cir. 1991) ("In order to succeed on a claim for retaliatory discharge, the plaintiff must prove a causal relationship between statutorily protected activity and her termination. Such a causal link does not exist if the employer is not aware of the employee's statutorily protected activity.").

*Perry v. Mail Contractors of America, Inc.*, 2013 WL 6119226, at *6 (W.D. N.C. Nov. 21, 2013) ("[U]nless the plaintiff can prove the decisionmaker knows of the [comparator's misconduct] the events cannot be considered in determining whether [plaintiff and his comparators] are similarly situated." (internal quotations and citations omitted)).

## WITHDRAWAL OF INTEREST IN POSITION

If you find that Defendant believed that Plaintiff withdrew her interest in the Consumer/Investigative Reporter position at issue then Plaintiff cannot establish retaliation and you should answer no to Question No. _____.


Defendant's Instruction No. _____.
*Qu v. Board of Regents of University of Minnesota*, 2009 WL 2900334 at **7, 9 (D.Minn Sept. 2, 2009) (holding that the employer did not retaliate against the plaintiff for filing administrative charges of discrimination by failing to promote him because the plaintiff withdrew his applications though the employer offered to interview him and "[a]n individual who voluntarily withdraws an application for a promotion cannot state a *prima facie* case of discrimination); *McClure v. Career Systems Development Corp.*, 447 F.3d 1133, 1135 (8th Cir. 2006) ("To establish a prima facie failure-to-promote claim, a plaintiff ordinarily must show he or she applied for the promotion and was rejected) (internal quotations omitted); *Lockridge v. Board of Trustees of University of Arkansas*, 315 F.3d 1005, 1010 (8th Cir. 2003) (en banc) (same).

"[T]he record is clear that she voluntarily withdrew her application and, thus, did not apply for the position." *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 762-63 (4th Cir. 1998) (holding that the employer did not unlawfully fail to promote the plaintiff because of her race because plaintiff withdrew her application) *rev'd on other grounds*, 527 U.S. 1031 (1999).

*Trainor v. SBC Services, Inc.*, 2006 WL 644483 at *5 (N.D. Ill. March 7, 2006) (holding plaintiff could not prove that she was unlawfully denied a job because she voluntarily withdrew her application because she did not want a job that she believed would be phased out and moved to another location).

*Dillard v. Chicago Transit Auth.*, 2003 WL 22136309 at *3 (N.D. Ill. Sept. 16, 2003) (holding employer did not discriminatorily refuse to promote plaintiff to Lead Manager position because plaintiff was not qualified for the position where the plaintiff refused employer's offer to interview him for the position and withdrew his application for the position).

*Sanchez v. University of Conn. Health Care*, 292 F.Supp.2d 385, 394 (D.Conn. 2003) (holding plaintiff could not prove she was unlawfully denied a Clinical Office Assistant position because she voluntarily withdrew her application because she did not want to work at a desk job).

.

## BUSINESS JUDGMENT

You may not return a verdict for Plaintiff just because you might disagree with Defendant's decisions concerning Plaintiff's employment or believe such decisions to be harsh or unreasonable. As an employer, Defendant has the right to make personnel decisions for any reason as long as Plaintiff has not established that the decisions are based on intentional race discrimination or intentional retaliation.

The law does not diminish Defendant's right to determine the seriousness of misconduct among its employees based on its own business judgment unless Plaintiff proves intentional discrimination or retaliation.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 5 (2018), Model Instruction No. 5.02 (as modified); *Walker v. AT&T Technologies*, 995 F.2d 846, 850 (8th Cir. 1993) (holding that district court erred when it failed to instruct the jury "that an employer has the right to make business decisions—to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge—for good reason, bad reason, or no reason at all, absent intentional age discrimination"); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) (explaining that Title VII "was not intended to 'diminish traditional management prerogatives'"); *Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 484-85 (8th Cir. 1997) (relying on employer's evidence that employee's termination was "pursuant to comprehensive, neutral program motivated by [employer's] exercise of its business judgment" to conclude that termination was not discriminatory).

## SUBJECTIVE BELIEF OF DISCRIMINATION OR RETALIATION

In assessing Plaintiff's evidence of discrimination or retaliation, you are instructed that self-serving and speculative testimony about discrimination or retaliation is subject to especially searching scrutiny. Generalized testimony by Plaintiff or other witnesses regarding subjective beliefs that Defendant acted in a particular way because of race or because Plaintiff opposed a discriminatory practice or filed her lawsuit cannot alone establish a violation of the law.

You are therefore instructed that the subjective belief of Plaintiff or any other witness that Defendant discriminated or retaliated against her is insufficient to support a jury verdict in her favor.

Defendant's Instruction No. ____
*Thomas v. Corwin*, 483 F.3d 516, 530 (8th Cir. 2007) (holding that plaintiff's "own conclusory allegations," not supported by facts or evidence, about being treated differently than similarly-situated male employees were insufficient to survive summary judgment); *Myers v. Croell Redi-Mix, Inc.*, 672 F. Supp. 2d 889, 908 (N.D. Iowa 2009) (granting employer summary judgment because plaintiff's disparate treatment claim was "based solely on her subjective belief" about her employer's discrimination); *Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998) (holding that plaintiff's "unsubstantiated" submission that she was subject to discriminatory evaluation process was insufficient to support her claim); *Brasch v. Peters*, 479 F. Supp. 2d 1045, 1082 (E.D. Mo. 2007) ("Plaintiff's subjective belief . . . is not evidence."); *Canady v. Wal-Mart Stores, Inc.*, 440 F.3d 1031, 1034 (8th Cir. 2006) (holding plaintiff failed to establish prima facie case where plaintiff "merely stated his belief that he was treated differently than similarly situated Caucasian employees.").

