IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LISA BENSON COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 17-00041-CV-W-BP |
| | ) | |
| SCRIPPS MEDIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUGGESTIONS IN OPPOSITON TO PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S RULING REGARDING RFP 42 IN DOCUMENT # 339**

COMES NOW, Defendant, Scripps Media, Inc. ("Defendant" or "Scripps") and responds to Plaintiff's Motion to Reconsider the Court's Ruling Regarding RFP 42 in Document #339 (the "Motion") as follows. [Dkt. No. 346]. Plaintiff has already in its possession, because Defendant has previously produced, the requested documents, but seems to have overlooked them, in an effort to recklessly allege that "substantive edits" may have been made and that there is "strong evidence of pretext." [Dkt. No. 346]. To make such allegations against Mr. David Giles, Defendant's Vice President, Deputy General Counsel and Chief Ethics Officer on a dubious and unsubstantiated theory, is simply beyond the pale—particularly, when the requested document has been previously produced, and apparently ignored by Plaintiff.

While there is no such requirement that Defendant do Plaintiff's job in putting together the sequence of events, when Plaintiff failed to make the proper inquiries or diligently review what has been previously produced, Defendant will do so nonetheless in efforts to put this issue to bed once and for all:

- On May 10, 2018 at 5:19PM, Mr. David Giles received Defendant's Trial Exhibit 1025 (SCRIPPS 5814) an email from its third party vendor, EthicsPoint entitled, New Case (#T-334)—

Discrimination or Harassment which included a live link to the hotline complaint relating to Plaintiff's May 9, 2018 Facebook post.  <u>*See* Defendant's Trial Exhibit 1025 (SCRIPPS 5814) attached hereto as Exhibit A</u>.

- When Mr. Giles clicked the live link in the email from EthicsPoint, the link took him to Defendant's Proposed Trial Exhibit 1025 (SCRIPPS 5816), which is a login page for EthicsPoint. <u>*See* SCRIPPS 5816, previously produced to Plaintiff, attached hereto as Exhibit B</u>.

- After receiving this email notice, Mr. Giles entered his user name and password through the NAVEX Global system, and was able to access and review the complaint referenced in the email received from EthicsPoint.  <u>*See* Exhibits A and B, attached hereto</u>.

- At 6:21PM, Mr. Giles advised Ms. Danyelle Wright, Defendant's Vice President, Employment and Labor Law, and Chief Diversity Officer and Ms. Candace Anderson, Defendant's Vice President, and Senior Human Resources Business Partner, of the ethics complaint he had received at 5:19PM.  <u>*See* Dkt. No. 346-1 and Defendant's Proposed Trial Exhibit 760 (Molloy 194-195/SCRIPPS 3713-3714), attached hereto as Exhibit C</u>.

- At 7:59AM, the next morning, Ms. Wright responded to Mr. Giles with a request that Mr. Giles, cut and paste the allegations.  (*Id*).

- Mr. Giles did so by logging back into Navex's Global online system, (where the complaint lived), cutting it directly from the online system, and pasting into an email that he sent back to Ms. Wright and Ms. Anderson at 8:10AM.  (*Id*). The EthicsPoint complaint did not live or exist outside of NAVEX's online system.

Plaintiff could have, but did not depose Mr. Giles or NAVEX during the discovery period, nor did it subpoena NAVEX for further clarification regarding how its online system for noticing its clients—here Defendant—of how complaints are received, noticed and maintained.  Thus, to

2

jump to an assumption of edits or altering without substantiation is inappropriate and does not warrant the requested relief nor does it support Plaintiff's pretext argument. Accordingly, Plaintiff's requested relief should be denied.

## CONCLUSION

That Plaintiff did not make the proper inquiries to glean this process is no fault of Defendant's and does not support pretext. Moreover, a simple review of Defendant's document production would show that Defendant has sufficiently responded to plaintiff's requests relating to the May 10, 2018 EthicsPoint Complaints. As such, Plaintiff's Motion should be denied in its entirety.

Dated: January 22, 2019

Respectfully submitted,

DENTONS US LLP

By: ___/s/ M. Scott McIntyre___

| | |
|---|---|
| M. Scott McIntyre (*pro hac vice*) | Mark P. Johnson    MBN 30740 |
| Email: smcintyre@bakerlaw.com | Kate E. Hart    MBN 61601 |
| Rachel M. Smith | |
| Email: rsmith@bakeralaw.com | |
| BAKER & HOSTETLER LLP | 4520 Main Street, Suite 1100 |
| 312 Walnut Street | Kansas City, Missouri 64111-7700 |
| Suite 3200 | 816-460-2400 - Telephone |
| Cincinnati, OH 45202-4074 | 816-531-7545 - Facsimile |
| Telephone: 513-929-3400 | mark.johnson@dentons.com |
| Facsimile: 513-929-0303 | kate.hart@dentons.com |

*Attorneys for Defendant*
SCRIPPS MEDIA, INC.

## CERTIFICATE OF SERVICE

3
Case 4:17-cv-00041-BP   Document 360   Filed 01/22/19   Page 3 of 4

I hereby certify that on January 22, 2019, the foregoing was electronically filed via CM/ECF, effecting service on counsel of record, as follows:

>Dennis E. Egan
>The Popham Law Firm
>712 Broadway, Suite 100
>Kansas City, MO 64105
>Telephone: (816) 221-2288
>Telecopier: (816) 221-3999
>degan@pophamlaw.com
>
>Martin M. Meyers
>The Meyers Law Firm, LC
>503 One Main Plaza
>4435 Main Street
>Kansas City, MO 64111
>
>*Attorneys For Plaintiff*

*/s/ M. Scott McIntyre*
*An Attorney for Defendant*
