# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| LISA BENSON COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 17-00041-CV-W-BP |
| | ) | |
| KSHB-TV 41, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF MARTIN M. MEYERS IN SUPPORT OF
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Martin M. Meyers, pursuant to 28 U.S. Code § 1746, states the following:

1. I was first admitted to practice before the Supreme Court of the State of Missouri in September, 1981. I am also admitted to practice before the Supreme Court of the State of Kansas, the Supreme Court of the United States, the United States Court of Appeals for the Eighth Circuit, the United States District Courts for the District of Kansas and the Western District of Missouri.

2. I graduated with distinction from the University of Missouri Kansas City School of Law in May, 1981. I have been engaged in the private practice of law since September, 1981.

3. Since I began practicing law, over ninety percent of my practice has been devoted to the preparation for trial and trial of civil litigation matters in state and federal courts. In June 1994 I was certified as a Civil Trial Advocate by the National Board of Trial Advocacy. I have extensive experience as a complex commercial and employment

1

litigator and trial attorney. I have successfully tried scores of cases to judges and juries in both state and federal courts. I have been named "Best of Bar" by the *Kansas City Business Journal* every year since its inception in 2002, with the exception of 2017. Likewise, I have been listed in Best Lawyers in America since 2003 and was named Lawyer of the Year in Employment Law – Plaintiff in 2015 and 2019. I am rated AV – the highest designation a lawyer can achieve from publisher Martindale Hubbell.

4. In support of Plaintiff's motion for attorneys' fees, I will address the seven (7) factors outlined in *Gilliland v. Missouri Athletic Club*, 273 S.W.3d 516 (Mo. banc 2009). These seven factors are a simplified restatement of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), that were listed with approval in *Hensley v. Eckerhart*, 461 U.S. 424, 430, 103 S. Ct. 1933, 1938, 76 L. Ed. 2d 40 (1983).[2]

## LODESTAR AMOUNT

*Factor 1:* ***Customary Rates Charged By Attorneys Involved in This Case and By Other Attorneys in the Community for Similar Services***

5. I am familiar with the plaintiff's attorneys' hourly rates in employment

---

[2] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d, at 717–719. These factors derive directly from the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2–106.

litigation matters. The prevailing local market rates for attorneys practicing employment litigation ranges from a low end of $200 per hour (for attorneys with little or no experience) to more than $600 per hour (for the most experienced trial lawyers). In order to achieve the intent of the legislature to eradicate discriminatory employment practices, it is essential that plaintiff's attorneys be encouraged to accept such cases on a contingent fee basis through an adequate and truly compensable award of statutory attorney's fees.

6. My hourly rate at the time of this submission is $600 per hour, which has increased from the rate of $475 per hour which was approved and used in determining the lodestar amount by the Hon. Sandra Midkiff in *Hurst v. Kansas City, Missouri School District*, Case No. 1116-CV2063 (Mo. Cir. Ct. June 3, 2013), the Hon. Dale Youngs in *Monaco v. Union Pacific Railway Company*, Case No. 1216-CV02342 (Mo. Cir. Ct. February 2, 2015), the Hon. James Journey in *McGhee v. Schreiber Foods, Inc.*, Case No. 10HE-CC00079 (Mo. Cir. Ct. June 3, 2015) and the Hon. Robert Schieber in *Hafiz v. Kansas City Missouri School District,* Case No. 1416-CV26860 (Mo. Cir. Ct. June 21, 2016). It has been necessary to increase my hourly rate so that it would continue to be in line with rates charged by similarly experienced defense firms for the same type of work in this metropolitan area.

7. The Meyers Law Firm charges $390 per hour for non-contingent, hourly work performed by Leonard A. Stephens; $375 per hour for non-contingent, hourly work performed by Heather Hardinger and $300 per hour for non-contingent, hourly work performed by Candice Johnson. Mr. Stephens began his employment with my law firm in

3

October 2011, shortly after becoming a licensed attorney. Ms. Hardinger and Ms. Johnson began their employment with my law firm in 2018. Ms. Hardinger graduated from law school in 2010 and has had extensive experience in employment law both as a judicial law clerk and in private practice. Ms. Johnson graduated from law school in 2016 and has practiced employment law almost exclusively since then.

