IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LISA BENSON COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 17-00041-CV-W-BP |
| ) | |
| SCRIPPS MEDIA, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO REDACT TRIAL TRANSCRIPT**

Defendant's Motion to Redact significant portions of the trial transcript should be **DENIED.** First, it is untimely, per this Court's explicit notice entered 5/15/19 [Doc. 446] which orders a deadline of 5/22/19 to file a Notice of Intent to File Redaction of Transcripts. Second, and more importantly, defendant's Motion does not begin to overcome the "common law right of access to judicial records," which is subject to this strong rule: "Only the most compelling reasons can justify nondisclosure of judicial records." ***In re Neal***, 461 F. 3d 1048, 453 (8th Cir. 2006); see also ***Flynt v. Lombardi***, 885 F. 3d 508, 511-12 (8th Cir.2018); ***IDT Corp. v. Ebay***, 709 F. 3d 1220, 1222 (8th Cir. 2012); ***Webster Groves School Dist. v. Pulitzer Pub Co***., 898 F. 2d 1371, 1374 (8th Cir. 1990). Finally, in a related vein, this Court has already soundly exercised its discretion to **DENY** defendant's earlier-filed Motion to redact names of witnesses.[1]

Trial transcripts are quintessential exemplars of judicial records of court proceedings, concerning which the public is granted unfettered, immediate access. Each and every item which defendant news organization ironically seeks to cover up after-the-fact was placed in the public domain in official court records that have been available and open for nearly half a year. Plaintiff

---

[1] See Order Denying Motion to Redact Electronic Transcript [Doc. 289] filed 12/17/18,

1

submits that defendant cannot show "compelling reasons" to blot from the now intact public trial record, any of the information which plaintiff, as a journalist herself, risked much to assure received a full airing in a public trial. Relevant admitted evidence such as salary history for plaintiff and those awarded promotions she sought as part of her claim is a far cry from "trade secrets." Such salary evidence is a rather mundane and routine by-product of a promotion denial trial. The same can be said for non-sensitive, contextual evidence that many witnesses (including plaintiff) took routine leaves of absence, mostly for pregnancy.

*In re Neal*, supra, involved sealed portions of bankruptcy filings by former municipal court judge Deborah Neal. Neal filed a motion to seal the names of attorney creditors who had lent her money. 461 F. 3d at 1050-52. The bankruptcy court exercised its discretion by filing the list under seal − but after the non-party KC Star objected, the Eighth Circuit ultimately reversed. *In re Neal* cites *Nixon v. Warner Communications, Inc*., 435 U.S. 589 (1978), for the Supreme Court's recognition of the public's common-law "general right to inspect and copy public records and documents, including judicial records and documents." *In re Neal* at 1053, citing *Nixon* at 435 U.S. 597. Granted, the public right of access is "not absolute," but only "the most compelling reasons" can overcome it. (Id. at 1053):

> **"Although the court is given this supervisory power, only the most compelling reasons can justify nondisclosure of judicial records.** (Bold added)

Section 107 of the Bankruptcy Code also codifies a broad right of public to bankruptcy filings, subject only to limited exceptions. Id. at 1053.

Under common law right of access, the public presumptively is granted unfettered access to testimony and records admitted into evidence in a public civil trial. Only "the most compelling reasons can justify nondisclosure." Id. at 1053. After acknowledging that the bankruptcy court's decision was reviewable only for abuse of discretion, the Eighth Circuit nonetheless reversed,

2

holding that "Neal's creditor's list is not a governmental matter made confidential by statute or regulation….As such, the bankruptcy court abused its discretion in relying on Rule 9018 to seal the list of Neal's creditors." Id. at 1056. The same result should be obtained here.