## **PLAINTIFF'S BURDEN TO PROVE PRETEXT**

Disputing the facts underlying Defendant's business reasons for the decision to not promote Plaintiff is insufficient to carry Plaintiff's burden of proving pretext; rather, Plaintiff must also present evidence convincing you that the reasons given by Defendant are false and that the real reason was to discriminate against Plaintiff based on her race or to retaliate against her. For pretext purposes, it is only the beliefs and concerns of the decisionmakers that are relevant.

The burden to establish pretext is always with Plaintiff and pretext is not established if Plaintiff rebuts only one of multiple business reasons offered by Defendant for its decisions.


Defendant's Instruction No. ___
*St. Mary's Honor Ctr v. Hicks*, 509 U.S. 502, 507 (1993); *Tuttle v. Henry J. Kaiser Co.*, 921 F.2d 183, 186 (8th Cir. 1990) ("The plaintiff bears the ultimate burden of proving discrimination," including proving pretext); Plaintiff must prove ***both*** that her employer's reasons were false ***and*** that discrimination was the real reason. *See, e.g., Bone v. G4S Youth Services, LLC*, 686 F.3d 948, 955 (8th Cir. 2012); *Laxton v. Gap Inc*., 333 F.3d 572, 578 (5th Cir. 2003) ("The plaintiff must rebut each nondiscriminatory reason articulated by the employer."); Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 220 (5th Cir. 2001) ("The plaintiff must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates."); *Clay v. Holy Cross Hosp*., 253 F.3d 1000, 1007 (7th Cir. 2001) (holding that for plaintiff to prove pretext, "she must present facts to rebut each and every legitimate, non-discriminatory reason advanced by the Hospital in order to survive summary judgment"); *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994) ("[T]o avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered non-discriminatory reasons . . . was either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext)."); *Chapman v. AI Transp*., 229 F.3d 1012, 1024–25 (11th Cir. 2000) ("If the plaintiff does not proffer sufficient evidence to create a genuine issue of material fact regarding whether each of the defendant employer's articulated reasons is pretextual, the employer is entitled to summary judgment on the plaintiff's claim.").

## <u>OTHER ACTIONS BROUGHT AGAINST EMPLOYER</u>

You may not consider the fact of whether Demetrice "Dee" Jackson, a witness in this case, is or is not pursuing a separate claim against Defendant in reaching your decision regarding whether Defendant intentionally discriminated or retaliated against Plaintiff.

Defendant's Instruction No. ____
*Hall v. Mid-State Mach. Prod.*, 895 F. Supp. 2d 243, 272 (D. Me. 2012) (concluding that if plaintiff presented evidence of another employee's lawsuit against defendant, the defendant would be entitled to rebut that claim with evidence of their own); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it.").

## <u>DIRECT EVIDENCE OF DISCRIMINATION</u>

You may not consider any testimony of Demetrice "Dee" Jackson or any other witness regarding their own experiences working for Defendant as direct evidence of intentional race discrimination or retaliation against Plaintiff.


Defendant's Instruction No. ___
Plaintiff's Opposition to Defendant's Motion to Reconsider the Court's Decision Permitting Demetrice "Dee" Jackson to Testify concedes that he has no **direct evidence** of discrimination. [Dkt. No. 295]. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1045-46 (8th Cir. 2011) (holding that direct evidence of discrimination "must show a specific link between a discriminatory bias and the adverse employment action."). Because Dee Jackson's testimony does not pertain specifically to Plaintiff's experiences or any adverse action against Plaintiff, it cannot be direct evidence of discrimination against Plaintiff. *See also Clearwater v. Indep't School Dist. No. 166*, 231 F.3d 1122, 1127 (8th Cir. 2000) (holding that evidence of certain discriminatory comments were "not sufficiently related to the adverse employment action in question to constitute direct evidence of a discriminatory motive"); *Kerns v. Capital Graphics, Inc.*, 178 F.3d 1011, 1017-18 (8th Cir. 1999) (holding that no direct evidence of discrimination existed because none of the decisionmaker's discriminatory statements related to the plaintiff).

## LEGAL VIOLATION BY PLAINTIFF NOT REQUIRED

As an employer, and as made clear in the parties' contract, Defendant had the right to choose not to renew Plaintiff's contract if Defendant learned that Plaintiff engaged in conduct that, in Defendant's business judgment, could harm Defendant's best interests. As a result, Defendant could lawfully have chosen not to renew Plaintiff's contract because Defendant believed that the Plaintiff's failure to file her tax returns—which can constitute a legal violation but does not have to do so—sent the inappropriate message that Plaintiff was not mindful of the same rules that apply to the general public and that such a failure to file could have a detrimental impact on her credibility and the operations, personnel, reputation, public image or best interests of the Station. Defendant does not have the burden to demonstrate a legal violation by Plaintiff or public knowledge of Plaintiff's tax filing or tax return information. Defendant had the right to not renew Plaintiff's contract for any reason other than if Plaintiff proves the reason was intentional race discrimination or intentional retaliation.

The non-renewal letter given to Plaintiff by Defendant stated that Defendant chose not to renew Plaintiff's contract, in part, because Plaintiff's failure to file her tax returns "in our judgment does or could reflect unfavorably upon the reputation, public image, or best interests of the Station. The Station has reported upon tax controversies and is expected to do so in the future and the issue of a public figure's compliance with tax obligations can be newsworthy. The repeated failure to comply with the requirement to file tax returns in our judgment impacts Section 8B of your Agreement and detrimentally impacts credibility, operations, personnel, reputation and the public image or best interests of the Station." (*Benson non-renewal letter*, June 7, 2018).