8. Based on my experience in these types of cases and my knowledge of prevailing attorney's fees in the Kansas City legal community from both a plaintiff's and defense perspective, it is my opinion and belief that the rates charged for myself and the other attorneys in my firm are reasonable, and are within the range of prevailing rates in this area.

*Factor 2:* **Number of Hours Reasonably Expended**

9. The attorneys and professional support staff are instructed to keep detailed records of their daily time spent working on the firm's cases. Routine secretarial and clerical time is not recorded. An examination of The Meyers Law Firm's computer-generated billing records will reveal that all hours incurred by the attorneys were necessary, and all work on this case was accomplished in an efficient manner.

10. Because The Meyers Law Firm accepted this case on a contingency basis, we have no incentive to perform any work that may ultimately not be compensated. Accordingly, we have managed this case to maximize efficiency at every step. I was precluded from accepting other engagements and working on other matters during the time devoted exclusively to preparation for trial and the trial of this case.

4

11. The time records supporting The Meyers Law Firm's request have been reviewed by me, and I attest to their accuracy, and the necessity of the time spent on each task described.

*Factor 3:* ***The Nature and Character of the Services Rendered***

12. This Court, having practiced as a lawyer for many years, and having presided over numerous civil and criminal trials, is in the best position to judge the nature of the character of the services rendered. This Court is fully capable of assessing the nature and character of the services rendered "because it has the greatest exposure to, and therefore understanding of, the proceedings before it." *Delph v. Dr. Pepper Bottling Co. of Paragould*, 130 F.3d 349, 358 (8th Cir. 1997).

*Factor 4:* ***Degree of Professional Ability Required***

13. This factor overlaps with the preceding factor. Again, this Court can weigh this factor based on its years of experience in trying and presiding over a wide range of cases. Additionally, this factor can be weighed in light of the supportive Affidavits from highly-qualified colleagues.

*Factor 5:* ***Nature and Importance of the Subject Matter***

14. In *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40 (1983), the Supreme Court recognized that the purpose of § 1988 is to ensure "effective access to the judicial process" for persons with civil rights grievances and that accordingly, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." "All of these civil rights laws

5

[referred to in § 1988] depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688, 99 S. Ct. 1946, 1953, 60 L. Ed. 2d 560 n. 6 (1979).

*Factor 6:* **The Amount Involved or Results Obtained**

15. This factor overlaps with Factor 5 above: the public policies underlying the civil rights laws require a full and fair award of reasonable attorneys' fees, regardless of the amount involved. This is all the more true in this case because the monetary loses of Plaintiff would not have independently permitted the investment of resources necessary to vindicate Plaintiff's rights in this case.

16. Moreover, the value of the vindication that Plaintiff received against Defendant as a result of the jury's award cannot be overstated and similarly requires a full and fair award of reasonable attorneys' fees.

*Factor 7:* **The Vigor of the Opposition**

The Court is well-positioned to evaluate the vigor of the opposition. Defendant's trial counsel were experienced defense counsel who fought vigorously on its behalf. As pointed out in *Weitz Co. v. MH Washington*, 631 F.3d 510, 530 (8th Cir. 2011), "A party cannot litigate tenaciously and then be heard to complain about the time necessarily spent overcoming its vigorous defense." This factor weighs in favor of a fully compensatory fee for Plaintiff's counsel.

17. In accordance with the foregoing, I respectfully submit that the lodestar

amount sought by The Meyers Law Firm reflects attorneys' fees that were reasonably and necessarily incurred in the prosecution of this case.

18. I can also attest that it is inherently more risky to take employment discrimination matters on a contingent fee basis than other types of cases, such as personal injury cases, because it is extremely difficult to prove discriminatory intent in the absence of direct evidence, and direct evidence is rare. *See Holmes v. Kansas City Bd. of Police Comm'rs*, 364 S.W.3d 615, 629 (Mo. App. W.D. 2012) ("[D]irect evidence and a clear evidentiary trail of discriminatory intent [are] rare."). Therefore, the effort required to develop the circumstantial proof needed to prevail at trial often takes an extraordinary commitment of time and resources.