      ***IDT Corp v. Ebay***, supra, unlike here, involves true "trade secret" concerns. Several technological entities had been involved in a series of patent disputes in which there had been "exchange of sensitive financial and technological information." 709 F. 3d at at 1221. Discovery took place under protective orders, and as trial approached in a previous controversy IDT and others filed an allegation of conspiracy to monopolize. "The only public record" of the conspiracy lawsuit "is a Civil Cover Sheet on file with the District Court." Id. The plaintiff submitted an unopposed motion to file the Complaint under seal because of the sensitive nature of the patent infringement actions. Id. at 1221-22. The district court granted the motion, the complaint was filed under seal and 3 weeks later the parties reached a settlement in all 3 cases. They filed a joint stipulation of dismissal.

      In ***IDT***, wholly unlike our case, virtually nothing had been disclosed in public. The district court dismissed the anti-trust suit with prejudice, and thereafter a public law center moved to intervene in the lawsuit to unseal the complaint. The Eighth Circuit acknowledged the common law right of public access to judicial records, including the general right "to inspect and copy public records and documents, including judicial records and documents," but again noted that the right to inspect "is not absolute." Id. at 1222. ***IDT*** cites ***Webster Groves School District***, supra, in which the Eighth Circuit applied the common law right of access to a civil proceeding.[2]

---

[2] ***IDT*** cites with approval a Second Circuit case, ***Lugosch v. Pyramid Co. of Onondaga***, 435 F. 3d 100 (2nd Cir. 2006). ***Lugosch*** is pertinent to our case, because the Second Circuit held that "documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches." 435 F. 3d at 126. Here we have public summary judgment filings as well.

3

Recall that in _**IDT**_, nothing had been made public, and an outside public law group came in after dismissal – seeking unsealing of documents, in the interest of "an open court system." Id. at 1223. The district court expressly had found that the sealed information covered trade secrets and other confidential research. Id. at 1223. There is no such "trade secret" characteristic inherent in run-of-the-mill salary information – despite defendant's creative arguments . Unlike Lisa Benson's situation, in _**IDT**_, "the court never adjudicated any aspect of the claims on the merits; its only action before APLC's intervention was to enter a stipulated dismissal based on a settlement." Id. at 1224. Thus, the public's interest in access was held to be "weak." Based on all those compelling reasons, the Eighth Circuit concluded the district court did not abuse its discretion in determining the potential harm in unsealing "confidential and competitively sensitive information" outweighed the APLC's "generalized interest in access to the Complaint." Id. at 1224.

Even then, the Eighth Circuit was troubled that the trial court sealed everything without exploring whether portions of the Complaint could be "amendable to public access without jeopardizing the confidentiality of sensitive information exchanged in the patent infringement litigation." Id. at 1224. For that reason, the Eighth Circuit vacated the district court's order denying the outside entity's motion to unseal the Complaint, and remanded for the district court "to assess whether redaction of confidential business information is practicable." Id. at 1225. The point is that, even though there was nothing in the public domain before a third-party with no connection to the litigation sought to "unseal" confidential trade secret information after dismissal, the Eighth Circuit still takes action to assure that right of access was given every possible consideration.

In *Flynt*, supra, this Court presided over litigation challenging Missouri's lethal injection protocols, under Eighth Amendment strictures. As in previously discussed cases, a third-party intervenor filed a motion to unseal certain judicial records, some of which would disclose the identity of providers of the drugs utilized. At issue was "the personal professional safety of one or more members of the execution team." 885 F. 3d at 511. The presumption of public access to judicial records was held to be overcome by such compelling reasons. Further, the compounding pharmacies whose identities were being sought had been "harassed and threatened" and subjected to "publicity and coercion." Id. at 512. This Court found that revealing licensure information to the public "would professionally harm and interfere with the privacy rights of M3 and M2, and likely would thwart the State's administration of the death penalty." Id. The Eighth Circuit understandably held that this Court did not abuse its discretion in tipping the balance in favor of the "execution members' rights to privacy and the State's right to carry out its executions." Id. This Court followed the *IDT* opinion by exercising its discretion to determine whether documents in question "could be unsealed but redacted to keep the sensitive identifying information confidential." Id. at 512. This Court conducted in camera review and ultimately determined that redaction would not be possible. Id.