Defendant's Instruction No. _____

The aim of Title VII and comparable state laws is to prevent discrimination in the workplace, not to scrutinize an employer's procedure for uncovering workplace violations by its employees. *Summers v. City of Dothan*, 757 F. Supp. 2d 1184, 1208 (M.D. Ala. 2010); *Kiel v. Select Artificials, Inc.,* 169 F.3d 1131, 1136 (8th Cir. 1999) (holding that an employee pursuing discrimination claims is still subject to employer's rules and may receive "discipline for violating the employer's rules or disrupting the workplace"); The cases under the Business judgment jury instruction on page 37; *Evance v. Trumann Health Services, LLC*, 719 F.3d 673, 678 (8th Cir. 2013), *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 795 (8th Cir. 2001), *Summers v. City of Dothan Alabama*, 757 F.Supp.2d 1184, 1208 (M.D. Ala 2010), *Wheeler v. Aventis Pharmaceuticals*, 360 F.3d 853, 859 (8th Cir. 2004); *Walker v. AT&T Technologies*, 995 F.2d 846, 850 (8th Cir. 1993) (holding that district court erred when it failed to instruct the jury "that an employer has the right to make business decisions—to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge—for good reason, bad reason, or no reason at all, absent intentional age discrimination"); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) (explaining that Title VII "was not intended to 'diminish traditional management prerogatives'"); *Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 484-85 (8th Cir. 1997) (relying on employer's evidence that employee's termination was "pursuant to comprehensive, neutral program motivated by [employer's] exercise of its business judgment" to conclude that termination was not discriminatory).

## SIMILARLY SITUATED EMPLOYEE

You may only consider a comparison between Plaintiff's treatment by Defendant and another employee's treatment by Defendant if Plaintiff has shown that the other employee is similarly situated in all relevant respects. To show that another employee is similarly situated to her, Plaintiff must demonstrate that the other employee dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any differentiating or mitigating circumstances. The test for determining whether employees are similarly situated to a plaintiff is a rigorous one. Thus, in terms of alleged conduct for which Plaintiff was accused, she must prove that another KSHB-TV General Assignment/MMJ reporter had a comparable record and: 1) engaged in social media activity involving offensive conduct based on race or sex and that social media activity prompted a complaint to the same decisionmakers involved in Plaintiff's case; 2) engaged in threating conduct on social media involving "burning down the village" or comparable threats of violence; 3) engaged in disingenuous conduct during an internal investigation of other employees' complaints involving race or sex; and 4) admitted to having not filed tax returns for multiple years in violation of the language of her employment contract; and 5) received more favorable treatment than Plaintiff.


Defendant's Instruction No. ___
*Wierman v. Casey's Gen'l Stores,*638 F.3d at 994 (8th Cir. 2011), 638 F.3d at 994 ("To be similarly situated the individuals  used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances.")(quoting *Cherry v. Riternour Sch. Dist.*, 361 F.3d 474, 479 (8thCir. 2004), 361 F.3d at 479 (emphasis added); *Rodgers v. U.S. Bank, N.*A,.417 F.3d 845, 853 (8thCir. 2005) (stating that the test for determining whether employees are similarly situated to a Plaintiff is a rigorous one)(abrogated on other grounds by *Torgeson v. City of Rochester*, 643 F.3d 1031, 1043 1058 (8th Cir. 2011) (en banc); *Stanback v. Best Diversified Prods. Inc.*, 180 F.3d 903, 910 (8th Cir. 1999) ("A plaintiff may prove such disparate treatment by showing that she was treated less favorably than similarly situated employees who are not in the plaintiff's protected class.");

*Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994) ("[Plaintiff] has the burden of proving that [Plaintiff] and the disparately treated whites were similarly situated in all relevant respects."); *Thomas v. Corwin*, 483 F.3d 516, 530 (8th Cir. 2007) (holding that plaintiff's "own conclusory allegations," not supported by facts or evidence, about being treated differently than similarly-situated male employees were insufficient to survive summary judgment); *Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998) (holding that plaintiff's "unsubstantiated" submission that she was subject to discriminatory evaluation process was insufficient to support her claim); *Brasch v. Peters*, 479 F. Supp. 2d 1045, 1082 (E.D. Mo. 2007) ("Plaintiff's subjective belief . . . is not evidence."); *Canady v. Wal-Mart Stores, Inc.*, 440 F.3d 1031, 1034 (8th Cir. 2006) (holding plaintiff failed to establish prima facie case where plaintiff "merely stated his belief that he was treated differently than similarly situated Caucasian employees.").

## SOCIAL MEDIA ACTIVITY

To prove that a similarly situated employee was treated differently by Defendant in regard to social media activity, Plaintiff must demonstrate that the decisionmakers received complaints from coworkers alleging that the employee(s) Plaintiff seeks to compare herself to engaged in offensive conduct on the basis of race and sex or other protected status and that the decisionmakers believed that the employee had engaged in threatening conduct on social media. Even if Plaintiff shows that another employee engaged in such social media activity, Plaintiff must also demonstrate that the other employee was found by an outside investigator and her employer to have engaged in disingenuous conduct and failed to comply with tax obligations.

Defendant's Instruction No. ___
*Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972 (8th Cir. 1994) ("[Plaintiff] has the burden of proving that [Plaintiff] and the disparately treated whites were similarly situated in all relevant respects.").

## DIFFERENT TREATMENT INSUFFICIENT

In connection with Plaintiff's claim of intentional race discrimination concerning the Leadership Champion opportunity and the Consumer/Investigative Reporter position, Plaintiff must demonstrate both that Defendant's reasons for non-renewal of Plaintiff's contract were pretext or false and that the true reason for the non-renewal was intentional race discrimination.

In connection with Plaintiff's claim of intentional retaliation in connection with her employment contract in 2018, Plaintiff must demonstrate both that Defendant's reasons for non-renewal of Plaintiff's contract were pretext or false and that the true reason for the non-renewal was intentional retaliation.

In connection with Plaintiff's claim of intentional retaliation in connection with her 2-day suspension in 2015, Plaintiff must demonstrate both that Defendant's reasons for non-renewal of Plaintiff's contract were pretext or false and that the true reason for the non-renewal was intentional retaliation.