19. The Meyers Law Firm's billing statement reflects the extraordinary commitment it took for Plaintiff's counsel to assist in the successful prosecution of Plaintiff's claims. The Meyers Law Firm expended a total of $297, 482.88 in attorney and professional staff time, and will likely have to expend much more to defend the judgment. While that charge for legal services likely pales in comparison to what the defense firms billed their hourly-paying clients for similar work, The Meyers Law Firm is a firm with just four attorneys. While all of them rendered at least some assistance in this case, the firm's principal was almost exclusively occupied with this case since October 2018. As such, our firm devoted a substantial portion of its available resources to the prosecution of Plaintiff's claims.

20. As discussed in Factor 7, above, the Court is well-positioned to evaluate the

7

vigor of defense counsel. At the time I entered this case on a contingency fee basis, I was aware of the identity of Defendant's law firms and their reputation for tenaciously defending their clients in employment cases and, because of this, I was aware that "the necessary investment of time and resources likely would be substantial." *Zweig v. Metropolitan St. Louis Sewer Dist.*, 412 S.W.3d 223, 250 (Mo. banc 2013).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of February, 2019.

_____
MARTIN M. MEYERS

Ms. Lisa Benson Cooper

Kansas City, Missouri

February 25, 2019

In Reference To: Cooper v. Scripps Media, Inc.
Case No: 17-00041-CV-W-BP
Our File No: 3119

Invoice #  2282

Professional Services

| Date | Description | Hours | |
|---|---|---|---|
| 4/2/2018 | Telephone conference with Dennis Egan inquiring about my availability to assist at upcoming April 30 trial and providing background information. | 0.50 | MMM |
| 4/4/2018 | Telephone conference with Dennis Egan inquiring about whether my upcoming trial has been resolved so as to permit my participation. | 0.30 | MMM |
| 4/19/2018 | Receive and examine plaintiff's factual statement in opposition to defendant's motion for summary judgment as orientation to basic case facts. | 2.30 | MMM |
| 4/20/2018 | Meeting with Dennis Egan to prepare for pretrial conference; attend pretrial conference before Judge Phillips; prepare and file entry of appearance; obtain and begin review of case materials. | 3.40 | MMM |
| 4/21/2018 | Review pleadings and depositions in preparation for trial; telephone conferences with Dennis Egan regarding time limitations necessary to preserve trial date. | 6.20 | MMM |
| 4/22/2018 | Further review of pleadings, depositions and exhibits in preparation for trial. | 8.00 | MMM |
| 4/23/2018 | Multiple telephone conferences with Dennis Egan regarding followup issues to pretrial conference; receive and examine from Dennis Egan suggested letter to Court addressing time limitations for trial; make suggested revisions. | 1.10 | MMM |

|  |  | Hours |  |
|---|---|---|---|
| 4/24/2018 | Meeting with Dennis Egan regarding whether to move for continuance; to Popham for further trial preparation discussions; review and revise application for continuance. | 3.60 | MMM |
| 4/25/2018 | Telephone conference with Dennis Egan regarding trial plans and trial preparation; receive and examine orders from court on pretrial matters and continuing case to August 13. | 0.80 | MMM |
| 4/28/2018 | Continued review of case file materials. | 3.10 | MMM |
| 5/1/2018 | Receive and examine defendant's motion to strike objections to its voir dire questions. | 0.20 | MMM |
| 5/2/2018 | Receive and examine court's order on motion to strike. | 0.10 | MMM |
| 5/9/2018 | Receive and examine defendant's motion to reconsider in limine rulings. | 0.30 | MMM |
| 5/14/2018 | Telephone conference with Dennis Egan informing me of plaintiff's suspension and investigation. | 0.40 | MMM |
| 5/15/2018 | Receive and examine email from opposing counsel regarding suspension; email exchange with Dennis Egan regarding necessity of amending pleadings if defendant fires plaintiff. | 0.50 | MMM |
| 5/16/2018 | Receive and examine defendant's response to plaintiff's objections to defendant's voir dire questions and jury instructions; continue review of depositions and exhibits. | 5.30 | MMM |
| 5/18/2018 | Telephone conferences with Dennis Egan regarding investigation and interview of plaintiff. | 0.60 | MMM |
| 5/19/2018 | Continued review of depositions and exhibits to prepare for trial. | 4.90 | MMM |
| 6/1/2018 | Assemble focus group documentation in preparation for upcoming focus group; transmit same to Nicole Eaton. | 1.30 | MMM |
| 6/3/2018 | Emails with Dennis Egan regarding upcoming focus group. | 0.20 | MMM |
| 6/5/2018 | Telephone conference with Dennis Egan regarding focus group and response to motion for reconsideration; receive, review and revise suggestions in opposition to motion for reconsideration. | 1.70 | MMM |
| 6/6/2018 | Emails regarding preparation for focus group. | 0.20 | MMM |
| 6/8/2018 | Prepare for focus group. | 5.50 | MMM |