A party seeking to remove from the record of a public trial evidence that it had a role in placing into that record should have a much harder burden than parties who are unrelated to the litigation, who seek to make public matters which theretofore had been not public. In other words, despite defendant's efforts to represent the unidentified non-objecting employees − including plaintiff − whose routine "salary information" and medical leave information has been made public, after evidence has been received at a public trial there is either no expectation of privacy, or any previous expectation of privacy has disappeared by the routine public disclosure.

5

In ***Cox Broadcasting Corp. v. Cohn***, 420 U.S. 469, 495 (1975) the Supreme Court held that the press could publish the name of a rape victim after the name had been "placed in the public domain on official court records." Salary and leave information similarly has been in the public domain in this case for nearly 6 months.

In ***Mann v. Boatright***, 477 F. 3d 1140 (10th Cir. 2007) (cited in ***IDT*** at 709 F. 3d 1222) a plaintiff who sought to seal records that already had been disclosed previously in public probate court proceedings was held not able to suppress. The trial court had denied the plaintiff's motion to place supposedly private information under seal and ***Mann*** recognized that the common law right of access to judicial records can be rebutted only if countervailing interests "heavily outweigh the public interest in access." 477 F. 3d at 1149. The Tenth Circuit affirmed the district judge's discretion, "noting that much of the information contained in Beverly's Complaint appears to have been disclosed previously in the public probate court proceedings, further undermining her privacy concerns." Id. The exact same can be said of the salary and medical leave information already publicly and routinely disclosed during this trial. The arguable privacy concerns defendant raises are not "compelling" enough to justify sealing the transcript of evidence long residing in the public domain.

In ***Security Nat'l Bank of Sioux City v. Abbott Labs***, 2014 WL 1260315 (N.D. Iowa, 2014), Judge Bennett redacted and sealed certain exhibits that the Judge found "contained trade secrets (or similarly confidential) information." Judge Bennett expressly found that "Abbott's business could be prejudiced if competitors were given access to Abbott's private documents." Not so here. The best defendants can muster is pure argument – without specific factual or legal support – that "salary information would likely qualify as economically valuable" to competitors (D's Sugg. In Support, p. 3). And defendant's pure argument for a "proprietary interest in its

6

employees' medical and personal information," (Id.), does not overcome the common law protection of **public court proceedings.** In fact, as this Court held in Doc. 289 (p.2): "[T]his is not a valid privacy interest – at least, it is not one that justifies sealing this Court's records and proceedings."

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Redact Trial Transcript should be **DENIED**.

Respectfully submitted,

**THE POPHAM LAW FIRM**

By:/s/ Dennis E. Egan
DENNIS E. EGAN - MO #27449
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
degan@pophamlaw.com

**THE MEYERS LAW FIRM, LC**
Martin M. Meyers – MO #29524
503 One Main Plaza
4435 Main St.
Kansas City, MO 64111
Telephone: (816) 444-8500
mmeyers@meyerslaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

       I hereby certify the foregoing was served this 13th day of June, 2019 by sending via email to the following counsel:

DENTONS US LLP
Mark P. Johnson, MBN 30740
Kate E. Hart, MBN 61601
4520 Main Street, Suite 1100
Kansas City, Missouri 64111-7700
Ph. :   (816) 460-2400
Fax :   (816) 531-7545
Email:  mark.johnson@dentons.com
         kate.hart@dentons.com

**KSHB-TV AND SCRIPPS MEDIA, INC.
ATTORNEYS FOR DEFENDANTS**

BAKER & HOSTETLER LLP
M. Scott McIntyre (*pro hac vice*)
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Ph.:    (513) 929-3400
Fax:    (513) 929-0303
Email : smcintyre@bakerlaw.com

Rachel M. Smith (*pro hac vice*)
811 Main Street, Suite 1100
Houston, TX 77002
Ph.:    (713) 646-1386
Fax:    (713) 751-1717
Email: rsmith@bakerlaw.com

           /s/ Dennis E. Egan
           Attorney for Plaintiff