Different treatment alone does not show intentional discrimination or retaliation. An employer may treat employees differently based on its judgment regarding the level of seriousness of the employees' alleged offenses. Additionally, an employer may treat employees differently based on the information known to decisionmakers about alleged offenses at the time of the decision or for any number of factors. An employer may treat employees differently for any reason except for intentional discrimination or retaliation.

Defendant's Instruction No. ___
*St. Mary's Honor Ctr v. Hicks*, 509 U.S. 502, 507 (1993) ("[N]othing in law would permit us to substitute for the required finding that the employer's action was the product of unlawful discrimination, the much different (and much lesser) finding that the employer's explanation of its action was not believable."); *Walker v. AT&T Technologies*, 995 F.2d 846, 850 (8th Cir. 1993) (holding that district court erred when it failed to instruct the jury "that an employer has the right

to make business decisions—to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge—for good reason, bad reason, or no reason at all, absent intentional age discrimination"); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) (explaining that Title VII "was not intended to 'diminish traditional management prerogatives'"); *Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 484-85 (8th Cir. 1997) (relying on employer's evidence that employee's termination was "pursuant to comprehensive, neutral program motivated by [employer's] exercise of its business judgment" to conclude that termination was not discriminatory).

## SUFFICIENCY OF INVESTIGATION

You may not return a verdict for Plaintiff just because you might believe that Defendant's investigation into Plaintiff's conduct was not sufficient or thorough enough. For example, you may not return a verdict for Plaintiff because you believe that Defendant should have interviewed Plaintiff or any other employee before making a decision. As an employer, Defendant has the right to make personnel decisions for any reason as long as Plaintiff has not established that the decisions are based on intentional race discrimination or retaliation.

Defendant's Instruction No. _____
*McCullough v. Univ. of Arkansas for Med. Scis.*, 559 F.3d 855, 863 (8th Cir. 2009) ("The appropriate scope of investigation is a business judgment, and shortcomings in an investigation do not by themselves support an inference of discrimination."); *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 997 (8th Cir. 2011) (rejecting employee's argument that employer should have interviewed her, reasoning that "any failure to conduct a more searching inquiry is not evidence of pretext"); *Weesner v. U.S. Bancorp*, 2011 WL 4471765 (D. Minnesota, Sept. 26, 2011) (rejecting employee's argument that employer's **"failure to get his side of the story before terminating his employment"** indicated pretext and explaining that an employer is not required to interview an employee about alleged misconduct). As the Federal Court in *Weesner* stated in granting summary judgment to the employer:

> Weesner apparently believes that U.S. Bank's failure to get his side of the story before terminating his employment indicates that the investigation was not thorough and, accordingly, suggests pretext . . . Yet he has cited no judicial authority providing that an employer is required to interview an employee about alleged misconduct before termination, and indeed caselaw suggests the opposite. *See, e.g, Wierman*, 638 F.3d at 996-97; *Cooper v. Wal-Mart Stores, Inc*., 296 F.App'x 686, 696 (10th Cir. 2008); *Martin v. Health Care & Retirement Corp*., 67 F.App'x 109, 112-13 (3d Cir. 2003): *Macon v. King's Family Restaurant,* Civ. A. No. 06-300, 2007 WL 1366789 at *7 (W.D. Pa. May 7, 2007).

## <u>RELEVANCE OF PLAINTIFF'S WORK SCHEDULE</u>

You may not return a verdict for Plaintiff based on a belief that the company should have allowed her to have her preferred schedule and hours. Under Plaintiff's contract, Defendant had the right to utilize its business judgment and discretion to decide Plaintiff's work hours and schedule.

Defendant's Instruction No. ___
*Walker v. AT&T Technologies*, 995 F.2d 846, 850 (8th Cir. 1993) (holding that district court erred when it failed to instruct the jury "that an employer has the right to make business decisions—***to assign work, to change an employee's duties, to refuse to assign a particular*** job, and to discharge—for good reason, bad reason, or no reason at all, absent intentional age discrimination") (emphasis added);*Harlston v. McDonnell Douglas Corp.,* 37 F.3d 379, 382 (8th Cir. 1994) (minor changes in employee's secretarial assignment was insufficient to establish prima facie claim of discrimination); *Russell v. Shop 'N Save Warehouse Foods*, 2010 WL 1462086 at *3-4 (E.D. Mo. Apr. 13, 2010) (rejecting claim of discrimination based on shift change that allegedly resulted in more stressful work environment because there was no reduction in pay or benefits).

## <u>RELEVANCE OF OTHER DISCIPLINE</u>

You may not return a verdict for Plaintiff based on a belief that the company should not have disciplined Plaintiff for conduct that is unrelated to the employment decisions for which Plaintiff has an actual claim for intentional discrimination or intentional retaliation in this case. Under Plaintiff's contract, Defendant had the right to utilize its business judgment and discretion to discipline Plaintiff for conduct it found to be a violation of her employment contract or Company policy.

Defendant's Instruction No. ___
*Walker v. AT&T Technologies*, 995 F.2d 846, 850 (8th Cir. 1993) (holding that district court erred when it failed to instruct the jury "that an employer has the right to make business decisions—***to assign work, to change an employee's duties, to refuse to assign a particular*** job, and to discharge—for good reason, bad reason, or no reason at all, absent intentional age discrimination") (emphasis added); 8th CIR. CIVIL JURY INSTR. § 5 (2018), Model Instruction No. 5.02 (as modified); *Walker v. AT&T Technologies*, 995 F.2d 846, 850 (8th Cir. 1993) (holding that district court erred when it failed to instruct the jury "that an employer has the right to make business decisions—to assign work, to change an employee's duties, to refuse to assign a particular job, and to discharge—for good reason, bad reason, or no reason at all, absent intentional age discrimination"); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) (explaining that Title VII "was not intended to 'diminish traditional management prerogatives'"); *Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 484-85 (8th Cir. 1997) (relying on employer's evidence that employee's termination was "pursuant to comprehensive, neutral program motivated by [employer's] exercise of its business judgment" to conclude that termination was not discriminatory).