| Date | Description | Hours | |
|---|---|---|---|
| 6/9/2018 | Further prepare for, attend and present at focus group; observe deliberations. | 6.50 | MMM |
| 6/11/2018 | Telephone conference with Dennis Egan regarding focus group take aways and regarding preparation of trial exhibits and demonstratives; locate and transmit sample org chart / timeline to Dennis Egan for review; upload focus group videos to shared drive and disseminate to team. | 1.80 | MMM |
| 6/12/2018 | Telephone conference with Dennis Egan regarding upcoming meeting with defendant anticipating termination; meeting with client and Dennis Egan following termination meeting to discuss same, review termination letter and plan next steps. | 1.60 | MMM |
| 6/13/2018 | Telephone conference with Dennis Egan regarding amending pleading to include terminaton claim; receive and examine focus group written materials; receive and examine email from opposing counsel regarding termination. | 0.80 | MMM |
| 6/14/2018 | Review and revise motion to set hearing for proffers. | 0.10 | MMM |
| 6/15/2018 | Receive and examine email from Steve Wolfe regarding proffers hearing; telephone conference with Dennis Egan regarding same and regarding obtaining Molloy report. | 0.30 | MMM |
| 6/18/2018 | Telephone conference with Dennis Egan regarding proffer hearing. | 0.20 | MMM |
| 6/19/2018 | Multiple email exchange setting up conference call with counsel to discuss matters. | 0.20 | MMM |
| 6/20/2018 | Telephone conference with all counsel regarding proffer hearing; receive and examine defendant's motion for extension of time. | 0.70 | MMM |
| 6/21/2018 | Review and revise joint status report regarding pretrial hearing. | 0.20 | MMM |
| 6/26/2018 | Review videos of focus group deliberations and email Dennis Egan regarding potential themes in light of focus group discussions. | 1.60 | MMM |
| 6/27/2018 | Receive and examine order setting hearing on proffers. | 0.10 | MMM |
| 6/28/2018 | Receive and examine defendant's motion to stay case; telephone conferences with Dennis Egan regarding same. | 0.30 | MMM |

|  |  | Hours |  |
|---|---|---:|---|
| 6/29/2018 | Telephone conference with Dennis Egan regarding recent filing by defendants; telephone conference with Eric Krekel of Missouri Commission on Human Rights regarding time constrainsts on NRTS on new charge; email to Dennis Egan regarding same; legal research concerning need to further exhaust termination/retaliation claim; multiple emails with Court and opposing counsel regarding terms of possible amendment. | 3.10 | MMM |
| 7/2/2018 | Meeting with Dennis Egan to discuss strategy regarding amending complaint to include termination claim; telephone conference with Dennis Egan regarding briefing due July 6. | 1.20 | MMM |
| 7/3/2018 | Collect orders regarding non-retroactivity of SB43 on claims accruing before August 28, 2017. | 2.90 | MMM |
| 7/5/2018 | Prepare, review, revise and finalize brief on non-retroactivity of amendments to MHRA; prepare first draft of 30(b)(6) notice and transmit to Dennis Egan to review. | 5.20 | MMM |
| 7/9/2018 | Telephone conference with Dennis Egan regarding recent filings and status and further handling. | 0.20 | MMM |
| 7/13/2018 | Receive and examine defendant's reply suggestions in support of its motion to stay and continue. | 0.30 | MMM |
| 7/16/2018 | Telephone conference with Dennis Egan regarding recent defense filing; review same; compare proposed amended complaint to complaint on file. | 1.10 | MMM |
| 7/17/2018 | Emails between court and counsel regarding availability for trial in January and February; telephone conference with Dennis Egan regarding same. | 0.50 | MMM |
| 7/19/2018 | Emails and telephone conferences throughout day with Dennis Egan regarding dates for trial and pretrial. | 0.80 | MMM |
| 7/20/2018 | Telephone conference with Dennis Egan and email to court regarding meeting and confering with defense counsel regarding whether to postpone the August hearing set for offers of proof; email opposing counsel regarding saving August 8 date for Molloy deposition. | 0.50 | MMM |
| 7/24/2018 | Emails to and from Ann Molloy regarding setting deposition date. | 0.30 | MMM |
| 7/30/2018 | Emails confirming Ann Molloy deposition. | 0.20 | MMM |