### BACK PAY AND BENEFITS (Answer Only if You Find In Favor of Plaintiff)

If you find in favor of Plaintiff, then you must award Plaintiff such sum as you find will fairly and justly compensate her for any damages you find she sustained that she has proven and are not based upon speculation. Damages include wages or fringe benefits you find Plaintiff would have earned in her employment with Defendant if she proves that her 2017 employment contract would have been renewed when it expired on August 31, 2018 through the date of trial. You are instructed that Defendant paid her in full for wages and fringe benefits from the date of her suspension in May, 2018 through the end of her contract on August 31, 2018 and you thus may not award Plaintiff any damages for such period even if you find in favor of Plaintiff. If you find that Plaintiff was intentionally retaliated against for her two day unpaid suspension in 2015, you may award her damages for the two days of lost pay she proves. If you find that Plaintiff was intentionally discriminated against by not receiving the Consumer/Investigative Reporter position in 2015, you may award her any difference in pay that she proves she would have earned in that position but you may not award damages based on speculation concerning how long she may have remained in such position and any such award must subtract the amount of earnings and benefits received by Plaintiff during her employment in the interim period. Plaintiff may not receive back pay for any time period after she obtained or rejected substantially equivalent employment or should have done so.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

Defendant's Instruction No. ____

8th CIR. CIVIL JURY INSTR. § 11 (2018), Model Instruction No. 11.07 (as modified); *Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1097 (8th Cir. 1982) ("aggrieved persons are not entitled to recover damages for the period beyond which they would have been terminated for a nondiscriminatory reason.").

## MITIGATION OF DAMAGES

You are also instructed that the plaintiff has a duty under the law to "mitigate" her damages—that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find that Plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount of the wages and fringe benefits Plaintiff reasonably could have earned if she had sought out or taken advantage of such an opportunity.

In deciding whether to reduce Plaintiff's damages due to her failure to mitigate, you must weigh all of the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether it has been established that Plaintiff's conduct was not reasonable in connection with mitigating any damages.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 11 (2018), Model Instruction No. 11.07 (as modified)
*See Coleman v. City of Omaha*, 714 F.2d 804, 808 (8th Cir. 1983) (damages "must be offset by any earnings the plaintiff received after the discriminatory act or which the plaintiff could have earned through reasonable efforts to seek suitable alternative employment.").

**<u>EXPIRATION OF PLAINTIFF'S EMPLOYMENT AGREEMENT ON AUGUST 31, 2018</u>**

Your duty is to decide what the facts are from the admitted evidence. You must not speculate about or assume a fact not in evidence. In this case, Plaintiff's Employment Agreement was set to expire on August 31, 2018. Defendant paid Plaintiff her full salary and benefits through August 31, 2018. You must not speculate whether or not Defendant would or would not have renewed Plaintiff's Employment Agreement beyond August 31, 2018 or assume that it would or would not have been renewed.

Defendant's Instruction No. ____
8th CIR. CIVIL JURY INSTR. § 1 (2018), Model Instruction No. 1.03 (as modified); Model Civil Jury Instr. 3rd Cir. 1.1 (2018).

## AFTER-ACQUIRED EVIDENCE

### (Only Answer These Two Instructions if you Find in Favor of Plaintiff)

### QUESTION NO.____:

Has it been proved by a preponderance of the evidence that, even if you found that Plaintiff was intentionally retaliated against in 2018 in connection with the non-renewal of Plaintiff's contract, that Defendant would not have renewed Plaintiff's contract on or before it expired on August 31, 2018, based on information other than that which Defendant provided in its June 7, 2018 non-renewal letter, that Defendant learned after its decision to not renew her contract?

_____Yes        _____No

### QUESTION NO.____:

Has it been proved by a preponderance of the evidence that, even if you found that Defendant intentionally discriminated against Plaintiff because of race by denying her the Consumer/Investigative Reporter position in 2015, that Plaintiff's employment with Defendant would have ended in any event because of her own misconduct that Defendant discovered after the decision to not award her the Consumer/Investigative Reporter position in 2015?

_____Yes        _____No

8th CIR. CIVIL JURY INSTR. § 5 (2018), Model Instruction No. 5.01 (as modified).
*McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995) (ruling that an employer's after-acquired evidence of misconduct by the plaintiff may cut off the plaintiff's damages as of the date the employer discovered the misconduct); *Smith v. AS Am., Inc.*, 829 F.3d 616, 625–26 (8th Cir. 2016) ("The after-acquired evidence doctrine applies when an employee is fired for an unlawful reason but the employer later learns of other conduct that, by itself, would have resulted in discharge had it come to the employer's attention, and it limits the employee's damages to the period of time from the date of the unlawful discharge to the date the new information was discovered."); *Sellers v. Mineta*, 358 F.3d 1058, 1061-1062 (8th Cir. 2004) (discussing at length merits of after-acquired evidence theory); Harris v. Chand, 506 F.3d 1135, 1140 (8th Cir. 2007) (affirming district court that admitted after-acquired evidence and instructed jury that evidence was relevant to damages).

## <u>COST OF LITIGATION NOT TO BE CONSIDERED</u>

If you find in favor of Plaintiff and award damages, you may not award attorneys' fees, the cost of litigating this case,  or interest.  If attorneys' fees, the cost of litigating this case, or interest are to be  awarded, it is a separate matter for the Court to determine.  Therefore, attorneys' fees, the cost of  litigating the case, and interest should play no part in your calculation of damages.