| Date | Description | Hours | |
|---|---|---|---|
| 8/2/2018 | Telephone conference with Dennis Egan regarding status; email to opposing counsel regarding deposition of corporate representative. | 0.40 | MMM |
| 8/6/2018 | Prepare notice and subpoena for Ann Molloy deposition. | 1.10 | MMM |
| 8/7/2018 | Legal research regarding amending pleadings after deadline; legal research regarding splitting causes of action; discuss legal research with Mr. Meyers. | 4.00 | LAS |
| | Telephone conferences with Dennis Egan regarding motion to strike, Molloy deposition, 30b6 deposition and email from opposing counsel; email opposing counsel; legal research concerning issues raised by motion to strike. | 3.90 | MMM |
| 8/9/2018 | To Popham for meeting with Dennis Egan regarding pending motion to strike and preparing response to same. | 2.50 | MMM |
| 8/15/2018 | Receive and examine Molloy file in preparation for deposition. | 3.50 | MMM |
| 8/16/2018 | Continued preparation for Molloy deposition; telephone conference with Nicole Eaton regarding same. | 5.90 | MMM |
| 8/17/2018 | Prepare for and take deposition of Ann Molloy. | 10.00 | MMM |
| 8/18/2018 | Begin work responding to defendant's objections to 30(b)(6) deposition notice. | 1.50 | MMM |
| 8/20/2018 | Multiple telephone conferences with Dennis Egan regarding discovery issues. | 0.50 | MMM |
| 8/22/2018 | Multiple emails from Dennis Egan regarding recent publicity regarding plaintiff's termination. | 0.30 | MMM |
| 8/23/2018 | Conference call with defense counsel regarding working out issues relating to corporate representative notice; begin preparing documentation detailing areas of agreement. | 2.50 | MMM |
| 8/24/2018 | Finalize documentation regarding corporate representative notice; confer with Dennis Egan; forward documentation to defense counsel. | 1.50 | MMM |
| 8/29/2018 | Receive and examine email from opposing counsel regarding further discussion needed in connection with corporate representative notice. | 0.20 | MMM |
| 8/31/2018 | Telephone conference with Dennis Egan. | 0.30 | MMM |

|  |  | Hours |  |
|---|---|---|---|
| 9/5/2018 | Receive and examine correpsondence from opposing counsel regarding corporate representative notice; telephone conference with opposing counsel regarding same; prepare and transmit response. | 1.70 | MMM |
| 9/7/2018 | Telephone conference with Dennis Egan regarding issues related to corporate representative deposition. | 0.40 | MMM |
| 9/10/2018 | Receive and examine defendant's third letter regarding 30(b)(6) notice. | 0.20 | MMM |
| 9/11/2018 | Email opposing counsel regarding need for court intervention to resolve remaining issues on 30(b)(6) notice; email to court. | 0.40 | MMM |
| 9/12/2018 | Emails to set teleconference on discovery dispute. | 0.40 | MMM |
| 9/13/2018 | Prepare discovery summary for teleconference with court; transmit same to court and opposing counsel. | 1.10 | MMM |
| 9/14/2018 | Discovery teleconference with court regarding corporate representative notice; telephone conferences with Dennis Egan regarding same; calls throughout day with Dennis Egan regarding status and further handling. | 2.30 | MMM |
| 9/17/2018 | Email exchange with opposing counsel regarding cost of producing facebook accounts; telephone conferences with Dennis Egan regarding same. | 1.30 | MMM |
| 9/18/2018 | Receive and examine from opposing counsel email regarding facebook downloads; respond to same; telephone conference with Dennis Egan regarding same. | 0.70 | MMM |
| 9/24/2018 | Email opposing counsel requesting advance production of documents for 30(b)(6) deposition and requesting confirmation of Sept 27 deposition date. | 0.20 | MMM |
| 9/25/2018 | Receive and examine email from opposing counsel regarding 30(b)(6) documents. | 0.10 | MMM |
| 9/26/2018 | Prepare for 30(b)(6) deposition. | 2.80 | MMM |
| 9/27/2018 | Attend corporate representative depositions taken by Marty.  Research the social media of the deponents during the depositions, bring documents to Marty from the office, and pull exhibits. | 6.50 | HJH |
|  | Receive and examine voluminous electronic production from Rachel Smith; attempt to confirm hard copies will be produced at deposition and learn they will not; print down, reviw and organize documents for deposition; take | 11.00 | MMM |