Defendant's Instruction No. ___
Pattern Jury Instructions, District Judges Association, Section 6.1 Eleventh  Circuit (2000) (modified); MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT (2018), Model Instruction 6.4.1.
*Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991) (holding that district court erred in instructing jury regarding the possibility of attorneys' fees depending on their determinations because "[t]he jury's role is to determine liability and the amount of damages, [which is] distinct from the awarding of fees.").

## **PUNITIVE DAMAGES**[1]

If you find that Defendant acted with malice or reckless indifference to the federally protected rights of Plaintiff, federal law allows you, but does not require you, to award punitive damages. The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct and, second, to warn others against doing the same. You should presume that a plaintiff has been made whole for her injuries by the damages awarded under Instruction _____. The legal justification for punitive damages is similar to that of criminal punishment. You may award punitive damages only if you find, in accordance with the Court's instructions, that Defendant engaged in conduct so reprehensible to warrant punitive damages, and then only in an amount necessary to achieve punishment and deterrence.

Employers, such as Defendant, are not liable for punitive damages based on the wrongful acts of its employees, unless the employer authorized or approved the wrongful acts for which the damages are awarded and was aware of their wrongfulness. With respect to corporate employers such as Defendant, the authorization or approval must be by an officer, director or managing agent. A managing agent is a person who has authority to make decisions which will determine corporate policy. Otherwise, the employer is not liable for punitive damages.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible Defendant's conduct was. In this regard, you may consider whether the harm suffered by Plaintiff was physical or economic or both; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed Plaintiff.

---

[1] Defendant does not believe a punitive damages instruction is warranted and specifically objects to any instruction on this issue. However, if any punitive damages instruction is to be given, Defendant believes it should be as indicated in Defendant's Instruction No. _____.

2. How much harm Defendant's wrongful conduct caused Plaintiff? You may not consider harm to others in deciding the amount of punitive damages to award.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Defendant's financial condition, to punish Defendant for its wrongful conduct toward Plaintiff and to deter Defendant and others from similar wrongful conduct in the future.

4. The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Plaintiff.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 11 (2018), Model Instruction No. 11.72 (as modified); *BMW of North America Inc. v. Gore*, 517 U.S. 559, 580-81 (1996); Model Civ. Jury Instr., 8th Cir. (2011); Edward J. Devitt, et al., Fed. Jury Practice & Instruction, § 104.07 (2000 pocket part); *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003); *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 545 (1999); *Williams v. ConAgra Poultry Co.*, 378 F.3d 790, 796 (8th Cir. 2004) ("The dominant consideration for assessing the constitutionality of a punitive damages award is the reprehensibility of the defendant's conduct," specifically the conduct related to the plaintiff's particular claim).

## <u>LEADERSHIP CHAMPION</u>

Plaintiff must prove all of the following elements if you are to find that Defendant failed to promote her to a "Leadership Champion" position in February 2014. Your verdict must be for Plaintiff and against Defendant on Plaintiff's claim of race discrimination under only if all the following elements have been proved by Plaintiff:

*First*, an actual job called Leadership Champion existed for which applications were received and successful applicants received compensation;

*Second*, Plaintiff applied for such a "Leadership Champion;

*Third,* Plaintiff was better qualified for the "Leadership Champion" opportunity than the individuals named to the role. To prove this element, Plaintiff must show that she was significantly better qualified than any individual selected;

*Fourth*, Defendant acted because of Plaintiff's race in that but-for her race, it would have promoted her to Leadership Champion in February 2014; and

*Fifth*, Plaintiff suffered damages for not being promoted to the Leadership Champion opportunity in February 2014.

Plaintiff must prove all of these elements. If Plaintiff did not prove any one of these elements by a preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 11 (2018), Model Instruction No. 11.41 (as modified); *Torgeson v. City of Rochester*, 643 F.3d 1031, 1049 (8th Cir. 2011) (recognizing that the Eighth Circuit's "less qualified" standard, like that of other Circuits approved the Supreme Court, requires the Plaintiff to show she was significantly better qualified than the selected applicant) (citing *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457-58 (2006); *Karcher v. Emerson Elec. Co.*, 94 F.3d 502, 510 (8th Cir. 1996); *Tuggle v. Mangan*, 348 F.3d 715, 718 (8th Cir. 2003) (dissatisfaction with work assignments and training without reduction in pay and benefits is not actionable as adverse action); *Russell v. Shop'NSave Warehouse Foods*, No. 4:09-cv-1695 TCM, 2010 WL 1462086 at *3-4 (E.D. Mo. Apr. 13, 2010 (dissatisfaction with work assignments and training without reduction in

pay and benefits is not actionable as adverse action); *Karcher v. Emerson Elec. Co*., 94 F.3d 502, 510 (8th Cir. 1996); *Lidge-Myrtil v. Deere & Co*., 49 F.3d 1308, 1311 (8th Cir. 1995); *Pierce v. March*, 859 F.2d 601, 604 (8th Cir. 1988): *Floyd v. State of Missouri*, 188 F.3d 932, 937 (8thCir. 1999)(involving federal and MHRA discrimination claims). Plaintiff has conceded in discovery that she has no damages associated with the Leadership Champion designation, which is not a job in the first place. (*See* Defendant's Motion in Limine p. 18 attaching Plaintiff's Interrogatory Responses which fail to list any damages associated with the Leadership Champion designation). At Plaintiff's request, this Court also reviewed Plaintiff's December 2018 deposition recently and when asked in that deposition to identify the claims she believed were in the case, Plaintiff failed to identify the Leadership Champion designation. (Plaintiff's Deposition 431, 448). Plaintiff's lack of damages concerning this claim means that it must be foreclosed at trial. *See, e.g, Advantage Media*, 456 F.3d 793, 803 (8th Cir. 2006); *Williams*, 2011 WL 3354933 at *3(W.D. Mo. Aug. 3, 2011).