|            |                                                                                                                                                                                                                                                                                                                     | Hours |     |
|------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------:|-----|
|            | depositions of two designated representatives; debrief with Dennis Egan following depositions.                                                                                                                                                                                                                      |       |     |
| 9/28/2018  | Review native electronic files of Defendant's employees Facebook files; further review of Chapline Twitter account for posts similar to Plaintiff's post.                                                                                                                                                           |  4.30 | MMM |
| 10/1/2018  | Telephone conferences with Dennis Egan regarding Biernat report.                                                                                                                                                                                                                                                    |  0.50 | MMM |
| 10/10/2018 | Receive and examine correspondence from attorneys for McMaster and Dubill; email exchange with attorneys in connection with upcoming depositions.                                                                                                                                                                   |  0.60 | MMM |
| 10/11/2018 | Telephone conference with Dennis Egan regarding request to postpone Winkler and Watt depositions; email exchanges throughout day with opposing counsel regarding same and regarding duces tecum requests; telephone conference with attorney for Dubill regarding her deposition; receive and examine document production from defendant. |  4.20 | MMM |
| 10/12/2018 | Telephone conference with attry for Dubill regarding her deposition and notice.                                                                                                                                                                                                                                     |  0.30 | MMM |
| 10/16/2018 | Prepare for deposition of Steven Watt; several telephone conferences and emails with Dennis Egan and staff regarding same.                                                                                                                                                                                          |  5.00 | MMM |
| 10/17/2018 | Deposition preparation; to Popham Law Firm for depositions of Winkler and Watt; attend Winkler deposition; take Watt deposition; conference with Dennis Egan planning additional discovery.                                                                                                                         | 12.00 | MMM |
| 10/22/2018 | Multiple emails with attorneys for McMaster and Dubill regarding scheduling and other issues with their clients' depositions.                                                                                                                                                                                       |  1.00 | MMM |
| 10/29/2018 | Review filings for court teleconference on October 30.                                                                                                                                                                                                                                                              |  0.60 | MMM |
| 11/12/2018 | Email from attorney for Mc Master regarding deposition document request.                                                                                                                                                                                                                                            |  0.10 | MMM |
| 11/14/2018 | Telephone conference with attorney for McMaster regarding document request issues and need for court resolution.                                                                                                                                                                                                    |  0.40 | MMM |
| 11/15/2018 | Email to court regarding additional issue to take up in discovery teleconference.                                                                                                                                                                                                                                   |  0.30 | MMM |