**QUESTION NO. \_\_\_\_**

Do you find that Plaintiff proved by a preponderance of the evidence that Plaintiff would have been selected as a Leadership Champion in February 2014, but-for her race by proving each element set forth in Instruction No. \_\_\_?

_____Yes        _____No

## CONSUMER/INVESTIGATIVE REPORTER

Plaintiff must meet her burden of proving by a preponderance of the evidence, all the following elements of her claims for intentional race discrimination for failure to promote:

*First*, Plaintiff applied for the Consumer/Investigative Reporter position that was filled in April 2015;

*Second*, Plaintiff was better qualified for the April 2015 position of Consumer/Investigative Reporter than the individual who was selected. To prove this element, Plaintiff must show that she was significantly better qualified than the individual selected for the position.

*Third*, Defendant failed to promote Plaintiff to the April 2015 Consumer/Investigative Reporter position;

*Fourth*, Defendant acted because of Plaintiff's race in that but-for her race, it would have promoted her to the Consumer/Investigative Reporter position or Plaintiff's race was a motivating factor in Defendant's decision not to promote her to the position of Consumer/Investigative Reporter; and

*Fifth*, Plaintiff suffered damages as a result of not being promoted in April 2015 to the Consumer/Investigative Reporter position.

If Plaintiff did not prove any one of these elements by a preponderance of the evidence your verdict must be for Defendant and you need not proceed further in considering this claim.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 11 (2018), Model Instruction No. 11.40 (as modified); *Torgeson v. City of Rochester*, 643 F.3d 1031, 1049 (8th Cir. 2011) (recognizing that the Eighth Circuit's "less qualified" standard, like that of other Circuits approved the Supreme Court, requires the Plaintiff to show she was significantly better qualified than the selected applicant) (citing *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457-58 (2006); *Karcher v. Emerson Elec. Co.*, 94 F.3d 502, 510 (8th Cir. 1996); *Lidge-Myrtil v. Deere & Co.*, 49 F.3d 1308, 1311 (8th Cir. 1995); *Pierce v. March*, 859 F.2d 601, 604 (8th Cir. 1988): *Floyd v. State of Missouri*, 188 F.3d 932, 937 (8th Cir. 1999) (involving federal and MHRA discrimination claims)

## QUESTION NO. ____

Do you find that Plaintiff proved, by a preponderance of the evidence, that her race was a motivating factor in Defendant's decision not to select Plaintiff for the Consumer/Investigative Reporter position in April 2015?

_____Yes     _____No

## QUESTION NO. ____

Do you find that Plaintiff proved by a preponderance of the evidence that Plaintiff would have been promoted to the Consumer/Investigative Reporter position in April 2015, but-for Plaintiff's race by proving each element set forth in Instruction No. ___?

_____Yes     _____No

## MAY 2015 TWO-DAY SUSPENSION

I will now instruct you concerning Plaintiff's claim for retaliation.  Plaintiff has the burden of proving, by a preponderance of the evidence, the following elements and if she does not meet that burden your verdict must be for Defendant on this count:

*First*, Plaintiff complained to Defendant that she was intentionally being discriminated against on the basis of race prior to engaging in the conduct for which she was suspended for two days;

*Second*, Plaintiff reasonably believed that she was being discriminated against on the basis of race at the time of her complaint at issue.  If you find that Plaintiff engaged in protected activity in an effort to avoid a previously contemplated adverse employment action by Defendant, then Plaintiff cannot establish retaliation.  Insubordinate employees may not insulate themselves from discipline just because they have engaged in protected activity before the employer takes action;

*Third,* Defendant suspended Plaintiff and the decision makers knew the content of Plaintiff's complaint as protected activity before they took the action;

*Fourth*, Plaintiff's two-day suspension might well dissuade a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination; and

*Fifth*, Defendant would not have suspended Plaintiff but for Plaintiff's complaint of intentional race discrimination.

If any of the above elements has not been proved, by a preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.


Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 10 (2018), Model Instruction No. 10.41 (as modified); *Univ. of Texas S.W. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013); *Hervery v. Cty. of Koochiching*, 527 F.3d 711, 723 (8th Cir. 2008) ("Insubordinate employees may not insulate themselves from discipline

by announcing an intention to claim discrimination just before the employer takes action."); *Robinson v. Potter*; 453 F.3d 990, 994 (8th Cir. 2006); *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) (*en banc*) ("Although contesting an unlawful employment practice is protected conduct, the anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the workplace.").

## QUESTION NO. _____

Do you find that Plaintiff proved, by a preponderance of the evidence, that Defendant suspended Plaintiff for two days in May 2015 intentionally in retaliation for engaging in protected activity by proving each element set forth above in instruction ____?

_____Yes        _____No

## QUESTION NO. _____

Do you find that Plaintiff proved, by a preponderance of the evidence, that engaging in protected activity was a motivating factor in Defendant's decision to suspended Plaintiff for two days in May 2015?

_____Yes        _____No

## MAY 2018 PAID SUSPENSION

I will now instruct you concerning Plaintiff's 2018 claim for retaliation relating to her paid suspension. Plaintiff has the burden of proving, by a preponderance of the evidence, the following elements and if she does not meet that burden your verdict must be for the Defendant on this count:

*First*, Plaintiff engaged in protected activity by filing a lawsuit against Defendant;

*Second*, Plaintiff reasonably believed that she was being discriminated against on the basis of race at the time of her lawsuit. If you find that Plaintiff engaged in protected activity in an effort to avoid discipline by Defendant, then Plaintiff cannot establish retaliation and you should answer no to this question. Insubordinate employees may not insulate themselves from discipline just because they have engaged in protected activity before the employer takes action;

*Third,* the persons making the decision to suspend Plaintiff with pay in May 2018 knew the content of Plaintiff's lawsuit as protected activity before they took the action;

*Fourth*, the paid suspension might well dissuade a reasonable worker in the same or similar circumstances from engaging in protected activity; and

*Fifth*, Defendant would not have suspended Plaintiff with pay but-for Plaintiff's lawsuit; and

*Sixth*, Plaintiff established damages due to her paid suspension that are not based on speculation.