|            |                                                                                                                                                                                          | Hours       |
|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------------|
| 11/16/2018 | Discovery dispute teleconference with Court; follow up teleconferences with Dennis Egan regarding same and regarding upcoming depositions.                                               | 1.40 MMM    |
| 11/19/2018 | Attend deposition of Jessica McMaster; conference with opposing counsel regarding discovery issues.                                                                                       | 8.00 MMM    |
| 11/20/2018 | Preparation to take deposition of Christa Dubill.                                                                                                                                        | 6.20 MMM    |
| 11/21/2018 | Further prepare for and take depositilon of Christa Dubil; telephone conference with opposing counsel regarding discovery dispute.                                                        | 9.30 MMM    |
| 11/25/2018 | Work on Reply Suggestions in Support of Motion to Strick Defendant's Experts.                                                                                                             | 7.50 MMM    |
| 12/5/2018  | Meeting with client in preparation for deposition; telephone conferences with Dennis Egan regarding discovery issues; legal research concerning Commerce Bank Subpoena; review and revise discovery dispute subpoena. | 4.20 MMM    |
| 12/10/2018 | Meeting with client to prepare for deposition.                                                                                                                                           | 3.50 MMM    |
| 12/11/2018 | Meet with client in preparation for deposition; produce client; debrief with opposing counsel and client following deposition.                                                           | 10.00 MMM   |
| 12/22/2018 | Review discovery produced by defendant; emails to and telephone conference with Dennis Egan regarding same.                                                                              | 6.50 MMM    |
| 12/26/2018 | Review and respond to MM's email regarding working on motions in limine suggestions in opposition.                                                                                       | 0.03 HJH    |
|            | Telephone conference with Dennis Egan regarding status and further handling; review motions in limine filed by defendant; begin legal research concerning same.                           | 3.00 MMM    |
| 12/27/2018 | Review file and begin drafting suggestions in opposition to MIL No. 8.                                                                                                                   | 1.56 HJH    |
|            | Brief conversation with MM, look up MIL, brief review of MIL, and print copies for myself and CJ and Mr. Stephens.                                                                        | 0.17 HJH    |
|            | Meet with MM and CJ and Mr. Stephens to divide work.                                                                                                                                      | 0.33 HJH    |
|            | Plan of attach for motions in limine.                                                                                                                                                     | 1.00 HJH    |
|            | Prepare discovery documents for submission to court.                                                                                                                                      | 1.50 MMM    |

|  |  | Hours |  |
|---|---|---|---|
| 12/28/2018 | Whether a co-worker can be considered similarly situated if no one complained about their conduct which was the same conduct in which Plaintiff engaged (in response to Defendant's MIL No. 1) | 2.29 | CDJ |
|  | Drafted response to Defendant's MIL (No. 1) | 4.02 | CDJ |
|  | Research and draft motion in limine response to No. 8. | 6.00 | HJH |
|  | Attend offer of proof hearing before Judge Phillips; meeting at Popham to discuss and divide responses to defendant's motions in limine; return to office and begin work on same. | 6.00 | MMM |
| 12/29/2018 | Continued drafting response to Defendant's MIL No. 1 | 1.10 | CDJ |
|  | Continue to work on motion in limine response to No. 8. | 2.00 | HJH |
|  | Further work on motions in limine;additional legal research concerning same; several telephone conferences with Dennis Egan regarding same and regarding deposition designations; work on depostion designations. | 7.00 | MMM |
| 12/31/2018 | Further work on motions in limine; telephone conferences with Dennis Egan and outside consultant in preparation for focus group; email to opposing counsel regarding discovery dispute. | 4.60 | MMM |
| 1/2/2019 | Multiple telephone conferences with Dennis Egan regarding responses to defendant's motions in limine and in reference to motion relating to Monica Biernat; legal research concerning implicit bias. | 0.60 | MMM |
| 1/3/2019 | Further research on impliit bias; work on motion in limine response to tax return issues. | 1.60 | MMM |
| 1/4/2019 | Emails regarding non-response of defendants to inquiries regarding RFAs and RFPs. | 0.30 | MMM |
| 1/5/2019 | Prepare outline and documents for focus group. | 3.50 | MMM |
| 1/6/2019 | Further prepare for and present at focus group; disseminate findings to team. | 6.50 | MMM |
| 1/10/2019 | Telephone conference with Dennis Egan regarding voir dire, expert identification, discovery dispute and other matters; prepare discovery dispute summary for Court; review and annotate Chapline deposition counterdesignations and objections; review and comment on expert disclosure. | 4.80 | MMM |