If any of the above elements has not been proved, by a preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 10 (2018), Model Instruction No. 10.41 (as modified); *Univ. of Texas S.W. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013); *Hervery v. Cty. of Koochiching*, 527 F.3d 711, 723 (8th Cir. 2008) ("Insubordinate employees may not insulate themselves from discipline by announcing an intention to claim discrimination just before the employer takes action.");

*Robinson v. Potter*; 453 F.3d 990, 994 (8th Cir. 2006); *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) *(en banc)* ("Although contesting an unlawful employment practice is protected conduct, the anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the workplace.").

## QUESTION NO. ____

Do you find that Plaintiff proved, by a preponderance of the evidence that Defendant suspended Plaintiff's with pay in May 2018 intentionally in retaliation for filing this lawsuit in December 2016?

_____Yes      _____No

## JUNE 2018 CONTRACT NON-RENEWAL

I will now instruct you concerning Plaintiff's claim for retaliation. Plaintiff has the burden of proving, by a preponderance of the evidence, the following elements and if she does not meet that burden your verdict must be for the Defendant on this count:

*First*, Plaintiff engaged in protected activity by filing a lawsuit against Defendant;

*Second*, Plaintiff reasonably believed that she was being discriminated against on the basis of race at the time of her lawsuit. If you find that Plaintiff engaged in protected activity in an effort to avoid a previously contemplated adverse employment action by Defendant, then Plaintiff cannot establish retaliation. Insubordinate employees may not insulate themselves from discipline by announcing an intention to claim discrimination just before the employer takes action;

*Third,* the persons making the decision not to renew Plaintiff's contract knew the content of Plaintiff's lawsuit as protected activity before they took the action;

*Fourth*, the contract non-renewal might well dissuade a reasonable worker in the same or similar circumstances from engaging in protected activity; and

*Fifth*, Defendant would have renewed Plaintiff's contract in 2018 but for Plaintiff's lawsuit filed in December, 2016.

If any of the above elements has not been proved, by a preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

Defendant's Instruction No. ___
8th CIR. CIVIL JURY INSTR. § 10 (2018), Model Instruction No. 10.41 (as modified); *Univ. of Texas S.W. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013); *Hervery v. Cty. of Koochiching*, 527 F.3d 711, 723 (8th Cir. 2008) ("Insubordinate employees may not insulate themselves from discipline by announcing an intention to claim discrimination just before the employer takes action."); *Robinson v. Potter*; 453 F.3d 990, 994 (8th Cir. 2006); *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) (*en banc)* ("Although contesting an unlawful employment practice is

protected conduct, the anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the workplace.").

## QUESTION NO. ____

Do you find that Plaintiff proved, by a preponderance of the evidence that Defendant did not renew Plaintiff's contract in June 2018 intentionally in retaliation because she filed this lawsuit in December 2016?

_____Yes          _____No

**If you answered "no" to Question Nos. _____, STOP and have your foreperson sign and date this form because you have completed your deliberations on Plaintiff's claims.  If you answered "yes" to any of the Questions, please respond to Question No. ___.**

## QUESTION NO. ___

What sum of money, if any, do you find by a preponderance of the evidence would fairly and reasonably compensate Plaintiff for the damages, if any, you have found Defendant caused Plaintiff?  In your calculations do not include time periods, if any, where Plaintiff failed to mitigate her damages.  In calculating back pay and benefits, subtract any amount of earnings and benefits, if any, you find by a preponderance of the evidence that Plaintiff received in the interim or should have received by the exercise of ordinary diligence.  If you find that Plaintiff's damages have no monetary value, write in the nominal amount of One Dollar ($1.00).  Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages by way of punishment or through sympathy.  Please answer in dollars and cents, if any:

Back pay and benefits, if any:

_____

Emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, if any:

_____

Defendant's Instruction No. \_\_\_
8th CIR. CIVIL JURY INSTR. § 10 (2018), Model Instruction No. 10.80 (as modified) Model Instruction No. 5.70 (as modified)

## <u>CERTIFICATE</u>

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return the same into Court as our verdict.

(To be signed by the presiding juror if unanimous).

_____
FOREPERSON

_____
Printed Name of Foreperson

(To be signed by those rendering the verdict if not unanimous)

_____            _____

_____            _____

_____            _____

Dated: January 15, 2019                    Respectfully submitted,


By: _/s/ *M. Scott McIntyre*_____
M. Scott McIntyre (*pro hac vice*)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202
Telephone: (513) 852-2622
Facsimile: (513) 929-0303
Email: smcintyre@bakerlaw.com

Rachel M. Smith (*pro hac vice*)
Baker & Hostetler LLP
811 Main Street, Suite 1100
Houston, TX 77002-6111
Telephone: (713) 646-1386
Facsimile: (713) 751-1717
Email: rsmith@bakerlaw.com

Mark P. Johnson (MBN 30740)
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Telephone (816) 460-2400
Facsimile (816) 531-7545
Email: mark.johnson@dentons.com

*Attorneys for Defendant*
SCRIPPS MEDIA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, the foregoing was electronically filed via CM/ECF, effecting service on counsel of record, as follows:

Dennis E. Egan
The Popham Law Firm
712 Broadway, Suite 100
Kansas City, MO 64105
degan@pophamlaw.com

Martin M. Meyers
The Meyers Law Firm, LC
503 One Main Plaza
4435 Main Street
Kansas City, MO 64111

*Attorney for Plaintiff*

*/s/ M. Scott McIntyre*
*Attorney for Defendants*