|            |                                                                                                                                                                                                                  | Hours |     |
|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|-----|
| 1/13/2019  | Meeting with Dennis Egan client and staff to outline final trial preparation responsibilities.                                                                                                                   | 3.00  | MMM |
| 1/14/2019  | Work on jury instructions; prepare for and participate in discovery conference call with Court.                                                                                                                  | 3.30  | MMM |
| 1/15/2019  | Telephone conference with Denis Egan; review and revise jury instructions; receive and examine objections to voir dire file by defendant.                                                                        | 2.10  | MMM |
| 1/21/2019  | Review Biernat depositions; telephone conference with Dr. Biernat; continue review of documents and exhibits; load electronically; continued preparation and organization for trial.                             | 6.40  | MMM |
| 1/22/2019  | Telephone conferences with witnesses; continue mining depositions and exhibits for trial; send order of proof to opposing counsel; receive and examine Suggestions in Opposition to Motion to compel response to Request for production 42; draft reply. | 8.10  | MMM |
| 1/25/2019  | Trial preparation.                                                                                                                                                                                               | 4.50  | MMM |
| 1/26/2019  | Trial preparation; meet with Delmeko Jordan.                                                                                                                                                                     | 8.40  | MMM |
| 1/27/2019  | Trial preparation.                                                                                                                                                                                               | 4.20  | MMM |
| 1/28/2019  | Trial preparation; trial.                                                                                                                                                                                        | 18.50 | MMM |
| 1/29/2019  | Trial preparation; trial.                                                                                                                                                                                        | 16.50 | MMM |
| 1/30/2019  | Trial preparation; trial.                                                                                                                                                                                        | 13.80 | MMM |
| 1/31/2019  | Trial preparation; trial; debrief at Popham.                                                                                                                                                                     | 15.40 | MMM |
| 2/1/2019   | Research net worth of parent company case law and email to Leo.                                                                                                                                                  | 0.49  | HJH |
|            | Trial preparation; trial.                                                                                                                                                                                        | 14.00 | MMM |
| 2/2/2019   | Trial preparation; trial.                                                                                                                                                                                        | 5.50  | MMM |
| 2/3/2019   | Telephone conferences with Dennis Egan; meeting at Popham to prepare for week 2 of trial; trial preparation.                                                                                                     | 7.00  | MMM |
| 2/4/2019   | Trial preparation; trial; debrief at Popham.                                                                                                                                                                     | 15.00 | MMM |
| 2/5/2019   | Trial preparation; trial; debrief at Popham                                                                                                                                                                      | 14.00 | MMM |
| 2/6/2019   | Trial preparation; trial; debriefing at Popham.                                                                                                                                                                  | 16.50 | MMM |

Ms. Lisa Benson Cooper                                                                                          Page   11

|            |                                                                                                         | Hours  |     |
|------------|---------------------------------------------------------------------------------------------------------|--------|-----|
| 2/7/2019   | Trial preparation; trial.                                                                               | 15.00  | MMM |
| 2/8/2019   | Trial preparation; trial; await verdict.                                                                | 17.10  | MMM |
| 2/10/2019  | Telephone conference with Dennis Egan regarding issues relating to pleadings.                           | 0.20   | MMM |
| 2/11/2019  | Telephone conference with Dennis Egan regarding post trial motions.                                     | 0.50   | MMM |
| 2/22/2019  | Prepare affidavit in support of application for fees.                                                   | 1.50   | MMM |
| 2/24/2019  | Legal research concerning fee applications in connection with finalizing affidavit.                     | 1.90   | MMM |
| 2/25/2019  | Finalize affidavit; prepare motion for leave to use expert testimony in connction with application for front pay. | 2.60   | MMM |

        For professional services rendered        507.69  $297,482.88

        Additional Charges :

AAA Reporting Company - Deposition of Ann Molloy.        1,127.00

        Total additional charges        $1,127.00

        Total amount of this bill        $298,609.88

        Balance due        $298,609.88

Timekeeper Summary

| Name | Hours | Rate | |
|---|---|---|---|
| MMM  Martin M. Meyers | 478.20 | 600.00 | $286,920.00 |
| HJH  Heather Hardinger | 18.08 | 375.00 | $6,780.21 |
| CDJ  Candice D Johnson | 7.41 | 300.00 | $2,222.67 |
| LAS  Leonard A. Stephens | 4.00 | 390.00 | $1,560.00 |